# United States District Court
## NORTHERN DISTRICT OF CALIFORNIA

Barry Smith and Michael Wiggins, individually
and on behalf of all others similarly situated

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:

### V.

Wal-Mart Stores, Inc.

**TO:** (Name and address of defendant)

Wal-Mart Stores, Inc.
702 SW 8th St. MS # 0555
Bentonville AR 72716-0555

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Bailey Pinney PC
1498 SE Tech Center Place, Suite 290
Vancouver, WA  98683

an answer to the complaint which is herewith served upon you, within ᶜᵛᶜᵘ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Richard W. Wieking
CLERK

DATE_____

_____
(BY) DEPUTY CLERK

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

**I.(a) PLAINTIFFS**

Barry Smith and Michael Wiggins, individually and on behalf of all others similarly situated,

**DEFENDANTS**

Wal-Mart Stores, Inc., a Delaware Corporation

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

Contra Costa

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.   State of Delaware

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Bailey Pinney PC, 1498 SE Tech Center Place, Suite 290, Vancouver
WA, 98683

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF
(For diversity cases only)  AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [X] Original Proceeding
- [ ] Removed from State Court
- [ ] Remanded from Appellate Court
- [ ] Reinstated or Reopened
- [ ] Transferred from Another district (specify)
- [ ] Multidistrict Litigation
- [ ] Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 362 Personal Injury Med Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 365 Personal Injury Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault Libel & Slander / [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers Liability | [ ] 640 RR & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine / **PERSONAL PROPERTY** | [ ] 650 Airline Regs | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl Veterans) | [ ] 345 Marine Product Liability / [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / [ ] 371 Truth in Lending | [ ] 690 Other | **SOCIAL SECURITY** | [ ] 850 Securities/Commodities/Exchange |
| [ ] 160 Stockholders Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 380 Other Personal Property Damage | **LABOR** | [ ] 861 HIA (1395ff) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 862 Black Lung (923) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | | [ ] 720 Labor/Mgmt Relations | [ ] 863 DIWC/DIWW (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 196 Franchise | | [ ] 730 Labor/Mgmt Reporting & Disclosure Act | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 894 Energy Allocation Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting / [ ] 510 Motion to Vacate Sentence Habeas Corpus: | [X] 790 Other Labor Litigation | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 442 Employment / [ ] 530 General | [ ] 791 Empl.Ret. Inc. Security Act | [ ] 870 Taxes (US Plaintiff or Defendant | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing / [ ] 535 Death Penalty | | [ ] 871 IRS - Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 240 Torts to Land | [ ] 444 Welfare / [ ] 540 Mandamus & Other | | | [ ] 890 Other Statutory Actions |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights / [ ] 550 Civil Rights | | | |
| [ ] 290 All Other Real Property | [ ] 445 Amer w/ disab - Empl / [ ] 555 Prison Condition | | | |
| | [ ] 446 Amer w/ disab - Other | | | |
| | [ ] 480 Consumer Credit | | | |
| | [ ] 490 Cable/Satellite TV | | | |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

28 USC 1332; California Statutory Wage Violations, Late Pay and Overtime Claims; Breach of Contract; Conversion; Bus. Prof Code 17200

## VII. REQUESTED IN COMPLAINT:

[X] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $_____ [ ] CHECK YES only if demanded in complaint:
JURY DEMAND: [X] YES [ ] NO

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)    [X] SAN FRANCISCO/OAKLAND    [ ] SAN JOSE

DATE  3/16/05

SIGNATURE OF ATTORNEY OF RECORD

**A.E. "Bud" Bailey**, Pro Hac Vice (pending), OSB# 87157, WSB# 33917
**J.Dana Pinney,** Pro Hac Vice (pending), OSB # 75308, WSB # 33919
**Members of Bailey Pinney PC**
1498 SE Tech Center Place, Suite 290
Vancouver, Washington 98683
bbailey@wagelawyer.com
jdpinney@wagelawyer.com
Telephone: (360) 567-2551,Fax: (360) 567-3331

**Bonnie R. Mac Farlane**, CA Bar No. 161526
720 Howe Ave, Suite 113
Sacramento, CA 95825
bmacfarlane@wagelawyer.com
Telephone: (800) 230-5528, Fax: (800) 230-5866
Attorney for Plaintiffs Barry Smith and Michael Wiggins

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Barry Smith** and **Michael Wiggins,** individually, and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> **Wal-Mart Stores, Inc.,** a Delaware Corporation, and DOES One through Twenty-Five, inclusive, <br><br> Defendants. | Case No. <br><br> **CLASS ACTION COMPLAINT** <br><br> 1. STATUTORY WAGE VIOLATION (LATE PAY PENALTY); <br> 2. STATUTORY WAGE VIOLATION (FAILURE TO PAY OVERTIME); <br> 3. FAILURE TO PAY WAGES; <br> 4. BREACH OF CONTRACT; <br> 5. CONVERSION OF WAGES; <br> 6. UNLAWFUL BUSINESS PRACTICES PURSUANT TO BUSINESS AND PROFESSIONS CODE § 17200 et seq: <br><br> [28 U.S.C. § 1332 et seq.; Federal Rules of Civil Procedure, Rule 23; California Labor Code §§ 200, 201, 202, 203, 218, 218.5, 218.6, 227.3, 500, 510, 1194; California Civil Code §§ 1550, 3336, 3337 and 3294(a); California Industrial Wage Commission Wage Orders 4-2001, 7-2001; California Business and Professions Code § 17200, et seq.] <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiffs, Barry Smith and Michael Wiggins, individually, and on behalf of all others similarly situated, bring this class action complaint against Defendant, Wal-Mart Stores, Inc., ("Wal-Mart") and allege the following upon information and belief, except as to those allegations concerning Plaintiffs, which are alleged upon personal knowledge:

1

**NATURE OF THE ACTION**

2      1.      Plaintiffs, Barry Smith and Michael Wiggins, bring this class action to recover wages,

3  including overtime wages, "holiday pay", and "vacation pay"; penalty wages, liquidated damages, and

4  punitive damages, for all similarly situated former and current employees of Wal-Mart in the State of

5  California.

6      2.      Wal-Mart is a for-profit corporation that has grown to become the world's largest

7  retailer. Wal-Mart employs approximately 1.3 million workers in the United States, including

8  approximately 40,000 to 60,000 in the State of California.

9      3.      Wal-Mart's notoriety for mistreating its workforce includes the activity for which

10  Plaintiffs and those similarly situated complain.

11      4.      Having long-since abandoned its stated philosophy of "Buy American" in favor of

12  the easy profits available by oppressing a foreign workforce, Wal-Mart now fully embraces all manner

13  of self-serving, anti-employee tactics. Such tactics include the aggressive undermining of U.S.

14  manufacturing employees, by effectively forcing manufacturers to relocate to developing countries

15  where employees are not guaranteed the same rights as American workers. However, Wal-Mart has not

16  restricted its oppressive practices to the developing world.

17      5.      Wal-Mart's American workers are afforded little more than a subsistence living, while

18  being provided with few, if any, benefits. As a result, Wal-Mart employees are more likely to require

19  government assistance; state and local government coffers are expended to subsidize the unrivaled

20  success of Wal-Mart.

21      6.      Wal-Mart's lack of respect for the rights of American workers has been demonstrated

22  not only through its outsourcing of American jobs but also in company policies discouraging

23  employment longevity, denying employees' lunch and meal periods, and failing to pay a decent living

24  wage. Wal-Mart's profit-through-any-means approach to employee relations stands in stark contrast to

25  any system that values the protection of workers' rights.

26      7.      Wal-Mart's greed has also led it to willfully violate California law regarding the

27  payment of termination wages, as well as the payment of overtime, "holiday pay", and "vacation pay".

28  Because it's profitable, Wal-Mart withholds the payment of employees' final wages and fails to pay

1    overtime, "holiday pay", and "vacation pay" in violation of California law and in breach of contract.

2            8.     These willful violations can be devastating to Wal-Mart employees, who depend on

3    their meager paychecks to survive. Already living at or near the poverty line, terminated Wal-Mart

4    employees suddenly find themselves unemployed.  Even a minor delay of the payment of wages

5    compounds the employee's financial woes.   However these violations are an economic victory for

6    Wal-Mart. Thus, this conduct continues unabated. Considering the sheer size of Wal-Mart and its

7    encouraged high employee turnover rate, the withholding of wages creates a large profit for Wal-Mart,

8    especially in a state as vast as California.

9            9.     Wal-Mart's immoral and illegal profiteering at the expense of its employees and the

10   taxpayers, who support the social services Wal-Mart employees are forced to rely upon, can not be

11   tolerated. For this reason, Plaintiff and those similarly situated bring this petition.

12   <u>**PARTIES**</u>

13         10.     At all material times, Plaintiffs and others similarly situated are current and former

14   employees of the Defendant, in the State of California, and are subject to California wage and hour

15   provisions of California law.

16         11.     Defendant, at all material times herein, was doing business as "WAL-MART

17   STORES, INC." in the State of California.

18         12.     Plaintiff, Michael Wiggins, at all times relevant, resided in the County of Contra Costa

19   and Plaintiff Wiggins currently resides in Contra Costa County, California. Plaintiff, Barry Smith, at

20   all times relevant, resided in the County of Santa Clara and Plaintiff Smith currently resides in Santa

21   Clara County, California. Both Plaintiffs are citizens of the State of California.

22         13.     Defendant is a company organized and existing under the laws of the State of Delaware,

23   with its principal place of business in the State of Arkansas.

24         14.     Plaintiffs allege that Defendants Wal-Mart and DOES 1 through 25 acted together in

25   committing the violations of the California Labor Code, Industrial Welfare Commission ("IWC") wage

26   orders, and other laws and regulations alleged herein.

27         15.     Plaintiffs are informed and believe, and thereon allege, that at all relevant times herein

28   mentioned, each Defendant was the agent, representative, principal, servant, employee, partner, alter

Class Action Complaint

1    ego, joint venture, successor-in-interest, assistant, and/or consultant of each and every remaining

2    Defendant, and as such, was at all times acting within the course, scope, purpose and authority of said

3    agency, partnership and/or employment, and with the express or implied knowledge, permission,

4    authority, approval, ratification and consent of the remaining Defendants and each Defendant was

5    responsible for the acts alleged herein, were "employers" as set forth by California law, and all

6    Defendants herein were also negligent and reckless in the selection, hiring, and supervision of each and

7    every other Defendant as an agent, representative, principal, servant, employee, partner, alter ego, joint

8    venture, successor-in-interest, assistant, and/or consultant.

9    ## JURISDICTION AND VENUE

10       16.    This is a class action under 28 U.S.C. § 1332(d)(2) to recover late pay penalties, unpaid

11   wages, including overtime, "holiday pay" and "vacation pay" for current and former employees of

12   Defendant in California. Defendant owes unpaid wages of overtime, "holiday pay" and "vacation pay".

13   Defendant also made late payment of wages in violation of the California State Wage and Hour laws,

14   pursuant to the California Labor Code, IWC Wage Orders and all other applicable California state law.

15   The amount in controversy exceeds $5,000,000.00 exclusive of interest and costs.  The class will

16   exceed 100 members. Wal-Mart reportedly has 40,000 to 60,000 employees in California with at least

17   a 44 percent turnover rate.   Therefore, Plaintiffs are informed and thereon allege that the Wal-Mart

18   Late Pay Class would likely have 17,600 to 26,400 terminated employees per year, consecutively.  If

19   each Late Pay class member is owed at least minimum wage of $6.75 per hour with an average of a 10

20   day wait period for the last paycheck, each employee would be owed $540.00 late pay penalties, which

21   totals to $9,540,000.00 to $14,256,000.00 late pay damages for the Late Pay Class per year.

22   Additionally, amounts are sought under other claims for different classes.  Further, Plaintiffs are

23   diverse from Wal-Mart.

24       17.    Under 28 U.S.C. § 1391 (a) venue is proper in this court because this Court has

25   personal jurisdiction over Defendant which (1) conducts business in the State of California, including

26   the county of Alameda, (2) hires and maintains employees in the State of California, including the

27   county of Alameda, and (3) avails itself of the protection of the laws of the State of California.

28   /// /// ///

---

4                                                            Class Action Complaint

**INTRADISTRICT JURISDICTION**

18.     Pursuant to Civil Local Rules 3-2, assignment to the Oakland Division of the U.S. District Court for the Northern District of California is appropriate because Defendant has stores in the county of Alameda, as well as in other locations throughout the State of California.  Plaintiffs respectfully request assignment to the Oakland Division.

**CLASS ACTION ALLEGATIONS**

19.     Plaintiffs bring this action as a class action to recover statutory damages and monies due and owing for all similarly situated current and former employees of Defendant for Defendant's failure to timely pay wages and failure to pay overtime, "holiday pay" and "vacation pay".

20.     Plaintiffs prosecute this Complaint pursuant to Rule 23(a), (b)(1), and (b)(3) of the Federal Rules of Civil Procedure on behalf of a classes consisting of similarly situated current and former employees of Wal-Mart in California.  Common questions of fact and law exist as to all class members and predominate over any questions that affect only individual class members. The conduct at issue in this case affected Plaintiffs and all purported class members. Based on information and belief, the class members exceeds 100 persons, and that number will increase depending upon employee turnover.

21.     This is an action to recover monies for failure to timely pay wages. These wages were due to employees of Defendant upon termination of their employment. Pursuant to California law, Plaintiffs and all those similarly situated are entitled to the timely payment of final wages upon termination of employment.   Timely payment is dependent on the manner of termination.

22.     This is also an action to recover monies for failure to overtime, "holiday pay" and "vacation pay".

23.     When each Plaintiffs' employment ended they were owed wages which they did not receive, including overtime, "vacation pay"  and "holiday pay".

24.     When Plaintiffs, and other similarly situated employees, employments were terminated with Wal-Mart, Wal-Mart failed to make immediate payment of all wages when due as required by California law.  When an employee is terminated, his/her wages are due upon termination.  When an employee quits without notice, his/her wages are due within 72 hours, or when an employee quits with

1    at least 72 hours notice, his/her wages are due on his/her last day of work.

2        25.    Wal-Mart's actions in failing to pay all monies due and earned upon termination of

3    employment pursuant to California law, was/is willful.  Wal-Mart's refusal to pay overtime, "holiday

4    pay", and "vacation pay" was/is willful.

5        26.    Wal-Mart's decisions to delay payment of the final wages, and to fail to pay overtime,

6    "holiday pay" and "vacation pay"  to each Plaintiff and those similarly situated in pursuit of a large

7    cumulative profit is characteristic of Wal-Mart's greed-driven approach to employee relations.

8        27.    Because Wal-Mart failed to timely pay wages, failed to pay overtime, and failed to pay

9    "holiday pay" and "vacation pay" to Plaintiffs and others similarly situated, it breached its contract

10   with Plaintiffs and others similarly situated to timely pay wages. In so doing, Wal-Mart failed to pay

11   wages it owed to Plaintiffs and others similarly situated. Plaintiffs and others similarly situated are

12   owed wages and damages including but not limited to liquidated damages.

13       28.    Because Wal-Mart failed to timely pay wages, failed to pay overtime, and failed to pay

14   "holiday pay" and "vacation pay",  Wal-Mart committed the act of conversion over the property

15   (unpaid wages) of Plaintiffs and others similarly situated. In refusing to pay wages to Plaintiffs, as

16   alleged herein, Wal-Mart unlawfully and intentionally took and converted the property of the Plaintiffs

17   to its own use. At the time the conversion took place, Plaintiffs was entitled to immediate possession

18   of the amounts of wages payable. Wal-Mart's conversion was oppressive, malicious, and fraudulent.

19   In so doing, Wal-Mart owes Plaintiffs and others similarly situated the value of the property (unpaid

20   wages) at the time of the conversion, interest from that time, and fair compensation for the time and

21   money properly expended in pursuit of the property (unpaid wages) pursuant to California law,

22   including but not limited to California Civil Code §§3336 and 3337.  Plaintiffs seek all wages, interest,

23   and related sums wrongfully converted by Wal-Mart, and Plaintiffs seek exemplary damages pursuant

24   to California law, including but not limited to California Civil Code § 3294.

25       29.    Wal-Mart's actions, detailed herein, were part of a statewide and/or nationwide

26   corporate plan and scheme which affected all employees who worked for Wal-Mart. As a direct and

27   proximate result of Wal-Mart's illegal, company-wide plan, practice and scheme, the Plaintiffs and the

28   class members (1) were not timely paid wages, (2) were not paid overtime, (3) were not paid "holiday

Class Action Complaint

pay" and "vacation pay", and (4) were victimized by Wal-Mart's violation of California wage and hour laws and Wal-Mart's breach of contract and practices and policies set forth herein.

30.   **DEFINITION OF SUB-CLASSES** - Plaintiffs seek class certification to include, but not limited to, the following potential subclasses, pursuant to Rule 23(a), (b)(1), and (b)(3) of the Federal Rules of Civil Procedure.

A.   **LATE PAYMENT CLASS** - For Plaintiffs and all similarly situated employees whose employment with the Defendant ended within the applicable time period prior to the filing of this action up through and including the present date through adjudication, and who did not receive all wages when due as required by California law.

B.   **OVERTIME CLASS** – For Plaintiffs, and all similarly situated former and current employees, who worked for Wal-Mart over 8 hours per day, and/or over 12 hours per day, and/or over 40 hours per week, within the applicable time period prior to the filing of this action up through and including the present date through adjudication, and who did not receive overtime or "premium pay" as required by California law.

C.   **FAILURE TO PAY WAGES CLASS** – For Plaintiffs, and all similarly situated former and current employees, who work/worked for Wal-Mart, within the applicable time period prior to the filing of this action up through and including the present date through adjudication, and who were suffered and permitted to work for Wal-Mart and did not receive all of their wages as required by California law.

D.   **BREACH OF CONTRACT CLASS** -   For Plaintiffs, and all similarly situated former and current employees, who work/worked for Wal-Mart, within the applicable time period prior to the filing of this action up through and including the present date through adjudication, and who were promised, as a condition of employment, that Wal-Mart would pay wages including, overtime, "holiday pay and "vacation pay", and were promised that Wal-Mart would

timely pay wages at termination to Plaintiffs and similarly situated class members, and whose wages were not paid at termination pursuant to California law and who were not paid overtime, "holiday pay" and "vacation pay" as required by contract and California law.

E.   **CONVERSION CLASS** – Within three years prior to the filing of this action up through and including the present date through adjudication, for the Plaintiffs, and all similarly situated former and current employees, who work/worked for Wal-Mart, and whose wages including overtime, "holiday pay", "vacation pay", and "late pay" penalty wages were converted by Wal-Mart.

F.   **BUSINESS AND PROFESSIONS CLASS** – Within four years prior to the filing of this action up through and including the present date through adjudication, for the Plaintiffs, and all similarly situated former and current employees, who have not received/ are not receiving all of their wages, and who are owed monies for overtime, "holiday pay" and "vacation pay" and who are receiving late wages at termination and are owed "late pay" penalty wages.

31.   **NUMEROSITY** - Based on information and belief, the members of this class action complaint exceeds 100 persons. This number may increase, depending upon the turnover rate for employees over the applicable statutory period prior to the filing of this complaint.

32.   **QUESTIONS OF LAW AND FACT** - Common questions of fact and law exists as to all class and subclass members and predominate over any questions that affect only individual class members. The conduct at issue in this case affected all former and current Wal-Mart employees. Common questions include:

A.   Whether Plaintiffs and class members are subject to California State wage and hour statutes.

B.   Whether Wal-Mart failed to pay Plaintiffs and similarly situated class members all wages after termination of their employment when those wages were due.

/// /// ///

C.      Whether Wal-Mart entered into a contract with Plaintiffs and similarly situated class members whereby Wal-Mart promised to timely pay wages, overtime, "holiday pay", and "vacation pay" to Plaintiffs and similarly situated class members at the termination of employment.

D.      Whether Wal-Mart converted property (unpaid wages including overtime, "holiday pay", "vacation pay" and "late pay" penalty wages) of Plaintiffs and others similarly situated.

E.      Which remedies are available for Wal-Mart's violations of State wage and hour laws.

F.      Which remedies are available for breach of contract.

G.      Which remedies are available for conversion.

H.      What are the statute of limitations for each claim for relief, and does tolling of the statute of limitations apply to Plaintiffs' claims for the time, if any, spent on pursuing a claim with the California Department of Labor Standards and Enforcement.

33.     **TYPICALITY** - The claims of the named Plaintiffs are typical of the claims of the class members:

A.      Plaintiffs are a member of the class.

B.      Plaintiffs' claims stem from the same practice or course of conduct that forms the basis of the class.

C.      Plaintiffs' claims are based upon the same legal and remedial theories as those of the class and involve similar factual circumstances.

D.      There is no antagonism between the interests of the named Plaintiffs and absent class members.

E.      The injuries which Plaintiffs suffered are similar to the injuries which class members have suffered.

34.     **REPRESENTATION BY PLAINTIFF** - The named Plaintiffs will fairly and adequately represent the class members in that:

Class Action Complaint

A.    There is no conflict between their claim and those of other class and subclass members.

B.    Plaintiffs have retained counsel who are skilled and experienced in wage and hour cases and in class actions and who will vigorously prosecute this litigation.

C.    Plaintiffs' claims are typical of the claims of class members.

35.    **CERTIFICATION** - of Plaintiffs' claims is appropriate because:

A.    Common questions of law or fact predominate over questions affecting only individual members.

B.    The forum is convenient to the parties, class members, and potential witnesses; the class is specifically identifiable to facilitate provision of adequate notice; and there will be no significant problems managing this case as a class action.

C.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual class members have minimal interest in controlling the prosecution of separate actions.

## FACTS

36.    Plaintiff, Michael Wiggins worked for Wal-Mart approximately from April 1, 2004 to October 7, 2005 as an hourly employee. Technically, Mr. Wiggins was suspended on October 7th, and then he was officially terminated on October 21st. Yet, either way, Wal-Mart violated California law by not paying his final wages until November 11, 2004.   Mr. Wiggins was an hourly employee.

37.    During Plaintiff, Michael Wiggins' employment with Wal-Mart, Wal-Mart failed to pay overtime.  Wal-Mart would "shave off" time from his time cards whereby Mr. Wiggins was not paid for all of the hours he worked.  Also, When Mr. Wiggins worked a graveyard shift, Wal-Mart would count the hours worked before midnight as working one day, and all the hours worked after midnight as hours worked on another day, thereby denying Mr. Wiggins overtime pay.

38.    Plaintiff, Barry Smith worked for Wal-Mart approximately from September 22, 2003 to December 17, 2004 as a manager and exempt employee. Yet, Wal-Mart failed to pay his final wages until January 2, 2005. Mr. Smith was a manager who was paid on a salary basis.  As part of his employment contract with Wal-Mart, Wal-Mart promised to pay Mr. Smith "holiday pay" and

Class Action Complaint

"vacation pay" in addition to his salary.  However, Wal-Mart did not pay Mr. Smith his "holiday pay". Wal-Mart also failed to pay Mr. Smith accrued and vested "vacation pay".

## FIRST CLAIM FOR RELIEF

### (Late Payment of Wages:  Cal. Lab. Code § 203)

39.     Plaintiffs incorporate the allegations contained in paragraphs 1- 38 as though fully set forth herein.

40.     At all times material herein, Plaintiffs and others similarly situated were employed by Defendant.

41.     Within the applicable time period prior to the filing of this complaint, Defendant willfully failed to pay all wages to Plaintiffs, and other former employees, upon termination of their employment, when those wages when due, which entitles Plaintiffs, and other former employees to 30 days of penalty wages for each pay period when wages were not paid as required by California law, including but not limited to Cal. Lab. Code §§ 201, 202, and 203.

42.     Plaintiffs and similarly situated class members seek penalty wages for the applicable time period prior to filing of this complaint, plus costs, interest, disbursements and attorneys fees pursuant to California law, including but not limited to Cal. Lab. Code §§ 218.5 and 218.6.

## SECOND CLAIM FOR RELIEF

### (Failure to Pay Overtime:  Cal. Lab. Code § 500, 510, 1194)

43.     Plaintiffs incorporate the allegations contained in paragraphs 1- 42 as though fully set forth herein.

44.     At all times material herein, Plaintiffs and others similarly situated were employed by Defendant.

45.     Within the applicable time period prior to the filing of this complaint, Defendant willfully failed to pay overtime wages to Plaintiffs, and others similarly situated.  Wal-Mart allowed, suffered and permitted Plaintiff and others similarly situated to perform work in excess of the statutory maximum hours per day, and in excess of the maximum hours per week, for which they were not paid at premium rates of pay.  As a result, Plaintiff and others similarly situated are entitled to unpaid overtime wages pursuant to California law, including but not limited to Cal. Lab. Code §§ 500, 510

1   and 1194, and Plaintiffs, and others similarly situated are entitled to 30 days of penalty wages for each

2   pay period when wages were not paid as required by California law, including but not limited to Cal.

3   Lab. Code §§ 201, 202, and 203.

4        46.     Plaintiffs and others similarly situated  seek overtime wages and penalty wages for the

5   applicable time period prior to filing of this complaint, plus costs, interest, disbursements and attorneys

6   fees pursuant to California law, including but not limited to Cal. Lab. Code § 203 and 1194.

7                              **THIRD CLAIM FOR RELIEF**

8                                **(Breach of Contract)**

9        47.     Plaintiffs incorporate the allegations contained in paragraphs 1- 46 as though fully set

10   forth herein.

11        48.     At all times material herein, Plaintiffs and others similarly situated were employed by

12   Defendant.

13        49.     When Defendants hired Plaintiff and others similarly situated, Plaintiff agreed to work

14   for Wal-Mart and Wal-Mart agreed to pay wages in a timely manner, and failed to pay overtime

15   "holiday pay" and "vacation pay" and comply with California wage and hour law.   Plaintiff

16   satisfactorily performed work for the Defendants.  Defendants breached this agreement by failing to

17   timely pay wages and failed to pay overtime, "holiday pay", and "vacation pay" pursuant to California

18   law and pursuant to the terms of the parties contract.

19        50.     Within the applicable time period prior to the filing of this complaint up through and

20   including the present date through adjudication, Defendant failed to timely pay wages to Plaintiffs, and

21   others similarly situated which entitles Plaintiffs, and other former employees to damages for

22   Defendant's breach of contract as provided by applicable California law.  Plaintiffs and others

23   similarly situated seek unpaid wages including overtime, "holiday pay", "vacation pay", and penalty

24   wages for the applicable time period prior to filing of this complaint, plus costs, interest,

25   disbursements and attorneys fees pursuant to California law, including but not limited to Cal. Lab.

26   Code § 203, 218.5, 218.6, and 227.3.

27   /// /// ///

28   /// /// ///

Class Action Complaint

1

**THIRD CLAIM FOR RELIEF**

2

**(Conversion of Wages)**

3      51.     Plaintiffs incorporate the allegations contained in paragraphs 1- 50 as though fully set

4   forth herein.

5      52.     At all times material herein, Plaintiffs and others similarly situated were employed by

6   Defendant.

7      53.     Within three years prior to the filing of this complaint up through and including the

8   present date through adjudication, Wal-Mart failed to pay wages at the termination of employment to

9   Plaintiff and others similarly situated within the time periods required by California law, and Wal-Mart

10  owes monies to Plaintiff and others similarly situated for failing to pay wages within the time periods

11  required by California law.

12     54.     At the time Plaintiffs and the Class members left Wal-Mart's employ, wages were due

13  and owing and were to be paid within the time allowed by California Labor Code §§ 201, 202, and

14  203.  The unpaid wages and penalty wages became the property of Plaintiffs and others similarly

15  situated, and Plaintiffs and the others similarly situated had a right to possess their property. By failing

16  to pay earned wages and penalty wages to Plaintiffs and the others similarly situated when due,

17  Defendant wrongfully obtained and held the wages earned by Plaintiffs others similarly situated.

18     55.     Plaintiffs did not consent to Defendant's conversion of their monies and Plaintiffs were

19  harmed by Defendant's conversion of their monies.  Defendant's conversion of their monies was a

20  substantial factor in causing Plaintiffs' harm.

21     56.     Under the alleged circumstances, it would be inequitable for Defendant to continue to

22  retain the property of Plaintiffs and others similarly situated entitling both to the relief set forth below.

23     57.     As a result, those wages remain due and unpaid, and Plaintiffs and others similarly

24  situated are entitled to the value of the property (unpaid wages and penalty wages) at the time of the

25  conversion, interest from that time, and fair compensation for the time and money properly expended

26  in pursuit of the property (unpaid wages and penalty wages) pursuant to California Civil Code §§ 3336

27  and 3337, and Plaintiffs and others similarly situated are entitled to punitive damages pursuant to

28  California Civil Code § 3294, as well as all damages allowed under California Labor Code § 203.

**FOURTH CLAIM FOR RELIEF**

**(Failure to pay wages: Cal. Lab. Code § 218.)**

57.    Plaintiff incorporates the allegations contained in paragraphs 1- 56 as though fully set forth herein.

58.    At all times material herein, Plaintiff and others similarly situated were employed by Defendants.

59.    Within the applicable time period prior to the filing of this complaint, Defendant willfully failed to pay "holiday pay" and "vacation pay" wages to Plaintiffs, and other former employees. As a result, Plaintiffs and others similarly situated are entitled to unpaid "holiday pay" and "vacation pay" wages pursuant to California law, including but not limited to Cal. Lab. Code §§ 218 and Plaintiffs, and others similarly situated are entitled to 30 days of penalty wages for each pay period when wages were not paid as required by California law, including but not limited to Cal. Lab. Code §§ 201, 202, and 203.

60.    Plaintiffs and others similarly situated seek "holiday pay" and "vacation pay" wages and penalty wages for the applicable time period prior to filing of this complaint, plus costs, interest, disbursements and attorneys fees pursuant to California law, including but not limited to Cal. Lab. Code §§ 218, 218.5 and 218.6.

**FIFTH CLAIM FOR RELIEF**

**(Unfair Competition: Cal. Bus. & Prof. Code § 17200 et seq.)**

61.    Plaintiffs incorporate the allegations contained in paragraphs 1-60 as though fully set forth herein.

62.    At all times material herein, Plaintiffs and others similarly situated were employed by Defendant.

63.    Within four years prior to the filing of this complaint up through and including the present date through adjudication, Wal-Mart failed to comply with the Wage and Hour provisions of the State of California, as set forth herein.

64.    Wal-Mart's actions, including, but not limited to, its violations of California Law and California Labor Code, as set forth above, constitute a continuing and ongoing unfair and unlawful

Class Action Complaint

activity prohibited by California. Business and Professions Code § 17200, et seq., and justify restitution and/or injunctive relief. The unlawful business practices of Wal-Mart are likely to continue, mislead the public (that employees are being timely paid in accordance to the California Labor Code and are being paid "holiday pay" and "vacation pay" ), and shall present a continuing threat to the public, and unfair business practice of avoiding compliance with conditions of labor and wage obligations and expense. These violations constitute a threat and unfair business policy. The Plaintiffs have suffered injury in fact and has lost money or property as a result of such unfair competition. The Court is authorized to order restitution and/or an injunction as a remedy for any violations of Cal. Bus. & Prof. Code § 17200, et seq.  Wal-Mart violated California Labor Code statutes and failed to pay all wages due to Plaintiffs and those similarly situated.

65.     Wal-Mart has engaged in unfair business practices in California by utilizing the illegal employment practices outlined above, including, but not limited to, failing to compensate employees for sums due for labor, fees and penalties according to California Law. Wal-Mart's employment of such practices constitutes an unfair business practice, unfair competition, and provides an unfair advantage over Wal-Mart's competitors. Plaintiffs seek full restitution of said monies from Wal-Mart, as necessary and according to proof, to restore any and all monies withheld, acquired, or converted by Wal-Mart by means of the unfair practices complained of herein.

66.     Wal-Mart has engaged unlawful, deceptive, and unfair business practices prohibited by Cal. Bus. & Prof. Code § 17200, et seq., including those set forth in the paragraphs above, thereby depriving Plaintiffs and the public of the minimum working conditions and standards due them under California Labor Laws and IWC Wage Orders.

**Private Attorneys General Act of 2004:**     Pursuant to the Private Attorneys General Act of 2004, California Labor Code §§ 2698 et seq., Plaintiffs have given notice to Wal-mart and to California Labor and Workforce Development Agency of Defendants' violations of California Labor Code including but not limited to California Labor Code §§:  201, 202, 203, 218, 226, 227.3, 500, 510, and 1194.  After the notice period provided in California Labor Code §2699.3, Plaintiffs intend to amend their complaint to include civil penalties provided in California law, including but not limited to California Labor Code §§ 210, 226.3, 558 and 2699 et seq.

## PRAYER FOR RELIEF

**WHEREFORE**; PLAINTIFFS demand judgment against Wal-mart as follows:

1.  For all wages, including overtime, "holiday pay", and "vacation pay", and other related sums converted by Wal-mart;

2.  For any and all profits, whether direct or indirect, Wal-mart acquired by reason of its conversion, and for all remedies provided in California Civil Code §§3336 and 3337.

3.  Pursuant to California Business and Professions Code § 17203, that Wal-mart be preliminarily and permanently enjoined from failing to pay Plaintiffs, those similarly situated, and all current and former employees all wages due upon termination of employment within the time proscribed by law;

4.  Pursuant to California Business and Professions Code §17203 and the equitable powers of this Court, that WAL-MART be ordered to restore to Plaintiffs all funds acquired by means of any act or practice declared by this Court to be unlawful or fraudulent or to constitute unfair competition under Business and Professions Code §17200 et seq.;

5.  For restitutionary disgorgement of wages and related sums, penalty wages, attorneys' fees and all other remedies available pursuant to California Business & Professions Code § 17200, et seq.;

6.  For statutory penalty wages pursuant to California Labor Code sections, including but not limited to 203;

7.  For punitive and exemplary damages pursuant to California Civil Code § 3294.

8.  For costs and disbursements, pre-judgment and post-judgment interest in the amount of 10% per annum, liquidated damages, and attorney fees pursuant to California Labor Code §§ 218.5, 218.6, and 1194.

9.  For such further or alternative relief in favor of Plaintiffs and all others similarly situated as the Court deems appropriate.

/// /// ///

/// /// ///

/// /// ///

Class Action Complaint

1    **WHEREFORE;** Plaintiffs individually and on behalf of all others similarly situated request

2    the Court:  award such damages as set forth above; award Plaintiffs attorney fees, costs and expenses

3    of suit; order Defendant to pay pre-judgment and post-judgment interest on all amounts due to

4    Plaintiffs as a result of this action; and order such further or alternative relief in favor of Plaintiffs and

5    all class members as the Court deems appropriate.

6    Dated: March __16__ 2006          **Bailey Pinney PC**

7

8                                                      By

9                                                          Bonnie Mac Farlane
10                                                         Attorney for Plaintiffs
                                                           Barry Smith and Michael Wiggins

11                        **JURY TRIAL DEMAND**

12    Pursuant to F.R.Civ.P. 38(b) and Civ L.R. 3-6(a), Plaintiffs demand a jury trial for all issues so

13    triable.

14    Dated: March __16__, 2006          **Bailey Pinney PC**

15

16

17                                                      By
18                                                          Bonnie Mac Farlane
                                                           Attorney for Plaintiffs
19                                                         Barry Smith and Michael Wiggins

20                **Certification of Interested Entities or Persons**

21    Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named

22    parties, there is no such interest to report.

23    Dated: March __16__, 2006          **Bailey Pinney PC**

24

25

26                                                      By
27                                                          Bonnie Mac Farlane
                                                           Attorney for Plaintiffs
28                                                         Barry Smith and Michael Wiggins

---

                                    17                          Class Action Complaint

# BAILEY PINNEY PC

### Attorneys at Law
**1498 SE TECH CENTER PLACE, SUITE 290**
**VANCOUVER, WA 98683**

LAUREN WRIGHT
 TELEPHONE (360) 567-2551
 FACSIMILE  (360) 567-3331
 E-MAIL: Lauren@wagelawyer.com

March 17, 2006

Clerk of Court
United States District Court
Northern District of California-Oakland Branch
1301 Clay St., Ste. 400 S
Oakland, CA 94612-5212

> **Re:** ***Barry Smith and Michael Wiggins v. Wal-Mart Stores, Inc.***

Dear Clerk:

Enclosed for filing is Plaintiffs' original Complaint and Civil Cover Sheet.  I have included a check (#2850) in the amount of $250.00 for the cost of the filing fee.  Also enclosed for required signatures is an original federal Summons and two copies.  I have provided an additional copy of the Complaint.  Please conform this copy and return it along with the signed Summons in the enclosed stamped, self-addressed envelope.

After filing, please return the enclosed stamped, self-addressed notification card to our office, indicating the date of filing and the case number.

Thank you for your assistance.

Sincerely yours,

Lauren Wright

Lauren Wright

Enclosure