1 | LAFAYETTE & KUMAGAI LLP
GARY T. LAFAYETTE (State Bar No. 088666)
2 | SUSAN T. KUMAGAI (State Bar No. 127667)
G. MARTIN VELEZ (State Bar No. 168315)
3 | 100 Spear Street, Suite 600
San Francisco, California 94105
4 | Telephone:   (415) 357-4600
Facsimile:   (415) 357-4605
5

6 | Attorneys for Defendant
WAL-MART STORES, INC.

7 | UNITED STATES DISTRICT COURT

8 | NORTHERN DISTRICT OF CALIFORNIA

9

<div style="margin-left:3em; font-family:serif; writing-mode:vertical-rl;">
**LAFAYETTE & KUMAGAI LLP**
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605
</div>

10 | BARRY SMITH and MICHAEL WIGGINS, individually, and on behalf of all others similarly situated,

11

12 |                Plaintiff,

13 | vs.

14 | WAL-MART STORES, INC., a Delaware Corporation and DOES One through Twenty-Five, inclusive,

15

16 |                Defendants.

17

Case No. 06-02069 SBA

**DEFENDANT WAL-MART STORES INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

**Complaint Filed:  March 16, 2006**

18 |        Defendant WAL-MART STORES, INC. ("defendant") for itself and no other defendant,

19 | answers plaintiffs Barry Smith and Michael Wiggins' ("plaintiffs") First Amended Complaint

20 | (the "complaint") as follows:

21 | **I.        NATURE OF ACTION**

22 |        1.        Answering paragraph 1 of the complaint, defendant admits the material allegations

23 | contained therein.  Defendant denies plaintiffs are proper representatives of a putative class.

24 |        2.        Answering paragraph 2 of the complaint, defendant admits the material allegations

25 | contained therein.

26 |        3.        Answering paragraph 3 of the complaint, defendant denies the material allegations

27 | contained therein and specifically denies it mistreats employees.

28 |        4.        Answering paragraph 4 of the complaint, defendant denies the material

1

allegations contained therein.

5. Answering paragraph 5 of the complaint, defendant denies the material allegations contained therein.

6. Answering paragraph 6 of the complaint, defendant denies the material allegations contained therein and, specifically denies that Wal-Mart lacks respect for its employees and/or that its approach to employees is "profit-through-any-means."

7. Answering paragraph 7 of the complaint, defendant denies the material allegations contained therein.

8. Answering paragraph 8 of the complaint, defendant lacks sufficient information to form a believe as to the truth of the material allegations therein, and on that basis, denies them. Defendant specifically denies that Wal-Mart willfully violates or violated California law.

9. Answering paragraph 9 of the complaint, defendant denies the material allegations contained therein and specifically denies that its conduct was wrongful and/or that plaintiffs are proper representatives of a putative class.

## II.    PARTIES

10. Answering paragraph 10 of the complaint, defendant admits that plaintiffs are former employees of Wal-Mart in the State of California and were subject to the wage and hour provisions of California law.

11. Answering paragraph 11 of the complaint, defendant admits the material allegations therein.

12. Answering paragraph 12 of the complaint, defendant lacks sufficient information to form a belief as to the truth of the material allegations therein and, on that basis, denies them.

13. Answering paragraph 13 of the complaint, defendant admits the material allegations therein.

14. Answering paragraph 14 of the complaint, defendant admits that in this lawsuit plaintiffs allege that defendant and DOES 1 through 25 acted together in violating the Labor Code, IWC wage orders and other laws and regulations.  Except as so expressly admitted, defendant denies the material allegations contained therein.

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

DEFENDANT WAL-MART STORES INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT
Case No. C 06 02069 SBA

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

15.     Answering paragraph 15 of the complaint, defendant lacks sufficient information to form a belief as to the truth of the material allegations therein and, on that basis, denies them. Defendant specifically denies Wal-Mart ratified any wrongful act and/or that it acted in a negligent and/or reckless manner.

### III.     JURISDICTION AND VENUE

16.     Answering paragraph 16 of the complaint, defendant admits that plaintiffs seek to recover alleged late pay penalties and unpaid wages under California wage laws and that diversity exists.  Except as so expressly admitted, defendant denies the material allegations contained therein and specifically denies that plaintiffs are proper representatives of the putative class.

17.     Answering paragraph 17 of the complaint, defendant admits venue is proper.

### IV.     INTRADISTRICT JURISDICTION

18.     Answering paragraph 18 of the complaint, defendant admits assignment to the Oakland Division of the Court is proper.

### V.     CLASS ACTION ALLEGATIONS

19.     Answering paragraph 19 of the complaint, defendant admits that plaintiffs seek to recover damages and monies in this action.  Except as so expressly admitted, defendant denies the material allegations contained therein.

20.     Answering paragraph 20 of the complaint, defendant denies plaintiffs are proper representatives of the putative class and /or that common questions of fact and law predominate over questions that exists and affect only individual class members.

21.     Answering paragraph 21 of the complaint, defendant admits that plaintiffs seek recovery under California law.  Defendant denies that these claims form a proper basis for a Rule 23 class action or that plaintiffs are proper representatives of the putative class.

22.     Answering paragraph 22 of the complaint, defendant admits plaintiffs seek recovery for alleged violations of California wage laws.

23.     Answering paragraph 23 of the complaint, defendant lacks sufficient information to form a belief as to the truth of the material allegations therein and, on that basis, denies them.

24.     Answering paragraph 24 of the complaint, defendant asserts that to the extent the allegations contained therein constitute conclusions of law, no response by defendant is required. Otherwise, defendant lacks sufficient information to form a belief as to the truth of the material allegations therein and, on that basis, denies them.

25.     Answering paragraph 25 of the complaint, defendant asserts that to the extent the allegations contained therein constitute conclusions of law, no response by defendant is required. Otherwise, defendant lacks sufficient information to form a belief as to the truth of the material allegations therein and, on that basis, denies them.

26.     Answering paragraph 26 of the complaint, defendant denies the material allegations contained therein and specifically denies it willfully violated California's wage and hour laws.

27.     Answering paragraph 27 of the complaint, defendant denies the material allegations contained therein and specifically denies it willfully violated California's wage and hour laws.

28.     Answering paragraph 28 of the complaint, defendant denies the material allegations contained therein and specifically denies it willfully violated California's wage and hour laws.

29.     Answering paragraph 29 of the complaint, defendant denies the material allegations contained therein and specifically denies it willfully violated California's wage and hour laws.

30.     Answering paragraph 30 of the complaint, defendant denies the material allegations contained therein and specifically denies it willfully violated California's wage and hour laws.

31.     Answering paragraph 31 of the complaint, defendant admits that plaintiff is seeking class certification.  Defendant denies that these claims form a proper basis for a Rule 23 class action or that plaintiffs are proper representatives of the putative class.

32.     Answering paragraph 32 of the complaint, defendant denies that the class members are so numerous that joinder is impracticable.

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

DEFENDANT WAL-MART STORES INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT
Case No. C 06 02069 SBA

33. Answering paragraph 33 of the complaint, defendant denies that common questions of fact and law exists as to any putative class members and predominates over any questions that affect only individual class members including, but not limited to, questions identified in ¶¶ 33(A)-(J).

34. Answering paragraph 34 of the complaint, defendant denies the claims of the named plaintiffs are typical of the claims of any putative class members including, but not limited to, claims identified in ¶¶ 34(A)-(E).

35. Answering paragraph 35 of the complaint, defendant denies the named plaintiffs will fairly and adequately represent the class members.

36. Answering paragraph 36 of the complaint, defendant denies class certification is proper.

37. Answering paragraph 37 of the complaint, defendant lacks sufficient information to form a belief as to the truth of the material allegations therein and, on that basis, denies them.

38. Answering paragraph 38 of the complaint, defendant denies the material allegations contained therein.

39. Answering paragraph 39 of the complaint, defendant lacks sufficient information to form a belief as to the truth of the material allegations therein and, on that basis, denies them.

## FIRST CLAIM FOR RELIEF

### (Late Payment of Wages: California Labor Code § 203)

40. Answering paragraph 40 of the complaint, defendant incorporates its responses to allegations contained in paragraphs 1-39, as though fully set forth herein.

41. Answering paragraph 41 of the complaint, defendant admits plaintiffs were employed by defendant. Except as so expressly admitted, defendant denies plaintiffs are proper representatives for the putative class.

42. Answering paragraph 42 of the complaint, defendant denies the material allegations contained therein.

43. Answering paragraph 43 of the complaint, defendant admits plaintiffs seek recovery under California wage and hour laws. Defendant denies plaintiffs are proper

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

representatives for the putative class.

## SECOND CLAIM FOR RELIEF

### (Failure to Pay Overtime:  California Labor Code § 500, 510, 1194)

44.     Answering paragraph 44 of the complaint, defendant incorporates its responses to allegations contained in paragraph 1-43, as though fully set forth herein.

45.     Answering paragraph 45 of the complaint, defendant admits plaintiffs were employed by defendant.  Except as so expressly admitted, defendant denies plaintiffs are proper representatives for the putative class.

46.     Answering paragraph 46 of the complaint, defendant denies the material allegations contained therein.

47.     Answering paragraph 47 of the complaint, defendant admits plaintiffs seek recovery under California wage and hour laws.  Defendant denies plaintiffs are proper representatives for the purported putative class.

## THIRD CLAIM FOR RELIEF

### (Failure to Pay Wages:  California Labor Code § 218)

48.     Answering paragraph 48 of the complaint, defendant incorporates its responses to allegations contained in paragraph 1-47, as though fully set forth herein.

49.     Answering paragraph 49 of the complaint, defendant admits plaintiffs were employed by defendant.  Except as so expressly admitted, defendant denies plaintiffs are proper representatives for the putative class.

50.     Answering paragraph 50 of the complaint, defendant denies the material allegations contained therein.

51.     Answering paragraph 51 of the complaint, defendant admits plaintiffs seek recovery under California wage and hour laws.  Defendant denies plaintiffs are proper representatives for the purported putative class.

## FOURTH CLAIM FOR RELIEF

### (Breach of Contract)

52.     Answering paragraph 52 of the complaint, defendant incorporates its responses

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

DEFENDANT WAL-MART STORES INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT
Case No. C 06 02069 SBA

to allegations contained in paragraph 1-51, as though fully set forth herein.

53.     Answering paragraph 53 of the complaint, defendant admits plaintiffs were employed by defendant.  Except as so expressly admitted, defendant denies plaintiffs are proper representatives for the putative class.

54.     Answering paragraph 54 of the complaint, defendant admits it is required to comply with California's wage and hour laws.  Expect as so expressly admitted, defendant lacks sufficient information to form a belief as to the truth of the material allegations therein and, on that basis, denies them.

55.     Answering paragraph 55 of the complaint, defendant denies the material allegations contained therein.  Defendant specifically denies that an employment contract with plaintiffs existed and/or that plaintiffs were damaged in the manner alleged, or any manner whatsoever, as a result of defendant's conduct.

### FIFTH CLAIM FOR RELIEF

### (Failure to Provide Itemized Wage Statements:  California Labor Code § 226)

56.     Answering paragraph 56 of the complaint, defendant incorporates its responses to allegations contained in paragraph 1-55, as though fully set forth herein.

57.     Answering paragraph 57 of the complaint, defendant admits plaintiffs were employed by defendant.  Except as so expressly admitted, defendant denies plaintiffs are proper representatives for the putative class.

58.     Answering paragraph 58 of the complaint, defendant admits it is required to comply with California's wage and hour laws.

59.     Answering paragraph 59 of the complaint, defendant lacks sufficient information to form a belief as to the truth of the material allegations therein and, on that basis, denies them. Defendant specifically denies plaintiffs are proper representatives for the putative class.

60.     Answering paragraph 60 of the complaint, defendant admits plaintiffs seek recovery under California wage and hour laws.

//

//

DEFENDANT WAL-MART STORES INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT
Case No. C 06 02069 SBA

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

1

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

## SIXTH CLAIM FOR RELIEF

### (Conversion of Wages)

61.     Answering paragraph 61 of the complaint, defendant incorporates its responses to allegations contained in paragraph 1-60, as though fully set forth herein.

62.     Answering paragraph 62 of the complaint, defendant admits plaintiffs were employed by defendant.  Except as so expressly admitted, defendant denies plaintiffs are proper representatives for the putative class.

63.     Answering paragraph 63 of the complaint, defendant denies the material allegations contained therein.

64.     Answering paragraph 64 of the complaint, defendant asserts that to the extent the allegations contained therein constitute conclusions of law, no response by defendant is required. Otherwise, defendant lacks sufficient information to form a belief as to the truth of the material allegations therein and, on that basis, denies them.

65.     Answering paragraph 65 of the complaint, defendant denies it unlawfully converted monies and that plaintiffs were damaged as alleged or in any manner whatsoever as a result of conduct by defendant.

66.     Answering paragraph 66 of the complaint, defendant denies it unlawfully converted monies and that plaintiffs were damaged as alleged or in any manner whatsoever as a result of conduct by defendant.

67.     Answering paragraph 67 of the complaint, defendant denies it unlawfully converted monies and that plaintiffs were damaged as alleged or in any manner whatsoever as a result of conduct by defendant.

## SEVENTH CLAIM FOR RELIEF

### (Unfair Competition:  California Business and Professions Code ¶ 17200, et seq.)

68.     Answering paragraph 68 of the complaint, defendant incorporates its responses to allegations contained in paragraph 1-67, as though fully set forth herein.

69.     Answering paragraph 69 of the complaint, defendant admits plaintiffs were employed by defendant.  Except as so expressly admitted, defendant denies plaintiffs are proper

8

representatives for the putative class.

70.   Answering paragraph 70 of the complaint, defendant asserts that to the extent the allegations contained therein constitute conclusions of law, no response by defendant is required. Otherwise, defendant lacks sufficient information to form a belief as to the truth of the material allegations therein and, on that basis, denies them.

71.   Answering paragraph 71 of the complaint, defendant denies the material allegations contained therein.  Defendant specifically denies it maintains unlawful business practices and/or that plaintiffs were damaged in the manner alleged or any manner whatsoever as a result of conduct by defendant.

72.   Answering paragraph 72 of the complaint, defendant denies the material allegations contained therein.

73.   Answering paragraph 73 of the complaint, defendant denies the material allegations contained therein.  Defendant specifically denies plaintiffs were damaged in the manner alleged or any manner whatsoever as a result of conduct by defendant.

74.   <u>Private Attorneys General Act of 2004</u>:

Defendant lacks sufficient information to form a belief as to the truth of the material allegations therein and, on that basis, denies them.

**FIRST AFFIRMATIVE DEFENSE**

75.   As a first, separate and affirmative defense, defendant asserts that plaintiffs' complaint fails to state a claim upon which relief can be granted against this answering defendant.

**SECOND AFFIRMATIVE DEFENSE**

76.   As a second, separate and affirmative defense, defendant asserts that any damages sustained by plaintiffs were either wholly or in part negligently caused by plaintiffs' own actions, inactions, or delay in acting, and said negligence comparatively reduces the percentage of negligence, if any, by this answering defendant.

**THIRD AFFIRMATIVE DEFENSE**

77.   As a third, separate and affirmative defense, defendant asserts that the conduct

**LAFAYETTE & KUMAGAI LLP**
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

9

set forth in the complaint, if and to the extent it occurred, was privileged and justified and done with a good faith belief it was correct and no action may be taken against defendant on account of such conduct, if any.

## FOURTH AFFIRMATIVE DEFENSE

78.     As a fourth, separate and affirmative defense, defendant asserts that plaintiffs intentionally or negligently relinquished and waived any rights they may have had to institute an action for the alleged wrongdoings complained of in their complaint in that plaintiffs were a major contributing factor to the alleged losses of which they now complain.  Plaintiffs, by virtue of their participation in causing the alleged damages of which they now complain, have waived, and are estopped from asserting, any claim based on the consequences that flow from defendant's wrongdoing.

## FIFTH AFFIRMATIVE DEFENSE

79.     As a fifth, separate and affirmative defense, defendant asserts that the actions taken by defendant as alleged in the complaint were in good faith and, to the extent plaintiffs seek exemplary or punitive damages for any purported acts of the defendant, the complaint, and each cause of action alleged therein, fails to state facts sufficient to justify an award of punitive damages, and that the complaint and each cause of action alleged therein, fails to state sufficient and specific facts to support the underlying allegations of malice, oppression and/or reckless indifference.

## SIXTH AFFIRMATIVE DEFENSE

80.     As a sixth, separate and affirmative defense, defendant asserts that plaintiffs' purported claim based upon breach of contract is barred to the extent they failed to fulfill any contractual conditions precedent.

## SEVENTH AFFIRMATIVE DEFENSE

81.     As a seventh, separate and affirmative defense, defendant asserts that any and all alleged obligations under any alleged contract were released and discharged and ceased to exist upon plaintiffs' prior material breaches of said contract.

DEFENDANT WAL-MART STORES INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT
Case No. C 06 02069 SBA

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

## EIGHTH AFFIRMATIVE DEFENSE

82.      As an eighth, separate and affirmative defense, defendant asserts that the complaint and each cause of action contained therein is barred in whole or in part by the doctrines of release, accord and satisfaction, waiver or estoppel, ratification, acquiescence, settlement, consent, agreement and payment.

## NINTH AFFIRMATIVE DEFENSE

83.      As a ninth, separate and affirmative defense, defendant asserts that California Business and Professions Code §17200 is unconstitutionally vague in violation of defendant's rights of due process and equal protection under the United States Constitution and the California Constitution.

## TENTH AFFIRMATIVE DEFENSE

84.      As a tenth, separate and affirmative defense, defendant asserts that plaintiffs' claims are barred because plaintiffs lack standing to assert the claims.

## ELEVENTH AFFIRMATIVE DEFENSE

85.      As an eleventh, separate and affirmative defense, defendant asserts that plaintiffs' claim for punitive damages seeks a remedy that is unconstitutional in that, among other things, it is void for vagueness, violates of the equal protection clause, violates of the due process clause, is an undue burden on interstate commerce and violates of the Eighth Amendment proscription against excessive fines.

## TWELFTH AFFIRMATIVE DEFENSE

86.      As a twelfth, separate and affirmative defense, defendant asserts that plaintiffs are not proper representatives of the putative class for reasons including, but not limited to, that their wage claims are based on their individualized circumstances which are separate and distinct from the issues involving the putative class members.

## THIRTEENTH AFFIRMATIVE DEFENSE

87.      As a thirteenth, separate and affirmative defense, defendant asserts that the putative class cannot be certified under F.R.C.P. Rule 23 given the necessarily individualized nature of the claims, which predominate over common questions of law and fact.

11

**FOURTEENTH AFFIRMATIVE DEFENSE**

88.     As a fourteenth, separate and affirmative defense, defendant asserts that the alleged damages sustained by plaintiffs were caused by persons, firms, corporations, entities or organizations other than this answering defendant and, by reason thereof, defendant is not liable to plaintiffs for any alleged injuries, losses or damages.

**FIFTEENTH AFFIRMATIVE DEFENSE**

89.     As a fifteenth, separate and distinct affirmative defense, defendant asserts that the claims of the plaintiffs are barred by the doctrine of laches and/or acquiescence.

**SIXTEENTH AFFIRMATIVE DEFENSE**

90.     As a sixteenth, separate and distinct affirmative defense, defendant asserts that the claims of the plaintiffs are barred by the doctrine of unclean hands.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

91.     As a seventeenth, separate and distinct affirmative defense, defendant asserts that plaintiffs have failed to mitigate their damages, if any.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

92.     As an eighteenth, separate and distinct affirmative defense, defendant asserts that plaintiffs' claims are subsumed, in whole or in part, by California's wage payment statutes.

**NINETEENTH AFFIRMATIVE DEFENSE**

93.     As a nineteenth, separate and distinct affirmative defense, defendant asserts that plaintiffs failed to satisfy the prerequisites to a class action set forth in Rule 23 of the Federal Rules of Civil Procedure and cannot properly or adequately represent the interests of others.

**TWENTIETH AFFIRMATIVE DEFENSE**

94.     As a twentieth, separate and distinct affirmative defense, defendant asserts that the claims of the purported class members are barred due to the fact that they do not satisfy the prerequisites to a class action set forth in Rule 23 of the Federal Rules of Civil Procedure.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

95.     As a twenty-first, separate and distinct affirmative defense, defendant asserts it did not participate in, authorize, ratify or benefit from the wrongful acts asserted in the complaint.

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

### TWENTY-SECOND AFFIRMATIVE DEFENSE

96.    As a twenty-second, separate and distinct affirmative defense, defendant asserts that plaintiff's claims are subject to class action lawsuits currently pending before, and/or adjudicated by, the California courts, the California Labor and Workforce Development Agency and/or the California Division of Labor Standards Enforcement.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

97.    As a twenty-third, separate and distinct affirmative defense, defendant asserts that plaintiffs' claims are barred to the extent the California Labor and Workforce Development Agency conducts an investigation into, and issues citations regarding, the claims.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

98.    As a twenty-fourth, separate and distinct affirmative defense, defendant asserts that plaintiffs' claims are barred as there has been no wrongful taking or wrongful retention by defendant.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

99.    As a twenty-fifth, separate and distinct affirmative defense, defendant asserts that plaintiffs' claims in equity are barred because plaintiffs have an adequate remedy at law for their claims.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

100.    As a twenty-sixth, separate and distinct affirmative defense, defendant asserts that the complaint and claims alleged therein are barred by applicable state and federal statutes of limitation including, but not limited to, Labor Code §§ 201, et seq., 510, et seq., 1194; C.C.P. §§ 340(a), 337, 338, 339; B&P Code § 17208.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

101.    As a twenty-seventh, separate and affirmative defense, defendant asserts that this defendant is entitled to recover reasonable expenses, including attorneys' fees, from plaintiffs and their counsel and that plaintiffs' complaint, and each purported cause of action or count thereunder, is frivolous and was brought and maintained in bad faith and without reasonable cause, is totally and completely without merit, and was brought for the sole purpose of

13

1    harassing defendant.

2           WHEREFORE, this answering defendant prays:

3           1.      The plaintiffs take nothing by the complaint;

4           2.      That the complaint be dismissed with prejudice;

5           3.      That this answering defendant recover its costs of suit herein, including its

6    reasonable attorneys' fees; and

7           4.      The Court grant such other further relief as it may deem appropriate.

8

9    Dated:  May 11, 2006                        LAFAYETTE & KUMAGAI LLP

10

11                                            /s/ Susan T. Kumagai
                                             SUSAN T. KUMAGAI
12                                           Attorneys for Defendant
                                             WAL-MART STORES, INC.
13

14                          **CERTIFICATE OF SERVICE**

15

16           I certify that a copy of this document was served electronically on May 11, 2006, on
     counsel of record in compliance with Federal Rule 5, Local Rule 5.6 and General Order 45, by
17   use of the Court's ECF system.

18                                            /s/ SUSAN T. KUMAGAI

19

20   N:\Documents\WAL\SMITH\Pldg\answer.doc

21

22

23

24

25

26

27

28
                                                                                    14

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605