**A.E. "Bud" Bailey,** Pro Hac Vice, OR Bar No. 87157, WA Bar No. 33917
**J. Dana Pinney,** Pro Hac Vice, OR Bar No. 75308, WA Bar No. 33919
1498 SE Tech Center Place, Suite 290
Vancouver, Washington 98683
Telephone: (360) 567-2551, Fax: (360) 567-3331
BBailey@wagelawyer.com
JDPinney@wagelawyer.com

**Bonnie Mac Farlane,** Cal. Bar No. 161526
720 Howe Avenue, Suite 113
Sacramento, CA  95825
Telephone:  (800) 230-5528
Fax:  (800) 230-5866
BMacFarlane@wagelawyer.com

Attorney for Plaintiffs Barry Smith and Michael Wiggins

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Barry Smith** and **Michael Wiggins**, individually, and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>vs.<br><br>**Wal-Mart Stores, Inc.,** a Delaware Corporation and DOES One through Twenty-Five, inclusive,<br><br>                    Defendant. | Case No. 06-02069 SBA<br><br>**Plaintiffs' Opposition to Defendant's Motion for Administrative Relief from Case Management Schedule**<br><br>Amended Complaint Filed: April 19, 2006<br>CMC: September 7, 2006 |

Plaintiffs, Barry Smith and Michael Wiggins (hereinafter "Plaintiffs"), respectfully submit this Opposition to Wal-Mart Stores, Inc.'s (hereinafter "Wal-Mart") Motion for Administrative Relief from the Case Management Schedule.

## INTRODUCTION

Plaintiffs filed their First Amended Complaint in this action on April 19, 2006, citing Defendant's various violations of the California Labor Code.  Since the filing of the Amended Complaint, the case's proceedings have been continued, thus delaying the originally set Case

Plaintiffs' Opposition To Defendant's Motion For Administrative Relief From Case Management Schedule - Case No. 06-02069 SBA

1

Management Schedule. Further delay regarding the proceedings in this case would serve as an injustice to Plaintiffs. In addition, Defendant would not suffer any hardship by being required to participate in the already set Case Management Schedule. Defendant's motion should be denied.

## ARGUMENTS

### A. Plaintiffs Should Not Be Allowed To Suffer Further Delay.

Plaintiffs filed this action four months ago. As stated in the First Amended Complaint, Plaintiff, Barry Smith worked for Wal-Mart from September, 2003 to December, 2004. Plaintiff, Michael Wiggins worked for Wal-Mart from April, 2004 to October, 2005. Thus, in the *very* least, Plaintiffs have already gone a year without the pay they are due. The California Supreme Court in *Smith v. Superior Court*, 39 Cal.4th 77, 82 (2006), recently recognized that the public policy in favor of full and prompt payment of an employee's earned wages is fundamental and well established. Delay of payment or loss of wages results in deprivation of the necessities of life, suffering inability to meet just obligations to others, and, in many cases may make the wage-earner a charge upon the public. *Ibid*. California has long regarded the timely payment of employee wage claims as indispensable to the public welfare. *Smith* at 82. An employer who knows that wages are due, has ability to pay them, and still refuses to pay them, acts against good morals and fair dealing, and necessarily intentionally does an act which prejudices the rights of his employee. *Ibid*. Because the social needs of employees are so valued in California, the Court should closely scrutinize Defendant's reasons for delaying this case any further. The reasons for Wal-Mart's requested delay regarding the Case Management Schedule should be shown to be compelling rather than a mere inconvenience.

Due to unforseen circumstances regarding Plaintiffs' counsel, the original dates set in the Case Management Schedule had to be continued. Wal-Mart asks the court to delay further because of the possibility that this action and *Danton Ballard and Nathan Lyons v. Wal-Mart Stores, Inc.*, Action Number CV 06-3790 JSL JSJx (hereinafter "*Ballard*"), may be consolidated with this case. Wal-Mart has yet to file a motion for consolidation nor can Plaintiffs be assured Defendant will do so, or that the court will grant such a motion. Plaintiffs will suffer injustice if they are not allowed to move forward with their case because of the *possibility* of consolidation with the *Ballard* case.

Plaintiffs' Opposition To Defendant's Motion For Administrative Relief From Case Management Schedule - Case No. 06-02069 SBA

2

**B.   Wal-Mart Will Not Suffer Hardship If Required To Participate In The Already Set Case Management Schedule.**

Both Plaintiffs and Defendant are able to participate in the set Case Management Schedule at this time. The original Case Management Conference was set for July 20, 2006, thus Defendant should not suffer any hardship complying with the schedule at this present time. Also, Plaintiffs' counsel, Bud Bailey, will be out of the country on the proposed date for the case management conference of December 7, 2006.

Further, any information Plaintiff gathers at the Case Management Conference and other proceedings can only benefit both parties. Plaintiffs will share any gathered information with Ballard's counsel if the cases are in fact consolidated. Thus, Defendant will not have to make any duplicative efforts concerning the information provided at the Case Management Conference and other proceedings. Defendant's concerns are unfounded.

## CONCLUSION

For the foregoing reasons, Plaintiffs request that the Court deny Defendant's Motion for Administrative Relief from the Case Management Schedule.

Dated: August 18, 2006                    BAILEY PINNEY PC


_/s/ Bonnie R. MacFarlane_
BONNIE R. MAC FARLANE, Esquire
CA Bar No. 161526
(360) 567-2551
Attorneys for Plaintiffs

Plaintiffs' Opposition To Defendant's Motion For Administrative Relief From Case Management Schedule - Case No. 06-02069 SBA

3

## PROOF OF SERVICE

STATE OF WASHINGTON )
                                                    )ss
COUNTY OF CLARK            )

      I hereby certify that I am employed in the County of Clark, State of Washington. I am over the age of 18 and not a party to the withing action; my business address is 1498 SE Tech Center Place., Ste. 290, Vancouver WA 98683. That on August 18, 2006, I served a copy of the foregoing documents, described as: **Plaintiffs' Opposition to Defendant's Motion for Administrative Relief from Case Management Schedule** upon the following named individuals at the addresses as follows by placing a true and correct copy thereof addressed to:

George Martin Velez
Lafayette & Kumagai
100 Spear Street #600
San Francisco, CA 94015

by the following indicated method or methods:

[X]   by electronic mailing through the CM/ECF system, in accordance with Fed. R. Civ. P. 5(d), on the date set forth below.

      I declare that I am employed in the office of a member of the bar of this court at whose direction service was made.

      I hereby declare that the above statements are true to the best of my knowledge and belief and I understand it is made for use as evidence and is subject to penalty for perjury.

DATED: August 18, 2006

/s/ Bonnie R. MacFarlane
BONNIE R. MAC FARLANE, Esquire
CA Bar No. 161526
(360) 567-2551
Attorneys for Plaintiffs