1
2
3
4
5                          IN THE UNITED STATES DISTRICT COURT
6                        FOR THE NORTHERN DISTRICT OF CALIFORNIA
7
8    BARRY SMITH, ET AL.,                           No. C 06-2069 SBA
9              Plaintiffs,                          **ORDER**
10        v.                                        [Docket No. 13]
11   WAL-MART STORES, ET AL.,
12             Defendants.
                                                /
13
14        This matter is before the Court on Plaintiff's Motion to Strike Affirmative Defenses [Docket
15   No. 13].  Having read and considered the arguments presented by the parties in the papers submitted
16   to the Court, the Court finds this matter appropriate for resolution without a hearing.
17                                   **BACKGROUND**
18        Plaintiffs Barry Smith and Michael Wiggins and others similarly situated ("Plaintiffs") are
19   current and former employees of Wal-Mart Stores, Inc. ("Defendant"), in the State of California.
20   First Amended Complaint ("FAC") at ¶ 10.  Plaintiffs Barry Smith and Michael Wiggins are both
21   citizens of the State of California.  *Id.* at ¶ 12.
22        Defendant is a company organized and existing under the laws of the State of Delaware, with
23   its principal place of business in the State of Arkansas.  *Id.* at ¶ 13.
24        On March 30, 2006, Plaintiffs filed their original Complaint.
25        On April 17, 2006, Plaintiffs filed their First Amended Complaint.  The First Amended
26   Complaint is a class action with seven causes of action seeking relief for 1) late payment of wages,
27   pursuant to California Labor Code § 203; 2) failure to pay overtime, pursuant to California Labor
28   Code §§ 500, 510, 1194; 3) failure to pay "holiday pay" and "vacation pay" wages, pursuant to

*United States District Court*
*For the Northern District of California*

California Labor Code § 218; 4) breach of contract for failure to timely pay wages; failure to provide itemized wage statements; and failure to pay overtime, "holiday pay," and "vacation pay"; 5) failure to provide itemized wage statements, pursuant to California Labor Code § 226; 6) conversion of wages; 7) unfair and unlawful activity, pursuant to California Business and Professions Code § 17200, et seq.  FAC at ¶¶ 19, 42, 46, 50, 54, 58, 63-65, 71.

On May 11, 2006, Defendant filed its Answer to the First Amended Complaint.  Plaintiffs agreed to grant Defendant an extension of time in which to file its response.  Kumagai Decl. at ¶ 2; Velez Decl. at ¶ 2.  The parties did not file a stipulation regarding this extension, and there is a dispute, discussed below, as to the actual length of the extension.  *Id.*

On May 31, 2006, Plaintiffs filed the instant Motion to Strike Defendant's Affirmative Defenses ("Plaintiffs' Motion").  The Answer contains twenty seven affirmative defenses.  These are excerpted, in relevant part, below.

On August 18, 2006, Defendant filed its Response in Opposition to Plaintiffs' Motion to Strike Affirmative Defenses ("Opposition").

On August 29, 2006, Plaintiffs filed their Reply.

## LEGAL STANDARD

**A.      Rule 12(f)**

Under Federal Rule of Civil Procedure 12(f) the Court has the discretion to strike a pleading or portions thereof.  *Federal Sav. and Loan v. Gemini Management*, 921 F.2d 241, 243 (9th Cir.1990).  Rule 12(f) provides that a court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter."  Fed. R. Civ. P. 12(f).  "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.1993) (citing 5 Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1382, at 706-07 (1990)), *rev'd on other grounds*, 510 U.S. 517 (1994).  "'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.*

2

**United States District Court**
For the Northern District of California

A defense is ordinarily not held to be insufficient "unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense, and are inferable from the pleadings," *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991) (quotations omitted), or unless the defense fails to "give[] plaintiff fair notice of the defense." *Wyshak v. City National Bank*, 607 F.2d 824, 827 (9th Cir. 1979).

"[T]he function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Sidney-Vinson v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir.1983). "Rule 12(f) motions to strike are 'generally not granted unless it is clear that the matter sought to be stricken could have no possible bearing on the subject matter of the litigation.'" *White v. Hansen*, 2005 WL 1806367, at *14 (N.D. Cal. 2005) (Armstrong, J.) (citing *Rosales v. Citibank*, 133 F. Supp.2d 1177, 1179 (N.D. Cal. 2001)). "In addition, motions to strike are rarely granted in the absence of a showing of prejudice to the moving party." *Freeman v. Alta Bates Summit Med. Ctr. Campus*, 2004 U.S. Dist. LEXIS 21402, at *5 (N.D. Cal. 2004) (Armstrong, J.) (citing 61 Am. Jur. 2d Pleading § 505 (West 1999)). *See also Augustus v. Board of Public Instruction of Escambia County, Florida*, 306 F.2d 862, 868 (5th Cir. 1962) ("[W]hen there is no showing of prejudicial harm to the moving party, the courts generally are not willing to determine disputed and substantial questions of law upon a motion to strike."); 2-12 Moore's Federal Practice - Civil § 12.37 ("To prevail on this motion to strike, the movant must clearly show that the challenged matter has no bearing on the subject matter of the litigation and that its inclusion will prejudice the defendants.").

"Any doubt concerning the import of the allegations to be stricken weighs in favor of denying the motion to strike." *Freeman*, 2004 U.S. Dist. LEXIS 21402, at *5 (citation omitted). However, if a pleading is deficient, the Court may strike the pleading and require the non-moving party to submit an amended pleading which includes more specific allegations. *Townshend v. Rockwell Intern. Corp.*, 2000 WL 433505, *4 (N.D. Cal. 2000) (Armstrong, J.) (citing *Farlow v. Union Central Life Insurance Company*, 874 F.2d 791 (11th Cir.1989)). "A court granting a Rule

12(f) motion should generally grant leave to amend, unless the amendment would be futile."
*Freeman*, 2004 U.S. Dist. LEXIS 21402, at *6 (citing *Cates v. International Tel. & Tel. Corp.*, 756
F.2d 1161, 1180 (5th Cir. 1985)). *See also* 2-12 Moore's Federal Practice - Civil § 12.37 ("If a
motion to strike is granted, the court should ordinarily grant the defendant leave to amend so long as
there is no prejudice to the opposing party.")

## ANALYSIS

**A.      Timeliness of Defendant's Answer**

First, Plaintiffs argue that the Court should strike Defendant's Answer as untimely.  Mot. at
5.  Plaintiffs accurately state that Defendant filed its Answer on May 11, 2006, 44 days after service
of the Complaint, and 24 days after service of the First Amended Complaint. *Id.* Plaintiffs argue that
Defendant "had either 20 days from the date the Summons and Complaint [were] served or 10 days
from the date the First Amended Complaint was served, whichever is later, to file its Answer."  Mot.
at 2.

Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A), "a defendant shall serve an answer
within 20 days after being served with the summons and complaint."  Pursuant to Federal Rule of
Civil Procedure 15(a), "[a] party shall plead in response to an amended pleading within the time
remaining for response to the original pleading or within 10 days after service of the amended
pleading, whichever period may be the longer, unless the court otherwise orders."  Fed. R. Civ. P.
15(a).  Pursuant to Federal Rule of Civil Procedure 5(b)(2)(B), "service by mail is complete upon
mailing." *Kim v. Commandant*, 772 F.2d 521, 524 (9th cir. 1985) (quoting Fed. R. Civ. P.
5(b)(2)(B)).  Therefore, the First Amended Complaint was filed on April 17, 2006, the date on which
it was mailed to Defendant.  Mac Farlane Decl. ISO Mot., Ex. B.  Pursuant to Federal Rule of Civil
Procedure 6(e), "[w]henever a party must or may act within a prescribed period after service and
service is made [by mail], 3 days are added after the prescribed period would otherwise expire."

*United States District Court*
For the Northern District of California

4

Fed. R. Civ. P. 6(e).  Therefore, Defendant could file its Answer as late as May 1, 2006[1]—the later

of the two possible dates provided by Federal Rule of Civil Procedure 15(a).[2]

Defendant argues that the parties stipulated to an extension of time for Defendant's response

to the First Amended Complaint, but also argues that there is a dispute as to whether the extension

granted Defendant until May 8, 2006, or until May 11, 2006, to respond.  Kumagai Decl. at ¶¶ 2-3;

Velez at ¶ 2.  Plaintiffs argue that they had agreed to "not to oppose [Defendant's] late filing of a

response if the response would be filed by May 8, 2006."  Mac Farlane Decl. ISO Mot. at 2.

Defendant argues, pursuant to their agreement with Plaintiffs, that the Answer could be filed as late

as May 11, 2006.  Opp. at 2.

The Court encourages parties to meet and confer to agree to matters whenever possible, but

here, the parties failed to comply with the Local Rules pertaining to extensions of time for filing an

Answer.  Pursuant to Civil Local Rule 6-1(a), "[p]arties may stipulate in writing, without a Court

order, to extend the time within which to answer or otherwise respond to the complaint, . . . .  Such

stipulations shall be promptly filed pursuant to Civil L.R. 5."  Civ. L. R. 6-1(a).  The parties failed to

file a written stipulation pertaining to the extension of time in this case.  Given the facts that a) there

is no dispute that the parties did, in fact, agree to the delayed filing, b) the only dispute pertains to

the length of the extension to which the parties agreed, and c) the Court is inclined to allow

Defendant leave to re-file its Answer if the Answer were stricken, the Court DENIES IN PART

Plaintiffs' Motion to the extent that it argues that the Answer was untimely filed.

---

[1] Thirteen days—ten days plus three additional days because the method of service was mail, pursuant to Federal Rule of Civil Procedure 6(e)—from the date of service of the First Amended Complaint was Sunday, April 30, 2006.  Pursuant to Rule 6(a), "[t]he last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the office of the clerk of the district court inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days."  Fed. R. Civ. P. 6(a).  Therefore, the Answer would have been due the next day, May 1, 2006.

[2] The original Complaint was filed by personal service on March 28, 2006.  Mac Farlane Decl. ISO Mot., Ex. A.  An Answer to the original Complaint would have been due 20 days later, on April 17, 2006.  Fed. R. Civ. P. 12(a)(1)(A)

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

**B.       Motion to Strike Particular Affirmative Defenses**

Additionally, Plaintiffs move to strike Defendant's Second, Fifth, Sixth, Eighth, Eleventh, Twelfth, Thirteenth, Fifteenth, Sixteenth, Nineteenth, Twentieth, Twenty First, Twenty Third, Twenty Fourth, Twenty Sixth, and Twenty Seventh affirmative defenses.

As noted above, "motions to strike are rarely granted in the absence of a showing of prejudice to the moving party." *Freeman v. Alta Bates Summit Med. Ctr. Campus*, 2004 U.S. Dist. LEXIS 21402, *5 (N.D. Cal. 2004) (Armstrong, J.) (citing 61 Am. Jur. 2d Pleading § 505 (West 1999)). *See also Augustus v. Board of Public Instruction of Escambia County, Florida*, 306 F.2d 862, 868 (5th Cir. 1962) ("[W]hen there is no showing of prejudicial harm to the moving party, the courts generally are not willing to determine disputed and substantial questions of law upon a motion to strike."); 2-12 Moore's Federal Practice - Civil § 12.37 ("To prevail on this motion to strike, the movant must clearly show that the challenged matter . . . will prejudice the defendants."). Plaintiffs argue that if these affirmative defenses are not stricken from the Answer, Plaintiffs will suffer prejudice because they "will be forced to waste money and resources trying to discover facts supporting [Defendant's] affirmative defenses." Reply at 4. Given the realities of litigation that a significant part of the parties' resources are inevitably expended discovering facts supporting their opponents' claims, Plaintiffs' claim of prospective prejudice corresponds to the evils that Rule 12(f) is intended to avoid only to the extent that the Court concludes that the defenses are frivolous, legally deficient or otherwise inappropriate. *Sidney-Vinson v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir.1983) ("[T]he function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ."). Therefore, the Court examines Plaintiff's challenges to each Affirmative Defense.

**1.       Second Affirmative Defense**

Plaintiffs argue that Defendant's Second Affirmative Defense, involving comparative negligence, should be stricken because 1) Defendant "can not state any facts to support a defense of [comparative] negligence under applicable California law" and 2) Defendant "has not met the Fed.

United States District Court

For the Northern District of California

R. Civ. P. 8(a) requirement that an affirmative defense be set forth in a 'short and plain statement.'" Mot. at 7; Reply at 8. The Second Affirmative Defense states, in pertinent part, "any damages sustained by plaintiffs were either wholly or in part negligently caused by plaintiffs' own actions, inactions, or delay in acting, and said negligence comparatively reduces the percentage of negligence, if any, by this answering defendant." Answer at ¶ 76.

Plaintiffs argue that they "do not have any claims based on negligence," thus negating Defendant's ability to state any facts to support a defense of comparative negligence. Mot. at 7. Defendant argues, in response, that paragraph 15 of the First Amended Complaint alleges that "all Defendants herein were also negligent and reckless in the selection, hiring, and supervision of each and every other Defendant . . . ." Opp. at 11 (quoting FAC at ¶ 15). This allegation of negligence is incorporated by reference into each of Plaintiffs' seven claims for relief. FAC at ¶¶ 40, 44, 48, 52, 56, 61, 68. While the First Amended Complaint does not clearly specify the role that negligence will play in Plaintiffs' theory of the case, the First Amended Complaint appears to turn, in part, on allegations of negligence. Therefore, the Court finds unavailing Plaintiffs' argument that Defendant cannot state any facts to support a defense of comparative negligence because Plaintiffs "do not have any claims based on negligence." As noted above, "[a]ny doubt concerning the import of the allegations to be stricken weighs in favor of denying the motion to strike." *Freeman*, 2004 U.S. Dist. LEXIS 21402, at *5 (Armstrong, J.).

Further, the Court finds unavailing Plaintiffs' argument that Defendant has failed to set forth a "short and plain statement" of the affirmative defense and therefore has failed to satisfy the pleading requirement of Federal Rule of Civil Procedure 8. Reply at 8. "Affirmative defenses are pleadings and, therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure. Thus, defenses must set forth a 'short and plain statement,' Fed.R.Civ.P. 8(a), of the defense." *Heller Financial, Inc. v. Midwhey Power Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). *See also Woodfield v. Nationwide Mutual Ins. Co.*, 193 F.3d 354, 362 (5th Cir. 1999) ("An affirmative defense is subject to the same pleading requirements as is the complaint."). As noted

above, the Ninth Circuit has held that "[t]he key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak v. City National Bank*, 607 F.2d 824, 827 (9th Cir. 1979).  The Ninth Circuit has held that "fair notice" does not require that the party "plead all the elements of a prima facie case," *Wong v. United States*, 373 F.3d 952, 969 (9th Cir. 2004), unless the pleading falls under the category of fraud, mistake, or denial of conditions precedent, in which case Federal Rule of Civil Procedure 9 requires that the matter be pled with particularity.  *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002); Fed. R. Civ. P. 9.[3]  *See also* Charles Alan Wright and Arthur R. Miller, 5 FEDERAL PRACTICE AND PROCEDURE § 1274, at 455-56 (1990) ("An affirmative defense may be pleaded in general terms and will be held to be sufficient, and therefore invulnerable to a motion to strike, as long as it gives plaintiff fair notice of the nature of the defense.  The only exceptions are the defenses that fall within the special pleading provisions of Rule 9, especially Rule 9(b), which deals with fraud, mistake, and conditions of the mind.").  The Court finds that Defendant's Second Affirmative Defense, quoted above, gave Plaintiffs fair notice of the defense of comparative negligence.  The Fifth Circuit has held, "Under our very liberal rules of pleading, although a plea of contributory negligence must be affirmatively set forth, it need not be predicated upon extensive factual allegations.  A plea that simply states that complainant was guilty of contributory negligence, as in the case at bar, is sufficient." *American Motorists Ins. Co. v. Napoli*, 166 F.2d 24, 26 (5th Cir. 1948).  In *Woodfield*, the Fifth Circuit cited *American Motorists* approvingly for the proposition that "in some cases, merely pleading the name of the affirmative defense . . . may be sufficient." *Woodfield v. Nationwide Mutual Ins. Co.*, 193 F.3d 354 (5th Cir. 1999).  In the instant case, Defendant has gone well beyond pleading the name of the affirmative defense of comparative negligence, explaining that the defense applies to offset liability for any negligent acts that were committed by Defendant.

---

[3] Federal Rule of Civil Procedure 9 states, in pertinent part, "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. . . .  A denial of performance or occurrence shall be made specifically and with particularity." Fed. R. Civ. P. 9(b) & (c).

United States District Court

For the Northern District of California

Answer at ¶ 76.  The Court finds that this is sufficient to give Plaintiffs fair notice of the defense and DENIES IN PART Plaintiffs' Motion, insofar as it relates to this defense.

### 2.    Fifth and Eleventh Affirmative Defenses as Defenses against Potential Relief

Plaintiffs argue that Defendant's Fifth and Eleventh Affirmative Defenses should be stricken because Defendant's "[a]ssertions" in those defenses "that punitive damages are not recoverable or constitutional do not constitute affirmative defenses."  Reply at 6.

Defendant's Fifth Affirmative Defense states in pertinent part,

> [T]he actions taken by defendant as alleged in the complaint were in good faith, and to the extent plaintiffs seek exemplary or punitive damages for any purported acts of the defendant, the complaint, and each cause of action alleged therein, fails to state facts sufficient to justify an award of punitive damages, and . . . the complaint and each cause of action alleged therein, fails to state sufficient and specific facts to support the underlying allegations of malice, oppression and/or reckless indifference.

Answer at ¶ 79.

Defendant's Eleventh Affirmative Defense states in pertinent part,

> [P]laintiff's claim for punitive damages seeks a remedy that is unconstitutional in that, among other things, it is void for vagueness, violates . . . the equal protection clause, violates . . . the due process clause, is an undue burden on interstate commerce and violates . . . the Eighth Amendment proscription against excessive fines.

Answer at ¶ 85.

Plaintiffs argue, with citations to a cases from other district courts, that "legal arguments against potential relief are not affirmative defenses."  Mot. at 7.  There is no such limitation on affirmative defenses in the Ninth Circuit.  For example, the Ninth Circuit has held that defendants may, in the context of a Title VII case, "establish an affirmative defense to punitive damages liability when they have a bona fide policy against discrimination." *Passantino v. Johnson & Johnson Consumer Prods.*, 212 F.3d 493, 516 (9th Cir. 2000).  Further, in defining the term "immaterial" as a basis for a motion to strike, pursuant to Federal Rule of Civil Procedure 12(f), the Ninth Circuit specifically referred to claims for relief: "'Immaterial' matter is that which has no essential or important relationship to the *claim for relief* or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.1993) (citing 5 Charles A. Wright & Arthur R. Miller,

1    FEDERAL PRACTICE AND PROCEDURE § 1382, at 706-07 (1990)) (emphasis added), *rev'd on other*

2    *grounds*, 510 U.S. 517 (1994).  Thus, the Court finds that Plaintiffs' argument is unavailing;

3    Defendant may advance affirmative defenses regarding potential relief.  The Court DENIES IN

4    PART Plaintiffs' Motion, insofar as it relates to this defense.

5            **3.    Sixth Affirmative Defense**

6            Plaintiffs argue that Defendant's Sixth Affirmative Defense regarding Plaintiffs' alleged

7    "non-performance of conditions precedent" should be stricken, because it was not pleaded,

8    "specifically and with particularity," pursuant to Federal Rule of Civil Procedure 9(c).  Mot. at 7.

9            Defendant's Sixth Affirmative Defense states, in pertinent part, "[P]laintiffs' purported claim

10    based upon breach of contract is barred to the extent they failed to fulfill any contractual conditions

11    precedent."  Answer at ¶ 80.

12            Federal Rule of Civil Procedure 9(c) states, "In pleading the performance or occurrence of

13    conditions precedent, it is sufficient to aver generally that all conditions precedent have been

14    performed or have occurred. *A denial of performance or occurrence shall be made specifically and*

15    *with particularity*."  Fed. R. Civ. P. 9(c) (emphasis added).  Defendant's argument that a "general

16    statement" regarding condition precedent is "adequate" is unavailing, as Defendant's authority is

17    irrelevant.  Opp. at 8 (citing *Kiernan v. Zurich Cos.*, 150 F.3d 1120, 1123-24 (9th Cir. 1998)).

18    Defendant cites to a case involving the "loose" Rule 9 standard for pleading of *performance*—rather

19    than *denial*—of conditions precedent.  *Kiernan*, 150 F.3d at 1123-24.  While the Ninth Circuit has

20    not interpreted Rule 9(c)'s requirement that denial be pleaded "specifically and with particularity,"

21    the Seventh Circuit has interpreted this standard to hold that the pleading party must "specifically

22    allege" a particular condition precedent that has not been performed.  *Runnemede Owners, Inc. v.*

23    *Crest Mortg. Corp.*, 861 F.2d 1053, 1057-58 (7th Cir. 1988) ("[A] party who intends to controvert

24    the claimant's general allegation of performance is . . . given the burden of identifying those

25    conditions he believes are unfulfilled and wishes to put into issue.") (quoting Charles Alan Wright

26    and Arthur R. Miller, 5 FEDERAL PRACTICE AND PROCEDURE § 1304).  The Court finds that

27

28                                                        10

**United States District Court**
For the Northern District of California

Defendant has failed to satisfy the standards of Rule 9(c) with its general statement that Plaintiffs' claim is "barred to the extent they failed to fulfill any contractual conditions precedent."  Answer at ¶ 80.  This failure to comply with the specific pleading requirements of Rule 9 leaves Plaintiffs without "fair notice of the defense" and renders the Sixth Affirmative Defense procedurally insufficient.  *Wyshak v. City National Bank*, 607 F.2d 824, 827 (9th Cir. 1979).  Therefore, the Court GRANTS IN PART Plaintiffs' Motion, insofar as it pertains to the Sixth Affirmative Defense, and STRIKES the Sixth Affirmative Defense.  However, the Court GRANTS the Defendant LEAVE "to submit an amended pleading which includes more specific allegations," if it so chooses.  *Townshend v. Rockwell Intern. Corp.*, 2000 WL 533505, at *4 (N.D. Cal. 2000) (Armstrong, J.) (citing *Farlow v. Union Central Life Insurance Company*, 874 F.2d 791 (11th Cir.1989)).

**4.       Eighth Affirmative Defense**

Plaintiffs argue that Defendant's Eighth Affirmative Defense should be stricken because the "short plain statement" pleading requirement of Federal Rule of Civil Procedure 8 cannot be satisfied by "a single sentence listing ten separate legal doctrines."  Mot. at 7.

Defendant's Eighth Affirmative Defense states, in pertinent part, "the complaint and each cause of action contained therein is barred in whole or in part by the doctrines of release, accord and satisfaction, waiver or estoppel, ratification, acquiescence, settlement, consent, agreement and payment."  Answer at ¶ 82.

Plaintiffs cite to a couple of district court cases from other Circuits for the proposition that "stringing together a long list of affirmative defenses is not sufficient to satisfy Rule 8(a)'s short and plain statement requirement."  Mot. at 8 (quoting *Am. Top English v. Lexicon Mktg., Inc.*, 2004 U.S. Dist. LEXIS 23640 (N.D. Ill. 2004)).  Plaintiffs argue that they "can not fathom what [Defendant] means by such a laundry list and are not on notice to Defendant's assertions in its [Eighth] Affirmative Defense."  *Id.*  Plaintiffs explain, by way of example, that "[i]t is not possible for Plaintiffs to respond to a defense such as estoppel without more facts.  There are various types of estoppel that exist in the law today."  Reply at 7.  In response, Defendant argues "that its assertion of

11

**United States District Court**

For the Northern District of California

the well-established doctrines of release, accord and satisfaction, waiver or estoppel, ratification, acquiescence, settlement, consent, agreement or payment is sufficiently straightforward to apprise Plaintiffs of the nature of the defenses asserted." Opp. at 9.

The Fifth Circuit addressed a similar issue in *Woodfield*, where it held that the following "boilerplate defensive pleading" was procedurally insufficient: "The claims, demands and causes of action asserted by Wilson Scott, Lane Trucking Company, Inc. and Planet Insurance Company are barred, or alternatively, reduced, by the doctrines of accord and satisfaction, transaction and compromise, waiver and/or release." *Woodfield v. Bowman*, 193 F.3d 354, 361 (5th Cir. 1999). The Fifth Circuit explained, as follows:

> An affirmative defense is subject to the same pleading requirements as is the complaint. Even though the aim of the relaxed notice pleading standards of Federal Rule of Civil Procedure 8 is to prevent parties from being defaulted for committing technical errors, a defendant nevertheless must plead an affirmative defense with enough specificity or factual particularity to give the plaintiff "fair notice" of the defense that is being advanced. We acknowledge that in some cases, merely pleading the name of the affirmative defense—as [the defendant] contends it did—may be sufficient. In the instant case, however, [the defendant's] baldly "naming" the broad affirmative defenses of "accord and satisfaction" and "waiver and/or release" falls well short of the minimum particulars needed to identify the affirmative defense in question and thus notify [the third-party plaintiff] of [the defendant's] intention to rely on the specific, contractual defense of requiring the [plaintiffs] to obtain the insurer's consent before settling with [the third-party plaintiff].

*Id.* at 362.

Although the Ninth Circuit has not addressed a defense like Defendant's Eighth Affirmative Defense, the Ninth Circuit does require, like the Fifth Circuit in *Woodfield*, that the Answer provide Plaintiffs with "fair notice of the defense" in order to be procedurally sufficient. *Wyshak v. City National Bank*, 607 F.2d 824, 827 (9th Cir. 1979). In the instant case, the Court, like the Fifth Circuit in *Woodfield*, finds that the Eighth Affirmative Defense fails to provide Plaintiffs with fair notice of the defenses. As Plaintiffs argue, the defense of estoppel alone could refer to any of several legal doctrines. The Court therefore GRANTS IN PART Plaintiffs' Motion, insofar as it pertains to Defendant's Eighth Affirmative Defense, and STRIKES Defendant's Eighth Affirmative Defense. However, the Court GRANTS Defendant LEAVE "to submit an amended pleading which

12

includes more specific allegations," if it elects to seek leave to re-file its Answer. *Townshend v. Rockwell Intern. Corp.*, 2000 WL 533505, at *4 (N.D. Cal. 2000) (Armstrong, J.) (citing *Farlow v. Union Central Life Insurance Company*, 874 F.2d 791 (11th Cir.1989)).

**5.    General Denials as Affirmative Defenses**

Plaintiffs argue that Defendant's Fifth, Eleventh, Twelfth, Thirteenth, Nineteenth, Twentieth, Twenty First, and Twenty Fourth Affirmative Defenses "are actually denials in form and should have been pled as such."  Reply at 5.  Plaintiffs cite to the Ninth Circuit opinion in *Zivkovic*, which held that "[a] defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense."  *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080 (9th Cir. 2002) (holding that mere "negat[ation] [of] an element that [the plaintiff] was required to prove . . . was not an affirmative defense required to be pled in [the] answer.").  The Court finds that Plaintiffs' argument is unavailing as a rationale to strike.

Defendant argues that it is "well established that an affirmative defense that simply negates an element of a claim should not be stricken."  Opp. at 7.  Indeed, *Zivkovic* did not address the Federal Rule of Civil Procedure 12(f) standard, but rather addressed whether a particular issue qualified as an affirmative defense and thus was waived when defendant failed to plead the issue in his answer.  *Zivkovic*, 302 F.3d at 1088.  Thus, while denials which negate elements of Plaintiffs' claims should not be pled as affirmative defenses, Plaintiffs fail to show that this alleged pleading error provides adequate grounds for striking pleadings.

As Defendant argues, the few authorities to address the subject have held that denials that are improperly pled as defenses should *not* be stricken:

> In attempting to controvert an allegation in the complaint, a defendant occasionally may label his negative averment as an affirmative defense rather than a specific denial. . . .  If plaintiff has been given "plain notice" of the matters to be litigated which is all the federal pleading rules require, he should be put to this proof irrespective of any error by defendant regarding terminology.
>
> The federal courts have accepted the notion of treating a specific denial that has been improperly denominated as an affirmative defense as though it was correctly labeled. This is amply demonstrated by the fact that research has not revealed a single reported decision since the promulgation of the federal rules in which an erroneous

United States District Court

For the Northern District of California

designation resulted in any substantial prejudice to the pleader. Furthermore, the Supreme Court in *New York Life Ins. Co. v. Gamer*, which was decided during the same year in which the federal rules were adopted, held that an improper designation of a denial as an affirmative defense should be disregarded and plaintiff put to this proof as if defendant's negative averment had been properly labeled as a specific denial.

5 Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1269 (2ed. 1990) (citing *New York Life Ins. Co. v. Gamer*, 303 U.S. 161 (1938)). *Etienne v. Wal-Mart Stores, Inc.*, 197 F.R.D. 217, 220-21 (D. Conn. 2000) (relying on Wright & Miller in refusing to strike an affirmative defense stating that defendant "did not violate any legal duties owed to Plaintiff": the court held that the "proper remedy, is not to strike the averment, but rather to treat it as a specific denial"). *See also Ohio National Life Assurance Corp. v. Langkau*, 2006 U.S. Dist. LEXIS 60062, *6-*8 (M.D. Fla. 2006) (same). These authorities are consistent with Federal Rule of Civil Procedure 8(f), which states, "All pleadings shall be so construed as to do substantial justice."

Further, this Court has held that "motions to strike are rarely granted in the absence of a showing of prejudice to the moving party." *Freeman v. Alta Bates Summit Med. Ctr. Campus*, 2004 U.S. Dist. LEXIS 21402, at *5 (N.D. Cal. 2004) (Armstrong, J.) (citing 61 Am. Jur. 2d Pleading § 505 (West 1999)). *See also Augustus v. Board of Public Instruction of Escambia County, Florida*, 306 F.2d 862, 868 (5th Cir. 1962) ("[W]hen there is no showing of prejudicial harm to the moving party, the courts generally are not willing to determine disputed and substantial questions of law upon a motion to strike."); 2-12 Moore's Federal Practice - Civil § 12.37 ("To prevail on this motion to strike, the movant must clearly show that the challenged matter has no bearing on the subject matter of the litigation and that its inclusion will prejudice the defendants."). In the instant case, Plaintiffs state simply that they will be prejudiced by being "forced to waste money and resources trying to discover facts supporting [Defendant's] affirmative defenses." Reply at 4. The Court rejects this claim of prejudice, insofar as it pertains to Plaintiffs' instant arguments regarding general denials. Plaintiffs will have to invest the same money and resources researching Defendant's assertions in the Fifth, Eleventh, Twelfth, Thirteenth, Nineteenth, Twentieth, Twenty First, and Twenty Fourth Affirmative Defenses, regardless of whether those allegations are pled as denials or

as affirmative defenses.  Thus, Plaintiffs have failed to show that they will be prejudiced by a failure

to strike these defenses.  To the extent that these defenses simply negate elements of Plaintiffs'

claims, Plaintiffs should simply construe them as denials.  In sum, the Court finds that Plaintiffs'

arguments that the above affirmative defenses are properly characterized as denials provides

insufficient grounds for striking the defenses.  The Court thus DENIES IN PART Plaintiffs' Motion

to the extent that it relies on this argument.

### 6.    Twenty Third Affirmative Defense

Plaintiffs argue that Defendant's Twenty Third Affirmative Defense—stating that "plaintiffs'

claims are barred to the extent the California Labor and Workforce Development Agency conducts

an investigation into, and issues citations regarding, the claims," Answer at ¶ 97—should be stricken

as premature.  Mot. at 9.  Pursuant to California Labor Code § 2699,

> No action [for civil penalties] may be brought under this section by an aggrieved
> employee if the [Labor and Workforce Development Agency] or any of its
> departments, divisions, commissions, boards, agencies, or employees, on the same
> facts and theories, cites a person within the timeframes set forth in Section 2699.3 for
> a violation of the same section or sections of the Labor Code under which the
> aggrieved employee is attempting to recover a civil penalty . . . .

Cal. Lab. Code § 2699.  Plaintiffs argue that they have not yet alleged claims for the civil penalties

to which section 2699 refers.  Mot. at 9.  However, as Defendant argues, the Twenty Third

Affirmative Defense was pled in response to Plaintiffs' allegation in the First Amended Complaint

that "[a]fter the notice period provided in California Labor Code § 2699.3, Plaintiffs intend to amend

their complaint to include civil penalties provided in California law, including but not limited to

California Labor Code §§ 210, 226.3, 558 and 2699 et seq." FAC at ¶ 73.  As Defendant argues, an

affirmative defense is deemed waived if not pled in an answer.  *Arizona v. California*, 530 U.S. 392,

408-410 (2000).  While Plaintiffs have not yet amended their complaint to include the civil penalties

to which they refer in their First Amended Complaint, they fail to show any prejudice that they

might suffer simply because Defendant asserted its Twenty Third Affirmative Defense early in the

proceedings.  Moreover, Plaintiffs fail to show that this defense is insufficient, redundant,

immaterial, impertinent, or scandalous, pursuant to Federal Rule of Civil Procedure 12(f).  "Rule

15

12(f) motions to strike are 'generally not granted unless it is clear that the matter sought to be stricken could have no possible bearing on the subject matter of the litigation.'" *White v. Hansen*, 2005 WL 1806367, at *14 (N.D. Cal. 2005) (Armstrong, J.) (citing *Rosales v. Citibank*, 133 F. Supp. 2d 1177, 1179 (N.D. Cal.2001)).  Plaintiffs cannot show that the Twenty Third Affirmative Defense "could have no possible bearing on the subject matter of the litigation" so long as they intend to assert claims that may be precluded by the defense.  The Court DENIES IN PART Plaintiffs' Motion, insofar as it pertains to this defense.

### 7.      Twenty Sixth Affirmative Defense

Plaintiffs argue that the Court should strike Defendant's Twenty Sixth Affirmative Defense—stating that "the complaint and claims alleged . . . are barred by applicable state and federal statutes of limitation, including, but not limited to, [Cal.] Labor Code §§ 201, et seq.; 510, et seq., 1194; [Cal. Code. Civ. Proc.] §§ 340(a), 337, 338, 339; [Cal. Bus. & Prof.] Code § 17208." Answer at ¶ 100; Mot. at 9-10.  Plaintiffs argue that Plaintiffs "worked for [Defendant] and left [Defendant's] employ well within any of the [applicable] statutes of limitation."  Mot. at 10. Plaintiffs thus argue that the defense is "immaterial" because "Defendant can not state any facts that support the defense of statute of limitations."  Mot. at 9-10.

As Defendant argues, an affirmative defense can only be stricken as immaterial where it "has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.1993) (citing 5 Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1382, at 706-07 (1990)), *rev'd on other grounds*, 510 U.S. 517 (1994).  As Defendant argues, in this prospective class action, "the class membership is unknown," and some claims of some prospective class members may well turn out to be time-barred.  Opp. at 10.  "[O]nly through discovery" can Defendant "determine if a plaintiff's claims are time barred."  *Id.* at 9.  The Court finds that Plaintiffs have failed to prove that Defendant's statute of limitations defense is immaterial.

Plaintiffs also argue that Defendant "has failed to state facts surrounding this defense,"

United States District Court

For the Northern District of California

suggesting—although not arguing directly—that Defendant's defense is thus insufficiently pled. Reply at 7.  Specific allegations are not necessary to put Defendant on fair notice of the defense. The Ninth Circuit has held that "fair notice" does not require that the party "plead all the elements of a prima facie case," *Wong v. United States*, 373 F.3d 952, 969 (9th Cir. 2004), unless the pleading falls under the category of fraud, mistake, or denial of conditions precedent, in which case Federal Rule of Civil Procedure 9 requires that the matter be pled with particularity.  *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002).  The statute of limitations defense does not fall under the Rule 9 categories of fraud, mistake, or denial of conditions precedent.  In fact, the Ninth Circuit has held that a statute of limitations defense was adequately pled—putting the plaintiff on "fair notice" of the defense—when an answer "simply alleged that 'plaintiff's claims are barred by the applicable statute of limitations,'" and an attached memorandum "made specific mention of Cal. Code Civ. Proc. § 338.1 as the statute of limitations upon which [defendant] relied."  *Wyshak v. City National Bank*, 607 F.2d 824, 827 (9th Cir. 1979).  Defendant's Answer provides the same detail approved in *Wyshak*, asserting the defense of statute of limitations and providing the specific statutes on which Defendant relies.  Other Circuit Courts to address this issue have held that "a mere assertion of the [statute of limitations] defense satisfies the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure."  *Geraghty and Miller, Inc. v. Conoco, Inc.*, 234 F.3d 917, 925 (5th Cir. 2000).  *See also Daingerfield Island Protective Soc'y v. Babbitt*, 40 F.3d 442, 444-45 (D.C. Cir. 1994) ("[W]e conclude that the government adequately pleaded the limitation defense in its answer, which reads in part: 'Plaintiffs' claims are barred by the applicable statute of limitations.' While this boilerplate language does not cite the specific statute applicable here, it nevertheless satisfies the requirement of Federal Rule of Civil Procedure 8(c) that affirmative defenses be pleaded. The purpose of that rule is to put opposing parties on notice of affirmative defenses and to afford them the opportunity to respond to the defenses.  Thus, while a limitations defense must 'be asserted in a responsive pleading,' it 'need not be articulated with any rigorous degree of specificity,' and is 'sufficiently raised for purposes of Rule 8 by its bare assertion.'" (citations omitted).

United States District Court

For the Northern District of California

1    For the reasons stated above, the Court DENIES IN PART Plaintiffs' Motion, insofar as it

2    pertains to this defense.

3        **8.    Fifteenth Affirmative Defense**

4        Plaintiffs argue that Defendant's Fifteenth Affirmative Defense—stating that "the claims of

5    the plaintiffs are barred by the doctrine of laches and/or acquiescence," Answer at ¶ 89—should be

6    stricken for failure to plead the elements of laches.  Mot. at 8-9.  Plaintiffs cite only two district

7    court cases for the proposition that Defendant must plead the elements of laches.  However, as

8    Defendant argues, the Ninth Circuit has held that "fair notice" does not require that the party "plead

9    all the elements of a prima facie case," *Wong v. United States*, 373 F.3d 952, 969 (9th Cir. 2004),

10   unless the pleading falls under the category of fraud, mistake, or denial of conditions precedent, in

11   which case Federal Rule of Civil Procedure 9 requires that the matter be pled with particularity.

12   *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002).  The defense of laches

13   does not fall under the Rule 9 categories of fraud, mistake, or denial of conditions precedent.  As the

14   Fifth Circuit has explained, "in some cases, merely pleading the name of the affirmative defense—as

15   [the defendant] contends it did—may be sufficient" to give fair notice.  *Woodfield*, 193 F.3d at 362

16   (referring to a case involving a defense of contributory negligence).  *See also Geraghty and Miller,*

17   *Inc. v. Conoco, Inc.*, 234 F.3d 917, 925 (5th Cir. 2000) ("a mere assertion of the [statute of

18   limitations] defense satisfies the pleading requirements of Rule 8 of the Federal Rules of Civil

19   Procedure"); *Daingerfield Island Protective Soc'y v. Babbitt*, 40 F.3d 442, 444-45 (D.C. Cir. 1994)

20   (same).  The Ninth Circuit has held that "[a] party need not plead specific legal theories . . . so long

21   as the other side receives notice as to what is at issue in the case."  *Sagana v. Tenorio*, 384 F.3d 731,

22   736-37 (9th Cir. 2004) (rejecting the district court's finding of insufficient pleading under the

23   standards of Fed. R. Civ. P. 8).  Defendant's failure to state the elements supporting its laches

24   defense is not sufficient to prove that Plaintiffs have not been placed on "fair notice of the defense."

25   *Wyshak v. City National Bank*, 607 F.2d 824, 827 (9th Cir. 1979).  The Court therefore DENIES IN

26   PART Plaintiffs' Motion, insofar as it pertains to this defense.

27

28

United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### 9.    Sixteenth Affirmative Defense

Plaintiffs argue that Defendant's Sixteenth Affirmative Defense—stating that "the claims of the plaintiffs are barred by the doctrine of unclean hands," Answer at ¶ 90—should be stricken for failure to plead the elements of and facts supporting Defendant's unclean hands defense.  Mot. at 9. Plaintiffs cite only two district court cases for the proposition that Defendant must plead the elements of and facts supporting a defense of unclean hands.  Again, Defendant argues that the Ninth Circuit has held that "fair notice" does not require that the party "plead all the elements of a prima facie case," *Wong v. United States*, 373 F.3d 952, 969 (9th Cir. 2004).  "[I]n some cases, merely pleading the name of the affirmative defense—as [the defendant] contends it did—may be sufficient" to give fair notice.  *Woodfield*, 193 F.3d at 362 (referring to a case involving a defense of contributory negligence).  *See also Geraghty and Miller, Inc. v. Conoco, Inc.*, 234 F.3d 917, 925 (5th Cir. 2000) ("a mere assertion of the [statute of limitations] defense satisfies the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure"); *Daingerfield Island Protective Soc'y v. Babbitt*, 40 F.3d 442, 444-45 (D.C. Cir. 1994) (same).  The Ninth Circuit has held that "[a] party need not plead specific legal theories . . . so long as the other side receives notice as to what is at issue in the case." *Sagana v. Tenorio*, 384 F.3d 731, 736-37 (9th Cir. 2004) (rejecting the district court's finding of insufficient pleading under the standards of Fed. R. Civ. P. 8).  Defendant's failure to state the elements and facts supporting its unclean hands defense is not sufficient to prove that Plaintiffs have not been placed on "fair notice of the defense."  *Wyshak v. City National Bank*, 607 F.2d 824, 827 (9th Cir. 1979).  The Court DENIES IN PART Plaintiffs' Motion, insofar as it pertains to this defense.

### 10.    Twenty Seventh Affirmative Defense

Plaintiffs argue that Defendant's Twenty Seventh Affirmative Defense should be stricken because it is not a defense but, rather, a prayer for relief.  Mot. at 10.  Defendant's Twenty Seventh Affirmative Defense states, in pertinent part,

> [D]efendant is entitled to recover reasonable expenses, including attorneys' fees, from plaintiffs and their counsel and that plaintiffs' complaint, and each purported cause of

United States District Court

For the Northern District of California

1    action or count thereunder, is frivolous and was brought and maintained in bad faith
2    and without reasonable cause, is totally and completely without merit, and was
     brought for the sole purpose of harassing defendant.

3    Answer at ¶ 101.

4         Defendant argues accurately that attorney's fees are deemed special damages, pursuant to

5    Federal Rule of Civil Procedure 9(g), which states that "[w]hen items of special damage are claimed,

6    they shall be specifically stated."  Opp. at 12; Fed. Rule Civ. P. 9(g).  *See United Indus. v.*

7    *Simon-Hartley, Ltd.*, 91 F.3d 762, 764 (5th Cir. 1996) ("Our sister circuits routinely classify

8    attorney's fees as special damages that must be specifically pleaded under Federal Rule of Civil

9    Procedure 9(g)") (citing *Maidmore Realty Co., Inc. v. Maidmore Realty Co., Inc.*, 474 F.2d 840, 843

10   (3d Cir.1973) ("Claims for attorney fees are items of special damage which must be specifically

11   pleaded under Federal Rule of Civil Procedure 9(g)."); *Western Casualty & Sur. Co. v. Southwestern*

12   *Bell Tel. Co.*, 396 F.2d 351, 356 (8th Cir.1968) ("Claims for attorneys' fees are also items of special

13   damage which must be specifically pleaded under Fed.R.Civ.P. 9(g)."); *In re American Casualty*

14   *Co.*, 851 F.2d 794, 802 (6th Cir.1988); 5 Charles Alan. Wright & Arthur R. Miller, FEDERAL

15   PRACTICE & PROCEDURE § 1310 (1990)).

16        "In the federal courts an indispensable allegation in a demand for special damages is a

17   statement 'of the special circumstances giving rise to the special damages.'"  *Burlington Transp. Co.*

18   *v. Josephson*, 153 F.2d 372, 377 (8th Cir. 1946); 2-9 Moore's Federal Practice - Civil § 9.08 ("Once

19   items are deemed special damages, an indispensable allegation in a demand for relief is at least a

20   general statement of the causes giving rise to the special damages.").  Therefore, Defendant properly

21   supplied background allegations surrounding its claim for attorney fees.

22        Defendant's allegations are more properly asserted in a counterclaim than in an affirmative

23   defense.  Fed. R. Civ. P 13(c) (A counterclaim "may claim relief exceeding in amount or different in

24   kind from that sought in the pleading of the opposing party."); William W Schwarzer, et al.,

25   CALIFORNIA PRACTICE GUIDE: FEDERAL CIVIL PROCEDURE BEFORE TRIAL § 8:256 (2003) ("A

26   counterclaim is a claim for affirmative relief asserted by a party (generally a defendant) against an

27

28

opposing party (i.e., plaintiff)"); *Port of Stockton v. Western Bulk Carrier KS*, 317 F.3d 1119, 1120 (9th Cir. 2004) (describing facts regarding party's attempts to amend an answer to include a counterclaim for attorney's fees); *National Liberty Corp v. Wal-Mart Stores, Inc.*, 120 F.3d 913, 916-17 (8th Cir. 1997) (same).

However, Federal Rule of Civil Procedure 8(c) states, "When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation." Therefore, the Court treats Defendant's Twenty Seventh Affirmative Defense as a counterclaim and finds that Plaintiffs' arguments provide insufficient cause for striking the defense. The Court thus DENIES IN PART Plaintiffs' Motion, insofar as it pertains to this defense.

**C.     Failure to Properly Meet and Confer**

Defendant argues that Plaintiffs' Motion to Strike should "be denied for [Plaintiffs'] failure to comply" with this Court's Standing Order requiring "all parties to meet and confer before filing any motion before this court." Standing Order ¶ 5; Opp. at 6. Civil Local Rule 1-5(n) states that "meet and confer" "means to communicate directly and discuss in good faith the issue(s) required under the particular Rule or order. Unless these Local Rules otherwise provide or a Judge otherwise orders, such communication may take place by telephone." Civ. L.R. 1-5(n).

Defendant argues that Plaintiffs called Defendant "one time, and during the conversation refused to provide the information necessary to afford any meaningful discussion about the issues in dispute." Opp. at 6. The Declaration of Martin Velez, Defendant's Counsel, states

> On May 23, 2006, Ms. Mac Farlane [Plaintiffs' counsel] contacted me to discuss defendant's answer. Ms. Mac Farlane stated that defendant's answer was untimely and that several of defendant's affirmative defenses, including defendant's 8th affirmative defense and defense to punitive damages, were improperly pled. Other than referencing defendant's 8th affirmative defense and defendant's punitive damages defense, Ms. Mac Farlane did not provide any further detail regarding which affirmative defenses plaintiff believed were improperly pled. Ms. Mac Farlane stated that plaintiffs would move to strike defendant's answer and several of its affirmative defenses if defendant did not file an amended answer. . . .
>
> In an attempt to meet and confer with plaintiffs regarding defendant's answer, I sent a letter to Ms. Mac Farlane on May 25, 2006 requesting that plaintiffs specify which

United States District Court

For the Northern District of California

21

1    affirmative defenses plaintiffs believed were improperly pled and the basis for
     plaintiffs' position.
2

3    Velez Decl. at ¶¶ 4, 5.

4        Mr. Velez's letter to Plaintiffs' counsel also provided legal arguments explaining why

5    Defendant's counsel "believe defendant's affirmative defenses will survive a motion to strike."

6    Velez Decl., Ex. A.

7        Plaintiffs responded to the letter sent by Mr. Velez on May 31, 2006, the date on which the

8    instant Motion was filed.  Plaintiffs' response states,

9        I did weigh your legal arguments that you outlined in your letter, however, since you
         refuse to amend Wal-Mart's Answer to Comply with Federal law, as well as violated
10       the Federal Rules of Civil Procedure in failing to timely answer the Amended
         Complaint, violated the local rules of the United States District Court for the
11       Northern District of California for enlarging time, violated the Standing Order of the
         Honorable Saundra Brown Armstrong, and violated our agreement to file an Answer
12       by May 8th, I determined that Plaintiffs . . . needed to file a Motion to Strike Wal-
         Mart's Affirmative Defenses.

13   Velez Decl., Ex. B.

14       Plaintiffs argue that their telephone conversation with Defendant's counsel satisfied the

15   requirement to meet and confer.  Plaintiffs' counsel argues as follows:

16       Mr. Velez told me that Wal-Mart would not be amending its Answer.  Given that Mr.
         Velez would not agree to amend Wal-Mart's answer after discussing [the Eighth
17       Affirmative Defense], containing ten defenses, I did not see the need to give a
         specific detailed analysis of the other affirmative defenses that were objectionable.  It
18       was apparent to me that Wal-Mart would not be amending its Answer no matter what
         I said.
19

20   Mac Farlane Decl. ISO Reply at ¶ 8.  Plaintiffs explain further that during the phone conversation

21   with Defendant's counsel, "Plaintiffs' counsel was not required to provide Mr. Velez with the entire

22   'meat' of the motion to strike. . . .  Essentially, [Defendant] is arguing that the requirement that

23   Plaintiffs communicate in good faith, means that Plaintiffs must disclose every argument they intend

24   to use in their motion."  Reply at 5.

25       Based on the facts stated above, the Court finds that the parties communicated directly and

26   discussed in good faith the issues at stake in the instant Motion.  While the parties could have acted

27   in a more cooperative manner, their failure to resolve the issues raised by the instant Motion, does

28                                              22

1   not constitute a failure to "meet and confer," as required by the Court's Standing Orders.  Therefore,

2   the Court finds unavailing Defendant's argument that the parties failed to comply with the

3   requirement to meet and confer.

**CONCLUSION**

For the reasons stated above,

IT IS HEREBY ORDERED THAT Plaintiffs' Motion to Strike is GRANTED IN PART with respect to the Sixth and Eighth Affirmative Defenses; the Court STRIKES the Sixth and Eighth Affirmative Defenses.  The Court DENIES IN PART Plaintiffs' Motion to Strike with respect to all other affirmative defenses and with respect to striking the Answer as untimely.

IT IS FURTHER ORDERED THAT Defendant is GRANTED LEAVE to submit an amended Answer which states more specific allegations for the Sixth and Eighth Affirmative Defenses.

Dated: 9/20/06

_Saundra B Armstrong_

SAUNDRA BROWN ARMSTRONG

United States District Judge

United States District Court
For the Northern District of California

23