1  Louis M. Marlin, Esq.      [State Bar No. 054053]
   Stanley D. Saltzman, Esq.  [State Bar No. 090058]
2  **MARLIN & SALTZMAN**
   3200 El Camino Real, Suite 100
3  Irvine, California  92602
   Telephone:  (714) 669-4900
4  Facsimile:   (714) 669-4750
   Louis.Marlin@MarlinSaltzman.com
5  SSaltzman@MarlinSaltzman.com
   [See Additional Plaintiffs' Counsel Attached]
6
7  Attorneys for Plaintiffs, individually and on
   behalf of all others similarly situated
8
9
                    **IN THE UNITED STATES DISTRICT COURT**
10
                 **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
11
12
   In Re WAL-MART STORES,          Case No. C 06 02069 SBA
13 INC. WAGE AND HOUR
   LITIGATION                      **CLASS ACTION**
14
   ─────────────────────          ▓▓▓▓▓▓▓▓ **FIRST AMENDED
15                                 CONSOLIDATED COMPLAINT**
   This Document Relates To:
16                                 **1.   Statutory Wage Violation of
   Case Nos.                              California** *Labor Code* **§§ 201- 203
17                                        (Late Payment Penalty)**
   C 06 02069 SBA (Smith) and      **2.   Statutory Wage Violation of
18 CV 06 05411 SBA (Ballard)              California** *Labor Code* **§227.3
                                          (Vested Vacation Wages)**
19 ─────────────────────          **3    Statutory Wage Violation of
                                          California** *Labor Code* **§1194
20                                        (Failure to Pay All Overtime
                                          Wages Due)**
21                                 **4.   Statutory Wage Violation of
                                          California** *Labor Code* **§226
22                                        (Failure to Accurately Record and
                                          Report Wages Earned and Rates
23                                        of Pay)**
                                   **5.   Unfair Business Practices In
24                                        Violation of** *Business and
                                          Professions Code* **§17200,** *et seq.*
25                                 **6.   Conversion of Wages**
26                                 DEMAND FOR JURY TRIAL
27
28
   ─────────────────────────────────────────────
              **FIRST AMENDED CONSOLIDATED COMPLAINT**
                                1

# ADDITIONAL PLAINTIFFS' COUNSEL

Arnold W. Schwartz, Esq.    [State Bar No. 063436]
Marcus J. Bradley, Esq.    [State Bar No. 174156]
**SCHWARTZ, DANIELS & BRADLEY**
29229 Canwood Street, Suite 208
Agoura Hills, California 91301
Telephone: (310) 478-5838
Facsimile: (310) 478-1232
Arnold.Schwartz@SchwartzDanielsBradley.com
Marcus.Bradley@SchwartzDanielsBradley.com


Peter M. Hart, Esq.    [State Bar No. 198691]
**LAW OFFICES OF PETER M. HART**
13952 Bora Bora Way, F-320
Marina Del Rey, California 90292
Telephone: (310) 478-5789
Facsimile: (310) 561-6441
HartPeter@msn.com

A.E. "Bud" Bailey, *Pro Hac Vice*    [OSB No. 87157; WSB No. 33917]
J. Dana Pinney, *Pro Hac Vice*    [OSB No. 75308; WSB No. 33919; DC No. 473833]
**MEMBERS OF BAILEY PINNEY PC**
1498 S.E. Tech Center Place, Suite 290
Vancouver, Washington 98683
Telephone: (360) 567-2551
Facsimile: (360) 567-3331
BBailey@wagelawyer.com
JDPinney@wagelawyer.com

**Bonnie R. MacFarlane, Esq.**    [State Bar No. 161526]
**LAW OFFICES OF BONNIE R. MAC FARLANE**
720 Howe Ave, Suite 113
Sacramento, California 95825
Telephone: (800) 230-5528
Facsimile: (800) 230-5866
BMacfarlane@wagelawyer.com

1    Barry Smith, Michael Wiggins, Danton Ballard and Nathan Lyons (hereinafter
2   collectively referred to as "Plaintiffs") individually, and on behalf of all others
3   similarly situated, bring this Class Action Complaint against Defendant Wal-Mart
4   Stores, Inc. ("Wal-Mart") and allege the following upon information and belief, except
5   as to those allegations concerning Plaintiffs, which are alleged upon personal
6   knowledge:

7                          **NATURE OF THE ACTION**

8        1.    This is a class action for violation of California wage and hour laws
9   brought by Plaintiffs, for themselves and on behalf of all current and former employees
10  of Wal-Mart employed in the State of California similarly situated from March 20,
11  2002, to the present. During the relevant time period, Plaintiffs and the Class suffered
12  the following: (i) former employees failed to receive all of the wages due them at the
13  time of termination; (ii) current and former employees suffered the loss and forfeiture
14  of accrued vacation wages and personal time wages and have not been paid for all
15  earned and accrued vacation wages and personal time wages; (iii) current and former
16  employees are owed overtime wages; and (iv) current and former employees have been
17  harmed by Defendant's failure to keep accurate record of wages earned and rates of
18  pay pursuant to *Labor Code* §226.

19       2.    Defendant administered a corporate policy, practice, and/or custom
20  concerning the vesting and forfeiture of vacation wages that resulted in a violation of
21  California *Labor Code* §§203, 226, 227.3, and California *Business and Professions*
22  *Code* §17200, *et seq.*, (Unfair Practices Act.)

23       3.    Defendant administered a corporate policy, practice, and/or custom
24  concerning failure to pay all overtime wages owed to all non-exempt employees that
25  resulted in a violation of California *Labor Code* §§201 through 203 and 1194, and
26  California *Business and Professions Code* §17200, *et seq.*, (Unfair Practices Act.)

27  / / /
28  / / /

---

**FIRST AMENDED CONSOLIDATED COMPLAINT**

3

4. Defendant administered a corporate policy, practice, and/or custom concerning the recording of bonuses, commissions, and other non-discretionary incentives that violated California *Labor Code* §226.

5. This First Amended Complaint challenges systemic illegal employment practices resulting in violations of the California *Labor Code*, *Business and Professions Code,* and applicable Industrial Wage Commission ("IWC") wage orders against employees of Defendant.

6. Plaintiffs are informed and believe and based thereon allege that Defendant, joint and severally, has acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees regarding receiving all accrued vacation wages and paid time off wages, receiving pay for all overtime wages owed, and in Defendant's duty to accurately record wages earned and rates of pay.

7. Plaintiffs are informed and believe and based thereon allege that Defendant has engaged in, among other things, a system of willful violations of the California *Labor Code*, *Business and Professions Code,* and applicable IWC wage orders by creating and maintaining policies, practices and customs that knowingly deny employees: (a) all earned and accrued vacation wages (including paid time off wages) and failed to pay former employees for all accrued and vested vacation and paid time off wages; (b) failed to pay for all overtime wages earned; and (c) failed to keep accurate records of rates of pay and wages earned.

8. The policies, practices and customs of Defendant described above and below have resulted in unjust enrichment of Defendant and an unfair business advantage over businesses that routinely adhere to the strictures of the California *Labor Code, Business and Professions Code,* and applicable IWC wage orders.

9. Wal-Mart is a for-profit corporation that has grown to become the world's largest retailer. Wal-Mart employs approximately 1.3 million workers in the United States, including approximately 75,000 in the State of California. Plaintiffs estimate

/ / /

---

**FIRST AMENDED CONSOLIDATED COMPLAINT**

there are approximately 225,000 current and former employees in the State of California.

**JURISDICTION AND VENUE**

10.   This Court has jurisdiction over this class action pursuant to 28 U.S.C. §1332 in that the matter in controversy exceeds $5,000,000 and Defendant is domiciled in a state other than the domicile of the members of the Class, and the estimated number of Class members exceeds 150,000.

11.   Venue is proper in this district pursuant to 28 U.S.C. §1391(a) in that the Defendant is subject to personal jurisdiction in this district at the time the action is commenced and, pursuant to 28 U.S.C. §§1391 (b) and (c), because a substantial part of the events or omissions giving rise to the claim occurred and had their primary affect in this judicial district.

12.   Pursuant to *Civil Local Rules* 3-2, assignment to the Oakland Division of the United States District Court for the Northern District of California is appropriate because Defendant operates retail stores in the County of Alameda, as well as in other locations in California.  Plaintiffs Smith and Wiggins were employed by Defendant Wal-Mart in the Northern District of California.

**PARTIES**

13.   During all times mentioned herein, Plaintiffs and the proposed Class are current and former employees of Defendant Wal-Mart in the State of California.  As such, they are subject to and enjoy the benefits of the wage and hour provisions of California law.

14.   During all times mentioned herein, individual and representative Plaintiff Barry Smith was and now is a resident of Santa Clara County, California.  Said Plaintiff was employed by Defendant Wal-Mart from approximately September 22, 2003, to December 17, 2004.

15.   During all times mentioned herein, individual and representative Plaintiff Michael Wiggins was, and now is, a resident of Contra Costa County, California.  Said

**FIRST AMENDED CONSOLIDATED COMPLAINT**

5

1  Plaintiff was employed by Defendant Wal-Mart from approximately April 1, 2004, to
2  October 7, 2005, at which time he was suspended.  He was officially terminated on
3  October 21, 2005.

4        16.    During all times mentioned herein, individual and representative Plaintiff
5  Danton Ballard was, and now is, a resident of Los Angeles County, California.  Said
6  Plaintiff was employed by Defendant Wal-Mart from on or about July 2004, to on or
7  about February 23, 2006.

8        17.    During all times mentioned herein, individual and representative Plaintiff
9  Nathan Lyons was, and now is, a resident of Los Angeles County, California.  Said
10 Plaintiff was employed by Defendant Wal-Mart as an hourly employee for
11 approximately 1 year and 2 months, and was terminated on or about March 23, 2006.

12       18.    Defendant Wal-Mart Stores, Inc., is a Delaware corporation, doing
13 business throughout the State of California, with principal offices in the State of
14 Arkansas.

15       19.    Defendant Wal-Mart Stores, Inc., is a for-profit corporation and the
16 largest retailer in the world, with approximately 75,000 or more current employees in
17 the State of California.

18                          **FACTUAL ALLEGATIONS**

19       20.    Plaintiffs bring this action as a class action to recover statutory damages
20 and monies due and owing for all similarly situated current and former employees of
21 Defendant for Defendant's failure to timely pay wages and failure to pay overtime,
22 "holiday pay" and "vacation pay."

23       21.    Throughout the class period, as the same is defined hereafter, Defendant
24 administered and employed a corporate policy, practice and/or custom concerning the
25 payment of the final wages due a terminated or resigning employee in violation of
26 California *Labor Code* §§201 through 203, and related sections.

27       22.    Throughout the class period, as the same is defined hereafter, Defendant
28 administered and employed a corporate policy, practice and/or custom concerning the

payment of accrued vacation pay (including vacation, personal and holiday time) in violation of California *Labor Code* §227.3, and related sections.

23.    Throughout the class period, as the same is defined hereafter, Defendant administered and employed a corporate policy, practice and/or custom concerning the payment of overtime wages in violation of California *Labor Code* §1194, and related sections.

24.    Throughout the class period, as the same is defined hereafter, Defendant administered and employed a corporate policy, practice and/or custom concerning the requirement to accurately record and report wages earned and rates of pay, in violation of California *Labor Code* §226.

25.    The systematic illegal employment practices set forth above and hereafter constitute violations of the California *Labor Code*, as well as applicable California IWC orders, and have resulted in the unjust enrichment of Defendant.  As such these actions are unlawful and unfair, in violation of California *Business and Professions Code* §17200, *et seq.*

26.    Plaintiff Michael Wiggins worked for Wal-Mart approximately from April 1, 2004, to October 7, 2005, as an hourly employee.  Technically, Mr. Wiggins was suspended on October 7th, and then he was officially terminated on October 21st.  Yet, either way, Wal-Mart violated California law by not paying his final wages until November 11, 2004.

27.    During Plaintiff Michael Wiggins' employment with Wal-Mart, Wal-Mart failed to pay overtime.  Wal-Mart would "shave off" time from his time cards whereby Mr. Wiggins was not paid for all of the hours he worked.  Also, when Mr. Wiggins worked a graveyard shift, Wal-Mart would count the hours worked before midnight as working one day, and all the hours worked after midnight as hours worked on another day, thereby denying Mr. Wiggins overtime pay.  However, Wal-Mart did not pay Mr. Wiggins his holiday pay.  Wal-Mart also failed to pay Mr. Wiggins accrued vacation

/ / /

1  pay.  Wiggin's final wage statement was also incorrect as it failed to accurately reflect
2  the real wages due and owing him.

3      28.    Plaintiff  Barry  Smith  worked  for  Wal-Mart  approximately  from
4  September 22, 2003, to December 17, 2004, as a manager.  Yet, Wal-Mart failed to pay
5  his final wages until January 2, 2005.  Mr. Smith was a manager who was paid on a
6  salary basis.  As part of his employment contract with Wal-Mart, Wal-Mart promised
7  to pay Mr. Smith holiday pay and vacation pay in addition to his salary.  However,
8  Wal-Mart did not pay Mr. Smith his holiday pay.  Wal-Mart also failed to pay Mr.
9  Smith accrued vacation pay. Smith's final wage statement was also incorrect as it failed
10 to accurately reflect the real wages due and owing him.

11     29.    Plaintiff Danton Ballard was employed by Defendant from in or about
12 July 2004, to on or about February 23, 2006.  Upon termination, Defendant failed to
13 pay Ballard his accrued vacation pay, holiday pay or personal time in a timely manner
14 pursuant to California *Labor Code* §203. Ballard's final wage statement was also
15 incorrect as it failed to accurately reflect the real wages due and owing him.

16     30.    Plaintiff Nathan Lyons was employed as an associate hourly employee by
17 Defendant for approximately one year and 2 months and terminated on or about March
18 23, 2006.  Upon termination, Defendant failed to pay Lyons his accrued vacation pay,
19 holiday pay or personal time in a timely manner pursuant to California *Labor Code*
20 §203.  Lyons' final wage statement was also incorrect as it failed to accurately reflect
21 the real wages due and owing him.

22     31.    Plaintiffs were and are victims of the policies, practices and customs of
23 Defendant complained of in this action in ways that have deprived him of the rights
24 guaranteed him by California *Labor Code* §§201 through 203, 226, 227.3, and 1194,
25 and California *Business and Professions Code* §17200, *et seq*. (Unfair Practices Act),
26 and  the  applicable  wage  order(s)  issued  by  the  Industrial  Welfare  Commission,
27 including IWC Wage Order No. 7-2001.

28 / / /

---

**FIRST AMENDED CONSOLIDATED COMPLAINT**

8

## CLASS ACTION ALLEGATIONS

32.     Plaintiffs bring this action on behalf of themselves and all others similarly situated, as a member of a proposed Plaintiff class (the "Class") as defined as follows:

> All individuals who are or were employed by Defendant in the State of California during the proposed class period and who are members of one or more of the sub-classes defined hereafter.

33.     Plaintiffs propose that the following sub-classes be certified:

**Terminated Sub-Class:**     All former employees of the Defendant who did not receive all of the wages due them at the time of termination, and/or who did not receive their final wages in a timely manner as mandated by California law. All of the named Plaintiffs herein are members of this sub-class.

**Vacation Sub-Class:**     All current and former employees of Defendant who have not received full and complete compensation for all accrued "vacation pay" as the same is defined under California law and IWC regulations, including, but not limited to, vacation pay, personal time, holiday pay, etc. All of the named Plaintiffs herein are members of this sub-class.

**Compensation Sub-Class:**     All properly classified hourly-pay employees of Defendant, both current and former, who have not received all compensation due them for hours worked, including overtime worked. All of the named Plaintiffs herein are members of this sub-class.

/ / /
/ / /

| | |
|---|---|
| 1 **Itemized Statement** | All employees of Defendant, both current and former, |
| 2 **Sub-Class:** | who have not received an accurate and complete |
| 3 | itemization of wages earned, rates of pay, etc. All the |
| 4 | named Plaintiffs are members of this sub-class. |

34.   This action is brought and may properly be maintained as a class action pursuant to the provisions of *Federal Rules of Civil Procedure,* Rules 23(a)(1)-(4), 23(b)(2), and 23(b)(3). This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of those provisions.

35.   The class period is designated as the period from March 20, 2002, through and including the date a judgment is rendered in this matter.

36.   The Class is so numerous that the individual joinder of all its members is impracticable. While the exact number and identification of Class members are unknown to Plaintiffs at this time and can only ascertained through appropriate discovery from Defendant, Plaintiffs are informed and believe that the Class includes more than 10,000 members, with each sub-class containing more than 5,000 members.

37.   Common questions of fact and law exist as to all members of the Class which predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary from Class member to Class member, and which may be determined without reference to the individual circumstances of any Class member, include, but are not limited to, the following:

    1.   Whether Plaintiffs and members of the proposed Class are subject to and entitled to the benefits of California wage and hour statutes.

    2.   Whether, at the time of termination, Plaintiffs and members of the proposed Class received all wages due them from Defendant, the amount of any unpaid compensation due, and the amount of penalties due pursuant to California law.

    3.   Whether, at the time of termination, Plaintiffs and members of the proposed Class received their final wages in a timely manner, and

---

**FIRST AMENDED CONSOLIDATED COMPLAINT**

the amount of penalties and interest due if this is not the case. California law mandates that terminated employees receive all compensation due at the time of termination. Resigning employees must receive all wages due within 72 hours of resignation, unless more than 72 hours notice is given by the employee, in which event all wages are due at termination.

4.   Whether Plaintiffs and members of the proposed Class have received all vested vacation benefits as the same are defined by California statute and IWC regulation and, if not, the amount of compensation and interest due to the Class.

5.   Whether Plaintiffs and members of the proposed Class worked uncompensated overtime hours and, if so, the amount due, including interest thereon.

6.   Whether Defendant has violated the mandatory provisions of *Labor Code* §226 in relation to the proposed Class and, if so, the amount of penalties and interest due the Class.

7.   Whether the actions of Defendant constitute unlawful and unfair business practices as prohibited by California *Business and Professions Code* §17200, *et seq.*, and, if so, the amount of restitution due to the Plaintiff Class.

8.   Whether Defendant converted property (unpaid wages including overtime, holiday pay, vacation pay, and waiting time wage continuation.)

9.   The total amount of unpaid compensation, penalties, etc., due to the members of the Class based upon Defendant's violations of the California *Labor Code* as set forth herein.

38.   The claims of the named Plaintiffs herein are typical of the claims of the members of the proposed Class.  Plaintiffs and other Class members sustained losses,

1 injuries and damages arising out of Defendant's common policies, practices,
2 procedures, protocols, routines, and rules which were applied to other Class members
3 as well as Plaintiffs.  Plaintiffs seek recovery for the same type of losses, injuries, and
4 damages as were suffered by other members of the proposed Class.

5        39.    Plaintiffs are adequate representatives of the Class because they are
6 members of the Class and their interests do not conflict with the interests of the
7 members of the Class they seek to represent.   Plaintiffs have retained counsel
8 competent and experienced in the prosecution of complex class actions, and together
9 Plaintiffs and their counsel intend to prosecute this action vigorously for the benefit of
10 the Class.  The interests of the Class members will fairly and adequately be protected
11 by Plaintiffs and their counsel.

12       40.    A class action is superior to other available methods for the fair and
13 efficient adjudication of this litigation since individual litigation of the claims of all
14 Class members is impracticable.  It would be unduly burdensome to the courts in which
15 thousands of cases would proceed.  Individual litigation presents the potential for
16 inconsistent or contradictory judgments, and the prospect of a race to the courthouse,
17 and an inequitable allocation of recovery among those with equally meritorious claims.
18 By contrast, the class action device presents far fewer management difficulties and
19 provides the benefit of a single adjudication, economics of scale, and comprehensive
20 supervision by a single court.

21       41.    The various claims asserted in this action are additionally or alternatively
22 certifiable under the provisions of the *Federal Rules of Civil Procedure,* Rules 23(b)(1)
23 and/or 23(b)(3) because:

24             1.    The prosecution of separate actions by thousands of individual
25                   Class members would create a risk of inconsistent or varying
26                   adjudications with respect to individual Class members, thus
27                   establishing incompatible standards of conduct for Defendant.
28 / / /

2.    The prosecution of separate actions by individual Class members would also create the risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members who are not a party to such adjudications and would substantially impair or impede the ability of such non-party Class members to protect their interests.

3.    Defendant has acted or refused to act on grounds generally applicable to the entire Class, thereby making appropriate final declaratory and injunctive relief with respect to the Class as a whole.

**FIRST CAUSE OF ACTION**

**(Statutory Wage Violation of California *Labor Code***

**§§201 through 203 - Late Payment Penalty - On Behalf of the**

**Terminated Sub-Class)**

42.    Plaintiffs re-allege and incorporate herein by reference each and every allegation contained in Paragraphs 1 through 41, inclusive.

43.    California *Labor Code* §201 provides, in relevant part, "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

44.    California *Labor Code* §201 provides, in relevant part, "[i]f an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

45.    Plaintiffs and members of the Terminated Sub-Class were previously employed by Defendant and were terminated within the class period as set forth above. Defendant failed to pay all wages due to this sub-class at the time of termination and,

/ / /

1  in addition, failed to pay all wages due in a timely manner as mandated by California

2  *Labor Code* §§201 through 203.

3      46.    When Plaintiffs' employment ended, they were owed wages which they

4  did not receive, including overtime, vacation pay and holiday pay.

5      47.    Defendant's failure to pay wages as alleged herein was willful in that

6  Defendant knew that Plaintiffs and the Sub-Class members were not receiving all of

7  their earned pay because of at least the following:  (1) Defendant received weekly

8  documents showing that Plaintiffs, the Class and the Sub-Class members were not

9  receiving their earned wages; (2) Defendant had documents showing what amounts

10  Plaintiffs, the Class and the Sub-Class members accrued for overtime pay, vacation

11  pay, personal time and holiday pay; and (3) Defendant altered Class and Sub-Class

12  members overtime pay records thereby reducing the amount of overtime pay due them.

13      48.    The actions by Defendant was intentional and done with a willful

14  disregard of the requirements of California law.

15      49.    As a result of the violations alleged in this cause of action, Plaintiffs and

16  the Plaintiff Class are entitled 30 days of penalty wages for each pay period when

17  wages were not paid, plus interest, costs, and attorneys' fees.

18      50.    Plaintiffs and similarly situated Class members seek penalty wages for the

19  allocable time period prior to filing this Complaint, plus costs, interest, disbursements

20  and attorneys' fees pursuant to California law, including but not limited to California

21  *Labor Code* §§218.5 and 218.6.

22              **SECOND CAUSE OF ACTION**

23          **(Statutory Wage Violation of California**

24  ***Labor Code* §227.3  - Vested Vacation Wages - On Behalf of the Class**

25              **and the Vacation Pay Sub-Class)**

26      51.    Plaintiffs re-allege and incorporate herein by reference each and every

27  allegation contained in Paragraphs 1 through 50, inclusive.

28  / / /

52.    Defendant's written policy and actual practice applicable to all their California employees is to entitle full-time and part-time California employees to vacation, holiday and personal time.  Vacation hours, personal time and holiday time is considered paid vacation time under well-established California law.

53.    When Plaintiffs' employment ended, they were owed wages which they did not receive from Defendant, including accrued vacation pay, personal time and holiday pay.

54.    Defendant has failed to pay members of the proposed Class all accrued vacation wages in a timely fashion upon the end of the employment relationship.  This failure has resulted in a forfeiture of vacation wages in violation of California *Labor Code* §227.3.

55.    Defendant has a written policy that provides for illegal forfeiture of vacation, personal and holiday time which applies to all California employees. Plaintiffs are informed and believe that Defendant's failure to comply with the provision of California *Labor Code* §227.3 was willful and done with the wrongful and deliberate intention of injuring the representative Plaintiffs and members of the proposed Class, from improper motives amounting to malice, and in conscious disregard of the rights of the representative Plaintiffs and the members of the proposed Class.

56.    As a result of Defendant's violation of and failure to comply with *Labor Code* §227.3, including Defendant's willful failure to provide the representative Plaintiffs and members of the proposed Class with the accrued vacation wages due (as the same are defined under California law) at the time of termination of employment, representative Plaintiffs and members of the proposed Class are entitled to the payment of an additional thirty (30) days of wages from the date payment was due, pursuant to *Labor Code* §203.

57.    Plaintiffs and the members of the proposed Class are entitled to recover any and all unpaid vacation time, penalties, interest and attorneys' fees.

1    58.    Defendant's wrongful and illegal conduct in failing to comply with *Labor*

2  *Code* §227.3, despite the clear legal obligation to do so, unless and until enjoined and

3  restrained by order of this Court, will cause great and irreparable injury to Plaintiffs

4  and all members of the proposed Class.   This reasonable expectation of future

5  violations will require current and future employees to repeatedly and continuously

6  seek legal redress in order to gain the compensation to which they are entitled under

7  California law.   Plaintiffs have no other adequate remedy at law to insure future

8  compliance with the California labor laws and wage orders alleged to have been

9  violated herein.

## THIRD CAUSE OF ACTION

### (Statutory Wage Violation of California

### *Labor Code* §§ 500, 510 and 1194 - Failure to Pay

### All Overtime Wages Due)

14    59.    Plaintiffs re-allege and incorporate herein by reference each and every

15  allegation contained in paragraphs 1 through 58, inclusive.

16    60.    California *Labor Code* §510, provides in relevant part:

> Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. . .

61.     California *Labor Code* §1194, provides in relevant part:

> . . .any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

62.     Defendant willfully failed to pay overtime wages to Plaintiffs and members of the proposed Class. Wal-Mart allowed, suffered and permitted Plaintiffs and members of the proposed Class to work in excess of the statutory maximum hours per day, and in excess of the maximum hours per week, for which they were not paid at premium rates of pay. As a result, Plaintiffs and members of the proposed Class are entitled to overtime wages pursuant to California law.

63.     Within the proposed class period as defined herein, Defendant has failed to pay Plaintiffs and the members of the proposed Class for all work performed pursuant to the requirements of the California *Labor Code*. Said compensation includes payment due at correct Class members' hourly rate, or at their correct overtime rate pursuant to California *Labor Code* §§500, 510, and 1194.

64.     The laws of the State of California require an employer, such as Wal-Mart, to pay all overtime compensation due to all non-exempt employees. Plaintiffs and members of the proposed Compensation Sub-Class are not exempt from overtime pay requirements under California law.

65.     Members of the Compensation Sub-Class are correctly classified by Defendant as non-exempt employees entitled to overtime compensation.

66.     Defendants have failed and refused, and continue to fail and refuse, to pay members of the Compensation Sub-Class for all hours worked.

67.     As a result of the actions of Defendant in failing and refusing to pay all overtime compensation due, the Plaintiffs and the Compensation Sub-Class were

---

**FIRST AMENDED CONSOLIDATED COMPLAINT**

17

damaged by not receiving all of the compensation which they should have received, but did not receive.  Plaintiffs and members of the Compensation Sub-Class are entitled to receive this compensation for unpaid straight time and overtime, together with pre-judgment interest.

68.    As a result of Defendant's failure to pay all compensation due to terminating Compensation Sub-Class members in compliance with California law, Compensation Sub-Class members who are former employees of Defendant are entitled to an additional 30 days of wages from the date said wages were due, pursuant to *Labor Code* §203.

69.    Plaintiffs and the proposed Class are entitled to receive an award of reasonable attorneys' fees and costs pursuant to California *Labor Code* §1194.

## FOURTH CAUSE OF ACTION

### (Statutory Wage Violation of California *Labor Code* §226 - Failure to Accurately Record and Report Wages Earned and Rates of Pay)

70.    Plaintiffs hereby incorporate by reference Paragraphs 1 through 69, inclusive, above as though fully set forth.

71.    *Labor Code* §226 requires employers to provide employees semi-monthly or at the time of each payment of wages with accurate itemized wage statements showing, *inter alia*, gross wages earned, total hours worked, and all applicable hourly rates, and the corresponding number of hours worked at each hourly rate by the employee.

72.    *Labor Code* §226 further provides that: "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees."

---

**FIRST AMENDED CONSOLIDATED COMPLAINT**

1    73.   Defendant has failed to provide Plaintiffs and the proposed Class with

2 accurate itemized wage statements as required by *Labor Code* §226.  By its actions,

3 Defendant violated provisions of §§226, 227.3, 510, and 1194, *et seq.* of the California

4 *Labor Code* and are therefore liable to Plaintiffs and the proposed Class for damages

5 caused.

6    74.   Defendant's wrongful and illegal conduct in failing to accurately record

7 wages earned and rates of pay in accordance with *Labor Code* §226, despite the clear

8 legal obligation to do so, unless and until enjoined and restrained by order of this

9 Court, will cause great and irreparable injury to Plaintiffs and all members of the

10 proposed Class.  This reasonable expectation of future violations will require current

11 and future employees to repeatedly and continuously seek legal redress in order to gain

12 the compensation to which they are entitled under California law.  Plaintiffs have no

13 other adequate remedy at law to insure future compliance with the California labor

14 laws and wage orders alleged to have been violated herein.

15    75.   Plaintiffs seek payment of actual damages pursuant to California *Labor*

16 *Code* §226(e) for each employee who did not receive accurate itemized wage

17 statements during their employment with Wal-Mart.  Plaintiffs also seek payment of

18 costs, interest, disbursements and attorneys' fees pursuant to California law including,

19 but not limited to, California *Labor Code* §§218.5 and 218.6.

20                    **FIFTH CAUSE OF ACTION**

21                    **(Conversion of Wages)**

22    76.   Plaintiffs hereby incorporate by reference each and every allegation

23 contained in Paragraphs 1 through 75, inclusive, herein.

24    77.   At all times material herein, Plaintiffs and others similarly situated were

25 employed by Defendant.

26    78.   Within three years prior to the filing of this Complaint, up through and

27 including the present date through adjudication, Wal-Mart failed to pay wages,

28 including overtime, "vacation pay", and "holiday pay" during Plaintiffs' and others

---

**FIRST AMENDED CONSOLIDATED COMPLAINT**

1 similarly situated employments and at the termination of employment within the time
2 periods required by California law.  Wal-Mart also failed to provide accurate itemized
3 wage statements.  Wal-Mart owes monies to Plaintiffs and others similarly situated for
4 failing to pay wages, including overtime, "vacation pay", and "holiday pay" during and
5 at termination of employment, and for failing to provide accurate itemized wage
6 statements.

7      79.    At the time Plaintiffs and others similarly situated left Wal-Mart's
8 employ, wages and damages were due and owing.  The unpaid wages, actual damages,
9 and penalty wages became the property of Plaintiffs and others similarly situated, and
10 Plaintiffs and the others similarly situated had a right to possess their property.  By
11 failing to pay earned wages, actual damages, and penalty wages to Plaintiffs and the
12 others similarly situated, Defendant wrongfully obtained and held the monies
13 belonging to Plaintiffs and others similarly situated.

14      80.    Plaintiffs did not consent to Defendant's conversion of their monies and
15 Plaintiffs were harmed by Defendant's conversion of their monies.  Defendant's
16 conversion of their monies was a substantial factor in causing Plaintiffs' harm.

17      81.    Under the alleged circumstances, it would be inequitable for Defendant
18 to continue to retain the property of Plaintiffs and others similarly situated entitling
19 both to the relief set forth below.

20      82.    As a result, those wages, actual damages, and penalty wages remain due
21 and unpaid, and Plaintiffs and others similarly situated are entitled to the value of the
22 property at the time of the conversion, interest from that time, and fair compensation
23 for the time and money properly expended in pursuit of the property pursuant to
24 California *Civil Code* §§3336 and 3337, and Plaintiffs and others similarly situated are
25 entitled to punitive damages pursuant to California *Civil Code* §3294, as well as all
26 damages allowed under California *Labor Code* §203.
27 / / /
28 / / /

---

**FIRST AMENDED CONSOLIDATED COMPLAINT**

**SIXTH CAUSE OF ACTION**

**(Unfair Competition: California**

***Business and Professions Code* §17200, *et seq.***

**Brought By Plaintiffs On Behalf of Themselves,**

**The Class, The Sub-Class and the California General Public**

**Against Defendant)**

83.    Plaintiffs hereby incorporate by reference each and every allegation contained in Paragraphs 1 through 82, inclusive, herein.

84.    Section 17200 of the California *Business and Professions Code* prohibits any unlawful, unfair or fraudulent business act or practice.

85.    Plaintiffs bring this cause of action in a representative capacity on behalf of the general public and the persons affected by the unlawful and unfair conduct described hereafter.  Plaintiffs and members of the proposed Class have suffered and continue to suffer injury in fact and monetary damages as a result of Defendant's actions.

86.    The actions by Defendant including, but not limited to, the failure to pay all straight time and overtime compensation due to members of the proposed Class, the failure to properly compensate members of the proposed Class for all vacation compensation (as the same is characterized by California law and the orders of the IWC), the failure to pay all monies due at the time of the termination of employment, and all other conduct described herein constitute unlawful conduct and violations of law as alleged herein.  Such actions are also unfair business practices.  As such, said conduct amounts to unfair business practices in violation of California *Business and Professions Code* §17200, *et seq*.  Indeed, Defendant's conduct as herein alleged has damaged Plaintiffs, the Class, and the Sub-Class members by wrongfully denying them earned wages and therefore was substantially injurious to Plaintiffs, the Class, and the Sub-Class members causing them injury in fact and the loss of money.

/ / /

---

**FIRST AMENDED CONSOLIDATED COMPLAINT**

87.   Plaintiffs are informed and believe that Defendant continues its unlawful and unfair conduct as described herein.  As a result of said conduct, Defendant has unlawfully and unfairly obtained monies due to the Plaintiffs and members of the proposed Class.

88.   All members of the proposed Class can be identified by reference to records in the possession of Defendant.  The members of the proposed Class are entitled to restitution of monies due obtained by Defendant during the Class period as a result of Defendant's unlawful and unfair conduct.

89.   As a direct and proximate result of the Defendant's conduct, the Plaintiff Class is entitled to have this Court grant them a preliminary and permanent injunction as follows:

> DEFENDANT IS ENJOINED AND RESTRAINED FROM FAILING TO PAY ALL COMPENSATION DUE TO MEMBERS OF THE PLAINTIFF CLASS INCLUDING, BUT NOT LIMITED TO, STRAIGHT TIME, OVERTIME, VACATION PAY, ETC.  IN ADDITION, DEFENDANT IS ENJOINED AND RESTRAINED FROM FAILING TO PROPERLY ITEMIZE WAGES AS PROVIDED BY *LABOR CODE*

90.   Beginning at a date unknown to Plaintiffs, but at least as early as March 20, 2002, Defendant committed, and continues to commit, acts of unfair competition, as defined by §17200, *et seq.*, of the California *Business and Professions Code*, by and among other things, engaging in the acts and practices described above.

91.   Defendant's course of conduct, act, and practice in violation of the California laws mentioned in each paragraph above constitute separate and independent violations of §17200, *et seq.*, of the California *Business and Professions Code*.

/ / /

---

**FIRST AMENDED CONSOLIDATED COMPLAINT**

92.   The harm to Plaintiffs, the Class and Sub-Class members in being wrongfully denied lawfully earned wages outweighs the utility, if any, of Defendant's policies/practices and, therefore, Defendant's actions described herein constitute an unfair business practice or act within the meaning of California *Business and Professions Code* §17200.

93.   Defendant's conduct described herein threatens an incipient violation of California wage and hour laws and the California common law of conversion and/or violates the policy or spirit of such laws or otherwise significantly threatens or harms competition.

94.   Defendant's course of conduct described herein also violates California *Business and Professions Code* §17200 in that it is fraudulent, improper, and unfair.

95.   The unlawful, unfair, and fraudulent business practices and acts of Defendants, and each of them, as described above, have injured Plaintiffs and members of the Class and Sub-Class in that they were wrongfully denied the payment of overtime wages, wages for work off-the-clock, and wages due for vacations, personal time and holiday pay.

<u>Private Attorneys General Act of 2004</u>:

Pursuant to the Private Attorneys General Act of 2004, California *Labor Code* §2698, *et seq.*, Plaintiffs have given notice to Wal-Mart and to the California Labor and Workforce Development Agency of Defendant's violations of California *Labor Code* including, but not limited to, California *Labor Code* §§201, 202, 203, 218, 226, 227.3, 500, 510 and 1194.   After the notice period provided in California *Labor Code* §2699.3, Plaintiffs intend to amend their Complaint to include civil penalties provided in California law including, but not limited to, California *Labor Code* §§210, 226.3, 558 and 2699, *et seq.*

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, pray for judgment against Defendant as follows:

---

**FIRST AMENDED CONSOLIDATED COMPLAINT**

1.     For an Order certifying the Class and any appropriate sub-classes thereof under the appropriate provisions of *Federal Rules of Civil Procedure,* Rule 23, and appointing Plaintiffs and their counsel to represent the Class;

2.     For all wages, including overtime, "holiday pay", and "vacation pay", and other related sums converted by Wal-Mart;

3.     Pursuant to California *Business and Professions Code* §17203, that Wal-Mart be preliminarily and permanently enjoined from failing to pay Plaintiffs, those similarly situated, and all current and former employees all wages due upon termination of employment within the time proscribed by law;

4.     Pursuant to California *Business and Professions Code* §17203 and the equitable powers of this Court, that Wal-Mart be ordered to restore to Plaintiffs all funds acquired by means of any act or practice declared by this Court to be unlawful or fraudulent or to constitute unfair competition under *Business and Professions Code* §17200, *et seq.*;

5.     For restitution of wages and related sums, penalty wages, attorneys' fees, and all other remedies available pursuant to California *Business and Professions Code* §17200, *et seq.*;

6.     For statutory wages and actual damages pursuant to California *Labor Code* sections, including but not limited to §203 and §226;

7.     For punitive and exemplary damages pursuant to California *Civil Code* §3294;

8.     For costs and disbursements, pre-judgment and post-judgment interest in the amount of ten percent (10%) per annum, liquidated damages, and attorneys' fees pursuant to California *Labor Code* §§218.5, 218.6, and 1194; and

9.     For such further or alternative relief in favor of Plaintiffs and all others similarly situated as the Court deems appropriate.

---

**FIRST AMENDED CONSOLIDATED COMPLAINT**

WHEREFORE, Plaintiffs individually and on behalf of all others similarly situated request the Court award such damages as set forth above; award Plaintiffs attorneys' fees, costs and expenses of suit; order Defendant to pay pre-judgment and post-judgment interest on all amounts due to Plaintiffs as a result of this action; and order such further or alternative relief in favor of Plaintiffs and all Class members as the Court deems appropriate.

## JURY DEMAND

Plaintiffs, on behalf of themselves and all others similarly situated, hereby demand a trial by jury in this case.

DATED:  March 2, 2007          MARLIN & SALTZMAN
                               SCHWARTZ, DANIELS & BRADLEY
                               LAW OFFICES OF PETER M. HART
                               BAILEY PINNEY, PC
                               LAW OFFICES OF BONNIE R. MAC FARLANE


By: _____
                               STANLEY D. SALTZMAN
                               ARNOLD W. SCHWARTZ
                               MARCUS J. BRADLEY
                               Attorneys for Plaintiffs

**FIRST AMENDED CONSOLIDATED COMPLAINT**

**PROOF OF SERVICE**

**STATE OF CALIFORNIA** )
                                        )   ss.
**COUNTY OF LOS ANGELES** )

   I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is SCHWARTZ, DANIELS & BRADLEY, located at 29229 Canwood Street, Suite 208, Agoura Hills, California 91301.

   On **March 27, 2007**, I served the foregoing document described as FIRST AMENDED CONSOLIDATED COMPLAINT on the interested parties in this action by placing the true and correct copies thereof in sealed envelopes addressed as follows:

**SEE ATTACHED MAILING LIST**

 **XX**    **BY MAIL** as follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Agoura Hills, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit.

   Executed on **March 27, 2007**, at Agoura Hills, California.

_____    **BY PERSONAL SERVICE:**  I delivered such envelope by hand to the offices of the addressee.

   Executed on _____, at Agoura Hills, California.

_____    **BY FACSIMILE TRANSMISSION:**  From FAX No. (310) 478-1232 to the  person(s) and facsimile number(s) indicated on the attached mailing list.  The facsimile machine I used complied with Rule 2003(3), and no error was reported by the machine.  Pursuant to Rule 2005(i), I caused the machine to print a record of the transmission.

_____    **BY E-MAIL OR ELECTRONIC TRANSMISSION**

   Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses noted below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

   Executed on **March 27, 2007,** at Agoura Hills, California.

 **XX**   **(FEDERAL)**  I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

ALLYSEN FRIEDMAN

1

PROOF OF SERVICE

## SERVICE LIST

*Ballard, etc., et al. v. Wal-Mart, etc., et al.*
USDC Case No. CV 06-3790 RSWL (JWJx)

Peter M. Hart, Esq.                                    Co-Counsel for Plaintiffs
Peter M. Hart Law Offices                         DANTON BALLARD and NATHAN LYONS
13952 Bora Bora Way, Suite F-320
Marina del Rey, California 90292
Telephone:      (310) 478-5789
Facsimile:       (509) 561-6441
hartpeter@msn.com

Stanley D. Saltzman, Esq.                          Co-Counsel for Plaintiffs
Marlin & Saltzman                                     DANTON BALLARD and NATHAN LYONS
29229 Canwood Street, Suite 208
Agoura Hills, California 91301
Telephone:      (818) 991-8080
Facsimile:       (818) 991-8081
ssaltzman@marlinsaltzman.com

A.E. "Bud" Bailey, *Pro Hac Vice*               Co-Counsel for Plaintiffs
J. Dana Pinney, *Pro Hac Vice*                   DANTON BALLARD and NATHAN LYONS
Members of Bailey Pinney PC
1498 S.E. Tech Center Place, Suite 290
Vancouver, Washington  98683
Telephone:      (360) 567-2551
Facsimile:       (360) 567-3331
BBailey@wagelawyer.com
JDPinney@wagelawyer.com

Bonnie R. MacFarlane, Esq.                       Co-Counsel for Plaintiffs
Law Offices of Bonnie R. MacFarlane       DANTON BALLARD and NATHAN LYONS
720 Howe Ave, Suite 113
Sacramento, California  95825
Telephone:      (800) 230-5528
Facsimile:       (800) 230-5866
BMacfarlane@wagelawyer.com

Louis Marlin, Esq.                                       Co-Counsel for Plaintiffs
Marlin & Saltzman                                     DANTON BALLARD and NATHAN LYONS
3200 El Camino Real, Suite 100
Irvine, California  92602
Telephone:      (714) 669-4900
Facsimile:       (714) 669-4750
louis.marlin@marlinsaltzman.com

2

1

Lynne C. Hermle, Esq.
Michael a. Aparicio, Esq.
Jessica R. Perry, Esq.
Amira B. Day, Esq.
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, California 94025
Telephone:      (650) 614-7400
Facsimile:      (650) 614-7401

Attorneys for Defendant
WAL-MART STORES, INC.
*Smith* action

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE