1   LYNNE C. HERMLE (STATE BAR NO. 99779)
    lchermle@orrick.com
2   MICHAEL A. APARICIO (STATE BAR NO. 206300)
    maparicio@orrick.com
3   JESSICA R. PERRY (STATE BAR NO. 209321)
    jperry@orrick.com
4   AMIRA B. DAY (STATE BAR NO. 239045)
    aday@orrick.com
5   ORRICK, HERRINGTON & SUTCLIFFE LLP
    1000 Marsh Road
6   Menlo Park, CA  94025
    Telephone:     650-614-7400
7   Facsimile:     650-614-7401

8   Attorneys for Defendant
    WAL-MART STORES, INC.
9
    Arnold W. Schwartz (STATE BAR NO. 63436)
10  Marcus J. Bradley (STATE BAR NO. 174156)
    E-Mail:  Marcus.Bradley@SchwartzDanielsBradley.com
11  SCHWARTZ, DANIELS & BRADLEY
    29229 Canwood Street, Suite 208
12  Agoura Hills, California 91301
    Telephone:  (310) 478-5838 or (818) 338-8900
13  Facsimile:  (310) 478-1232

14  Attorneys for Plaintiffs

15

16                 **IN THE UNITED STATES DISTRICT COURT**

17            **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

18

19  | In Re WAL-MART STORES, INC. WAGE | Case No.  C 06-02069 SBA |
    | AND HOUR LITIGATION | |

20  | | **CLASS ACTION** |

21  | This Document Relates To: | **STIPULATED PROTECTIVE ORDER** |

22  | Case Nos. | |

23  | C 06 02069 SBA (Smith) and | |
    | CV 06 05411 SBA (Ballard) | |

24

25

26

27

28

1   **ADDITIONAL PLAINTIFFS' COUNSEL**
    MARLIN & SALTZMAN
2   LOUIS M. MARLIN (State Bar No. 054053)
    STANLEY D. SALTZMAN (State Bar No. 090058)
3   3200 El Camino Real, Suite 100
    Irvine, California 92602
4   Telephone:      (714) 669-4900
    Facsimile:      (714) 669-4750
5   louis.marlin@marlinsaltzman.com
    ssaltzman@marlinsaltzman.com
6
    Peter M. Hart (State Bar No. 198691)
7   LAW OFFICES OF PETER M. HART
    13952 Bora Bora Way, F-320
8   Marina Del Rey, CA 90292
    Telephone:      (310) 478-5789
9   Facsimile:      (310) 561-6441
    HartPeter@msn.com
10

11  A.E. "Bud" Bailey, Pro Hac Vice, OSB#87157, WSB#33917
    J. Dana Pinney, Pro Hac Vice, OSB#75308, WSB#33919, D.C. No. 473833
12  MEMBERS OF BAILEY PINNEY PC
    1498 S.E. Tech Center Place, Suite 290
13  Vancouver, WA 98683
    Telephone:      (360) 567-2551
14  Facsimile:      (360) 567-3331
    bbailey@wagelawyer.com
15

16  Bonnie R. MacFarlane (State Bar No. 161526)
    720 Howe Avenue, Suite 113
17  Sacramento, CA 95825
    Telephone:      (800) 230-5528
18  Facsimile:      (800) 230-5866
    bmacfarlane@wagelawyer.com
19

20

21

22

23

24

25

26

27

28

OHS West:260256137.1                - 2 -                STIPULATED PROTECTIVE ORDER
                                                         C 06-02069 SBA

1

2   1.      PURPOSES AND LIMITATIONS

3           Disclosure and discovery activity in this action are likely to involve production of

4   confidential, proprietary, or private information for which special protection from public

5   disclosure and from use for any purpose other than prosecuting this litigation would be warranted.

6   Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated

7   Protective Order.  The parties acknowledge that this Order does not confer blanket protections on

8   all disclosures or responses to discovery and that the protection it affords extends only to the

9   limited information or items that are entitled under the applicable legal principles to treatment as

10  confidential.  The parties further acknowledge, as set forth in Section 10, below, that this

11  Stipulated Protective Order creates no entitlement to file confidential information under seal;

12  Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards

13  that will be applied when a party seeks permission from the court to file material under seal.

14  2.      DEFINITIONS

15          2.1     Party:  any party to this action, including all of its officers, directors, employees,

16  consultants, retained experts, and outside counsel (and their support staff).

17          2.2     Disclosure or Discovery Material:  all items or information, regardless of the

18  medium or manner generated, stored, or maintained (including, among other things, testimony,

19  transcripts, or tangible things) that are produced or generated in disclosures or responses to

20  discovery in this matter.

21          2.3     "Confidential" Information or Items:  information (regardless of how generated,

22  stored or maintained) or tangible things that qualify for protection under standards developed

23  under F.R.C.P. 26(c).

24          2.4     Receiving Party:  a Party that receives Disclosure or Discovery Material from a

25  Producing Party.

26          2.5     Producing Party:  a Party or non-party that produces Disclosure or Discovery

27  Material in this action.

28

OHS West:260256137.1                          - 3 -                    STIPULATED PROTECTIVE ORDER
                                                                       C 06-02069 SBA

1    2.6    Designating Party:  a Party or non-party that designates information or items that it

2  produces in disclosures or in responses to discovery as "Confidential."

3    2.7    Protected Material:  any Disclosure or Discovery Material that is designated as

4  "Confidential."

5    2.8    Outside Counsel:  attorneys who are not employees of a Party but who are retained

6  to represent or advise a Party in this action.

7    2.9    House Counsel:  attorneys who are employees of a Party.

8    2.10    Counsel (without qualifier):  Outside Counsel and House Counsel (as well as their

9  support staffs).

10    2.11    Expert:  a person with specialized knowledge or experience in a matter pertinent to

11  the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a

12  consultant in this action and who is not a past or a current employee of a Party or of a competitor

13  of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party

14  or a competitor of a Party's.  This definition includes a professional jury or trial consultant

15  retained in connection with this litigation.

16    2.12    Professional Vendors:  persons or entities that provide litigation support services

17  (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing,

18  storing, retrieving data in any form or medium; etc) and their employees and subcontractors.

19  3.    SCOPE

20    3.1    The protections conferred by this Stipulation and Order cover not only Protected

21  Material (as defined above), but also any information copied or extracted therefrom, as well as all

22  copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or

23  presentations by parties or counsel to or in court or in other settings that might reveal Protected

24  Material.

25  4.    DURATION

26    Even after the termination of this litigation, the confidentiality obligations imposed by this

27  Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

28  otherwise directs.

1    5.    DESIGNATING PROTECTED MATERIAL

2        5.1    Exercise of Restraint and Care in Designating Material for Protection.  Each Party

3    or non-party that designates information or items for protection under this Order must take care to

4    limit any such designation to specific material that qualifies under the appropriate standards.  A

5    Designating Party must take care to designate for protection only those parts of material,

6    documents, items, or oral or written communications that qualify – so that other portions of the

7    material, documents, items, or communications for which protection is not warranted are not

8    swept unjustifiably within the ambit of this Order.

9        Mass, indiscriminate, or routinized designations are prohibited, as well as designations

10    that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to

11    unnecessarily encumber or retard the case development process, or to impose unnecessary

12    expenses and burdens on other parties).

13        If it comes to a Party's or a non-party's attention that information or items that it

14    designated for protection do not qualify for protection at all, or do not qualify for the level of

15    protection initially asserted, that Party or non-party must promptly notify all other parties that it is

16    withdrawing the mistaken designation.

17        5.2    Manner and Timing of Designations.

18        (a)    In designating materials, documents or portions thereof as confidential, the

19    Producing Party shall mark every page and/or significant component, which contains Confidential

20    Information, with the appropriate "CONFIDENTIAL" stamp.  Notwithstanding the foregoing

21    sentence, a cover letter may be used to designate certain materials, such as computer data, where

22    stamping would be impractical or impossible.

23        (b)    A Party or non-party that makes original documents or materials available

24    for inspection need not designate them for protection until after the inspecting Party has indicated

25    which material it would like copied and produced.  During the inspection and before the

26    designation, all of the material made available for inspection shall be deemed

27    "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and

28    produced, the Producing Party must determine which documents, or portions thereof, qualify for

1   protection under this Order, then, before producing the specified documents, the Producing Party

2   must affix the appropriate legend ("CONFIDENTIAL") as described in 5.2(a) above.

3           (c)     For testimony given in deposition or in other pretrial proceedings, the Party

4   or non-party offering or sponsoring the testimony shall have up to 20 days after the transcript is

5   completed and delivered to the parties to identify the specific portions of the testimony as to

6   which protection is sought.  Only those portions of the testimony that are appropriately designated

7   for protection within the 20 days shall be covered by the provisions of this Stipulated Protective

8   Order.  During this period, the entire transcript will be treated as CONFIDENTIAL under this

9   Stipulated Protective Order.

10      Transcript pages containing Protected Material must be separately bound by the court

11  reporter, who must affix to the top of each such page the legend "CONFIDENTIAL," as

12  instructed by the Party or non-party offering or sponsoring the witness or presenting the

13  testimony.

14          (d)     Materials provided by the parties for purposes of this litigation and

15  designated Confidential pursuant to any prior confidentiality agreement reached in this matter

16  shall be deemed to be Confidential pursuant to this Order.

17      5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to

18  designate qualified information or items as "Confidential" does not, standing alone, waive the

19  Designating Party's right to secure protection under this Order for such material.  If material is

20  appropriately designated as "Confidential" after the material was initially produced, the

21  Receiving Party, on timely notification of the designation, must make reasonable efforts to assure

22  that the material is treated in accordance with the provisions of this Order.

23  6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

24      6.1     Timing of Challenges.  Unless a prompt challenge to a Designating Party's

25  confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

26  economic burdens, or a later significant disruption or delay of the litigation, a Party does not

27  waive its right to challenge a confidentiality designation by electing not to mount a challenge

28  promptly after the original designation is disclosed.

OHS West:260256137.1                          - 6 -                    STIPULATED PROTECTIVE ORDER
                                                                              C 06-02069 SBA

1          6.2     Meet and Confer.  A Party that elects to initiate a challenge to a Designating

2    Party's confidentiality designation must do so in good faith and must begin the process by giving

3    written notice to the Designating Party and explain the basis for their/its belief that the

4    confidentiality designation was not proper and must give the Designating Party an opportunity,

5    and no less than 14 days, to review the designated material, to reconsider the circumstances, and,

6    if no change in designation is offered, to explain the basis for the chosen designation.  A

7    challenging Party may proceed to the next stage of the challenge process only if it has engaged in

8    this meet and confer process first.

9          6.3     Judicial Intervention.  A Party that elects to press a challenge to a confidentiality

10   designation after considering the justification offered by the Designating Party may file and serve

11   a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable)

12   that identifies the challenged material and sets forth in detail the basis for the challenge.  Each

13   such motion must be accompanied by a competent declaration that affirms that the movant has

14   complied with the meet and confer requirements imposed in the preceding paragraph and that sets

15   forth with specificity the justification for the confidentiality designation that was given by the

16   Designating Party in the meet and confer dialogue.

17         The burden of persuasion in any such challenge proceeding shall be on the Designating

18   Party.  Until the court rules on the challenge, all parties shall continue to afford the material in

19   question the protection provided under this Order.

20   7.      ACCESS TO AND USE OF PROTECTED MATERIAL

21         7.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed

22   or produced by another Party or by a non-party in connection with this case only for prosecuting,

23   defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only

24   to the categories of persons and under the conditions described in this Order.  When the litigation

25   has been terminated, a Receiving Party must comply with the provisions of section 11, below

26   (FINAL DISPOSITION).

27         Protected Material must be stored and maintained by a Receiving Party at a location and

28   in a secure manner that ensures that access is limited to the persons authorized under this Order.

1          7.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise

2    ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

3    disclose any information or item designated "CONFIDENTIAL," subject to this Stipulated

4    Protective Order, only to:

5                   (a)     counsel of record for the party to whom such documents or materials are

6    produced or given, including co-counsel of record and the legal associates, paralegals, clerical or

7    other support staff or services of such counsel or co-counsel assigned to assist such counsel in the

8    preparation of this litigation;

9                   (b)     Wal-Mart Stores, Inc., including but not limited to their counsel, including

10   paralegals, clerical or other support staff or services and any current and/or former officers,

11   directors, managers, supervisors or other employees with responsibilities related to the subject

12   matter of this litigation;

13                  (c)     the named plaintiffs Barry Smith, Michael Wiggins, Danton Ballard and

14   Nathan Lyons;

15                  (d)     experts (as defined in this Order) of the Receiving Party to whom

16   disclosure is reasonably necessary for this litigation, and who have signed the "Agreement to Be

17   Bound by Protective Order" (Exhibit A);

18                  (e)     the court and its personnel;

19                  (f)     court reporters, their staffs, and professional vendors to whom disclosure is

20   reasonably necessary for this litigation;

21                  (g)     during their depositions, witnesses in the action to whom disclosure is

22   reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order"

23   (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal

24   Protected Material must be separately bound by the court reporter and may not be disclosed to

25   anyone except as permitted under this Stipulated Protective Order;

26                  (h)     the author of the document or the original source of the information.

27

28

8.       PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," the Receiving Party must so notify the Designating Party immediately in writing (by fax, if possible) and in no event more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material.  Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.       UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A.

1

10.    FILING PROTECTED MATERIAL

2          Without written permission from the Designating Party or a court order secured after

3    appropriate notice to all interested persons, a Party may not file in the public record in this action

4    any Protected Material.  A Party that seeks to file under seal any Protected Material must comply

5    with Civil Local Rule 79-5.

6

11.    FINAL DISPOSITION

7          Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days

8    after the final termination of this action, each Receiving Party must return all Protected Material

9    to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies,

10   abstracts, compilations, summaries or any other form of reproducing or capturing any of the

11   Protected Material.  With permission in writing from the Designating Party, the Receiving Party

12   may destroy some or all of the Protected Material instead of returning it.  Whether the Protected

13   Material is returned or destroyed, the Receiving Party must submit a written certification to the

14   Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day

15   deadline that identifies (by category, where appropriate) all the Protected Material that was

16   returned or destroyed and that affirms that the Receiving Party has not retained any copies,

17   abstracts, compilations, summaries or other forms of reproducing or capturing any of the

18   Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy

19   of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work

20   product, even if such materials contain Protected Material.  Any such archival copies that contain

21   or constitute Protected Material remain subject to this Protective Order as set forth in Section 4

22   (DURATION), above.

23

12.    MISCELLANEOUS

24         12.1    Right to Further Relief.  Nothing in this Order abridges the right of any person to

25   seek its modification by the Court in the future.

26         12.2    Right to Assert Other Objections.  By stipulating to the entry of this Protective

27   Order no Party waives any right it otherwise would have to object to disclosing or producing any

28   information or item on any ground not addressed in this Stipulated Protective Order.

1    Similarly, no party waives any right to object on any ground to the use in evidence of any of the

2    material covered by this Protective Order.

3    ///

4    ///

5    ///

6    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

7

8                                              SCHWARTZ, DANIELS & BRADLEY

9

10   DATED:_____        /s/ Marcus J. Bradley /s/_____

11                                              Marcus J. Bradley
                                                Attorneys for Plaintiffs

12

13                                              ORRICK, HERRINGTON & SUTCLIFFE LLP

14

15   DATED:_____        /s/ Michael A. Aparicio /s/_____

16                                              Michael A. Aparicio
                                                Attorneys for Defendant
17                                              Wal-Mart Stores, Inc.

18   PURSUANT TO STIPULATION, IT IS SO ORDERED.

19

20
     DATED:___June 26, 2007_____      _____
21                                              Saundra Brown Armstrong
                                                United States District Judge
22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER
                                              C 06-02069 SBA

1

## EXHIBIT A

2

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3    I, _____[print or type full name], of _____

4    [print or type full address], declare under penalty of perjury that I have read in its entirety and

5    understand the Stipulated Protective Order that was issued by the United States District Court for

6    the Northern District of California on [date] in the cases of Barry Smith and Michael Wiggins v.

7    Wal-Mart Stores, Inc., Action Number C 06-02069 SBA and Danton Ballard and Nathan Lyons

8    v. Wal-Mart Stores, Inc., Action Number CV 06 3790 SBA.  I agree to comply with and to be

9    bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that

10    failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I

11    solemnly promise that I will not disclose in any manner any information or item that is subject to

12    this Stipulated Protective Order to any person or entity except in strict compliance with the

13    provisions of this Order.

14    I further agree to submit to the jurisdiction of the United States District Court for the

15    Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

16    Order, even if such enforcement proceedings occur after termination of thus action.

17    I hereby appoint _____ [print or type full name] of

18    _____

19    _____[print or type

20    full address and telephone number] as my California agent for service of process in connection

21    with this action or any proceedings related to enforcement of this Stipulated Protective Order.

22    Date:_____

23    City and State where sworn and signed: _____

24    Printed name: _____
                        [printed name]

25

26    Signature: _____
                        [signature]

27

28

OHS West:260256137.1                          - 12 -                    STIPULATED PROTECTIVE ORDER
                                                                              C 06-02069 SBA