MORGAN, LEWIS & BOCKIUS LLP
REBECCA EISEN, State Bar No. 96129
THOMAS M. PETERSON, State Bar No. 96011
KENT M. ROGER, State Bar No. 95987
ERIC MECKLEY, State Bar No. 168181
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: (415) 442-1000; Fax: (415)442-1001
Email: reisen@morganlewis.com
       tmpeterson@morganlewis.com
       kroger@morganlewis.com
       emeckley@morganlewis.com

Attorneys for Defendant
WAL-MART STORES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In Re WAL-MART STORES, INC. WAGE AND HOUR LITIGATION, <br><br> This document relates to Case Nos.: <br> C 06-02069 SBA (Smith) and <br> C 06-05411 SBA (Ballard) | Case No. C 06-02069 SBA (BZ) <br> C 06-05411 SBA (BZ) <br><br> **[PROPOSED] ORDER GRANTING DEFENDANT WAL-MART STORES, INC.'S MOTION FOR SUMMARY JUDGMENT AND/OR SUMMARY ADJUDICATION AS TO PLAINTIFFS BARRY SMITH, MICHAEL WIGGINS AND DANTON BALLARD** <br><br> Date: April 22, 2008 <br> Time: 1:00 p.m. <br> Place: 3 <br> Judge: Hon. Saundra B. Armstrong |

WHEREFORE, on April 22, 2008 at 1:00 p.m., Defendant Wal-Mart Stores, Inc.'s ("Wal-Mart" or "Defendant") Motion for Summary Judgment and/or Summary Adjudication came on for hearing before this Court, the Honorable Saundra Brown Armstrong presiding. The Court considered all papers submitted in support of and in opposition to the Motion. Based thereon and for good cause appearing,

IT IS HEREBY ORDERED as follows: Wal-Mart's Motion for Summary Judgment is

GRANTED.

## BACKGROUND

Defendant Wal-Mart moves for summary judgment and/or summary adjudication as a matter of law as to claims of named Plaintiffs Michael Wiggins, Danton Ballard and Barry Smith pursuant to Federal Rule of Civil Procedure 56.

## LEGAL STANDARD

Federal Rule of Civil Procedure 56 provides for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

The moving party has the burden to demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005). An issue is "material" if its resolution could affect the outcome of the action. *Id.* In determining whether a genuine issue of material fact exists, the court views the evidence and draws inferences in the light most favorable to the non-moving party. *See Anderson,* 477 U.S. at 255; *Sullivan v. U.S. Dep't of the Navy,* 365 F.3d 827, 832 (9th Cir. 2004); *Hernandez v. Hughes Missile Sys. Co.,* 362 F.3d 564, 568 (9th Cir. 2004).

Once the moving party demonstrates the absence of a genuine issue of material fact, the burden shifts to the non-moving party. The non-moving party may not rely on the pleadings, but must present specific and supported material facts, of significant probative value, to preclude summary judgment. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n. 11 (1986); *Leisek v. Brightwood Corp.,* 278 F.3d 895, 898 (9th Cir. 2002); *Federal Trade Comm'n v. Gill*, 265 F.3d 944, 954 (9th Cir. 2001).

Summary judgment should be entered against a "party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

Morgan, Lewis & Bockius LLP
Attorneys At Law
San Francisco

1-SF/7676595.1

2

[PROPOSED] ORDER ON MOTION FOR SUMMARY JUDGMENT
(CASE NO. 06-02069 SBA (BZ))

## ANALYSIS

The Court finds and holds as follows:

(1) Wal-Mart is not liable on Wiggins' claim for unpaid vacation or personal time under Labor Code Section 227.3 or any alleged unpaid regular wages. As demonstrated by Wiggins' deposition testimony and the declaration of Wal-Mart's expert Dr. Martin, the undisputed evidence demonstrates that Wiggins received all wages owed to him and in fact was overpaid.

(2) Wal-Mart is not liable on Wiggins' claim for waiting time penalties for allegedly untimely payment of wages upon termination under California Labor Code section 203. Wal-Mart paid Wiggins when he first appeared in the store at which he worked; prior to that time, he secreted and/or absented himself from payment being made. Wiggins' Section 203 claim is also barred by the one-year statute of limitations contained in California Code of Civil Procedure Section 340;

(3) Wal-Mart is not liable on Wiggins' claim for failure to record wages accurately under Labor Code section 226 because Wiggins was paid for all wages he was owed and he has failed to put forth any evidence that his wage statements contained inaccurate information or that he suffered injury as a result of any information contained on his wage statements;

(4) Wal-Mart is not liable on Wiggins' claim under Business and Professions Code section 17200 *et seq.*, based on alleged violations of Labor Code section 227.3, because Wiggins was paid all wages he was owed;

(5) Wiggins has no standing under Article III of the United States Constitution because he has not suffered any actual injury;

(6) Wal-Mart is not liable on Ballard's claim for unpaid vacation or personal time under Labor Code section 227.3 or, to the extent any such claim is plead, Ballard' claim for unpaid regular wages. The undisputed evidence contained in Ballard's deposition testimony and described in Dr. Martin's report demonstrates that Ballard received all wages owed to him;

(7) Wal-Mart is not liable on Ballard's claim for waiting time penalties for allegedly late payment of wages upon termination under California Labor Code section 203, because Ballard was paid all wages he was owed on the same day his employment terminated in March 2006;

(8) Wal-Mart is not liable on Ballard's claim for failure to record wages accurately under

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7676595.1

3

[PROPOSED] ORDER ON MOTION FOR SUMMARY JUDGMENT
(CASE NO. 06-02069 SBA (BZ))

Labor Code section 226 because Ballard was paid for all wages he was owed and he has failed to put forth any evidence that his wage statements contained inaccurate information or that he suffered injury as a result of any information contained on his wage statements;

(9) Wal-Mart is not liable on Ballard's claim under Business and Professions Code section 17200 *et seq.*, based on alleged violations of Labor Code section 227.3 because Ballard was paid all wages he was owed;

(10) Ballard has no standing under Article III of the United States Constitution because he has not suffered any actual injury;

(11) Wal-Mart is not liable on Smith's claim for penalties for allegedly late payment of vacation upon termination under California Labor Code section 203. Wal-Mart paid Smith when he first appeared in the store at which he worked on January 2, 2005; between December 17, 2004 and January 2, 2005, Smith secreted and/or absented himself from payment being made. Smith's Section 203 claim is also barred by the one-year statute of limitations contained in California Code of Civil Procedure Section 340;

(12) Wal-Mart is not liable on Smith's claim for failure to record wages accurately under Labor Code section 226 because Smith was paid for all wages he was owed and he has failed to put forth any evidence that his wage statements contained inaccurate information or that he suffered injury as a result of any information contained on his wage statements; and

(13) Ballard has no standing under Article III of the United States Constitution because he has not suffered any actual injury.

## CONCLUSION

Accordingly, the Court GRANTS Wal-Mart Stores, Inc.'s Motion for Summary Judgment and/or Summary Adjudication. The claims of Plaintiffs Wiggins, Smith and Ballard will be dismissed.

IT IS SO ORDERED.

Date:_____

Hon. SAUNDRA BROWN ARMSTRONG
United States District Judge

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

1-SF/7676595.1

4

[PROPOSED] ORDER ON MOTION FOR
SUMMARY JUDGMENT
(CASE NO. 06-02069 SBA (BZ))