MORGAN, LEWIS & BOCKIUS, LLP
REBECCA EISEN, State Bar No. 96129
THOMAS M. PETERSON State Bar No. 96011
KENT ROGER, State Bar No. 95987
ERIC MECKLEY, State Bar No. 168181
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: (415) 442-1000; Fax: (415)442-1001
Email: reisen@morganlewis.com
tmpeterson@morganlewis.com
kroger@morganlewis.com
emeckley@morganlewis.com

Attorneys for Defendant
WAL-MART STORES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In Re WAL-MART STORES, INC. WAGE AND HOUR LITIGATION, <br><br> This document relates to Case Nos.: <br> C 06-02069 SBA (Smith) and <br> C 06-05411 SBA (Ballard) | Case No. C 06-02069 SBA (BZ) <br><br> **DECLARATION OF ROXANNA WIGGER IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS TO PLAINTIFFS BARRY SMITH, MICHAEL WIGGINS, AND DANTON BALLARD** <br><br> Date: April 22, 2008 <br> Time: 1:00 p.m. <br> Place: Courtroom 3 <br> Judge: Hon. Saundra Brown Armstrong |

I, ROXANNA WIGGER, declare as follows:

1. I am employed currently as a regional human resource manager with Wal-Mart Private Fleet, the trucking group of Wal-Mart's logistics group. My previous position was as the Director of Personnel Training for Wal-Mart Stores, Inc. ("Wal-Mart"). In that role I was responsible for providing training related to personnel matters to field-based personnel, including personnel managers, training coordinators, personnel coordinators, personnel clerks, and people managers among others, including those working at the local stores who had responsibility for

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7674105.1

DECL. OF ROXANNA WIGGER ISO MOT. FOR SUMM. JDGMT. AND/OR SUMM. ADJUDICATION
CASE NO: (C 06-02069 SBA (BZ))

processing cash payouts at the time of an associate's termination, including for accrued and available vacation and personal time. During my career at Wal-Mart I have worked as an hourly associate and a people manager, among other jobs. I have testified at depositions in this matter as Wal-Mart Stores' designated witness with respect to certain subjects. The statements of fact contained herein are made upon my own personal knowledge or based on information in Wal-Mart Stores' business records that were available to me in my position as Director of Personnel Training.

2. I previously submitted a declaration in this lawsuit in connection with Wal-Mart's Opposition to Plaintiffs' Motion for Class Certification. I will not reiterate in this declaration the facts set forth in my prior declaration, which I understand is already on file with the Court, but include supplemental facts addressing issues related to Wal-Mart's salaried associates.

3. Wal-Mart's payroll department is responsible for payment or issuance of payroll checks and deposits and for payment to employees in California. Wal-Mart has approximately 200 stores in California.

4. Each Wal-Mart store may employ hundreds of non-exempt hourly workers ("hourly associates"). They are managed by a much smaller number of salaried managers ("salaried associates"). All full-time hourly associates accrue paid time off for personal time and vacation. Personal time provides hourly associates additional flexibility to allow them paid time away from work.

5. All salaried associates accrue paid time for vacation. In contrast to hourly associates, however, salaried associates do not accrue personal time. Although managers have established work schedules, salaried associates have the flexibility as managerial employees to control their own work hours and therefore do not receive any formalized "personal time" under Wal-Mart's policies. Because they are not paid on an hourly basis, Wal-Mart's salaried associates have the flexibility to take time away from work for which they are paid. When an hourly associate is promoted to a managerial salaried associate, the salaried associate's flexible work schedule allows him or her to take time off as needed.

6. With respect to salaried associates, neither their "vacation accrual" nor "vacation

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7674105.1

2

DECL. OF ROXANNA WIGGER ISO MOT. FOR
SUMM. JDGMT. AND/OR SUMM. ADJUDICATION
CASE NO: (C 06-02069 SBA (BZ))

1  usage" is recorded in the regular electronic payroll databases. Such amounts must be ascertained
2  by communication with store management, including the salaried associate in question, and/or
3  manual review of each salaried associate's records.

4      7.    If an exempt salaried manager is terminated, regional personnel typically perform
5  the final pay calculation, with the assistance of Market Assistants ("MAs"). The MA calculates
6  the amount of accrued and unused vacation time the terminating manager is due. The MA
7  forwards the vacation information, along with various information identifying the manager (social
8  security, position, hire date, etc.) to the regional office. The regional office calculates and
9  provides the final pay totals to the Market Office. The Market Office creates either a printout of
10 this information or a payout worksheet listing this information and provides it to the store
11 manager, who then relies on the information to provide the final payout in cash to the salaried
12 associate.

14     I declare under the laws of the United States of America that the foregoing is true and
15 correct. Executed on this \_\_11\_\_ day of March, 2008.

                                            _/s/ Roxanna Wigger_
                                                Roxanna Wigger

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7674105.1

3

DEC. OF ROXANNA WIGGER IN SUPPORT
OF DEF'S MOTION FOR SUMMARY
JUDGMENT