Louis M. Marlin, Esq. [Bar No. 054053]
Stanley D. Saltzman, Esq. [Bar No. 090058]
**MARLIN & SALTZMAN**
3200 El Camino Real, Suite 100
Irvine, CA   92602
(714) 669-4900 Fax: (714) 669-4750
louis.marlin@marlinsaltzman.com
ssaltzman@marlinsaltzman.com
Attorneys For: Plaintiffs and Proposed Plaintiff Class
        In Case Number CV 06 05411 SBA (Ballard)*

*Additional Counsel on Following Page

### IN THE UNITED STATES DISTRICT COURT

### FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re WAL-MART STORES, INC. WAGE AND HOUR LITIGATION ] | Case Numbers:        C 06 02069 SBA |
| ] | **CLASS ACTION** |
| _____ ] | **[Proposed] ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT/ADJUDICATION DIRECTED TOWARD THE PLAINTIFF CLASS** |
| This Document Relates To: ] | |
| Case Nos. ] | Date:        April 22, 2008 |
| C 06 02069 SBA (Smith) and CV 06 05411 (SBA) Ballard ] | Time:        1:00 p.m. Location:   United States Courthouse Courtroom 3, Third Floor 1301 Clay Street Oakland, CA 94612-5212 |
| _____ ] | |

1

1

**ADDITIONAL PLAINTIFFS' COUNSEL**

2    Arnold W. Schwartz, Esq.      [State Bar No. 063436]
     Marcus J. Bradley, Esq.       [State Bar No. 174156]
3    **SCHWARTZ, DANIELS & BRADLEY**
     29229 Canwood Street, Suite 208
4    Agoura Hills, California  91301
     Telephone:      (310) 478-5838
5    Facsimile:       (310) 478-1232
     Arnold.Schwartz@SchwartzDanielsBradley.com
6    Marcus.Bradley@SchwartzDanielsBradley.com

7
     Peter M. Hart, Esq.     [State Bar No. 198691]
8    **LAW OFFICES OF PETER M. HART**
     13952 Bora Bora Way, F-320
9    Marina Del Rey, California  90292
     Telephone:      (310) 478-5789
10   Facsimile:       (310) 561-6441
     HartPeter@msn.com
11
     Bonnie R. MacFarlane, Esq. [State Bar No. 161526]
12   **BAILEY PINNEY PC**
     720 Howe Ave, Suite 113
13   Sacramento, California  95825
     Telephone:      (916) 923-5537
14   Facsimile:       (916) 923-5587
     BMacfarlane@wagelawyer.com
15
     Susan Simmons Seemiller, Esq. [State Bar No. 150546]
16   **BAILEY PINNEY, PC**
     840 County Square Drive
17   Ventura, CA 93003
     Telephone: (805) 339-9090
18   Facsimile (805) 339-0090
     SSeemiller@wagelawyer.com

19

20

21

22

23

24

25

26

27

28

2

1

**ORDER**

2      This matter comes before the Court on Defendant's Motion for Summary

3 Judgment/Adjudication directed toward the plaintiff class (Docket No. 269). The Court has considered

4 the parties' filings [and statements made at oral argument on this Motion, which was held on April 22,

5 2008].

6

**BACKGROUND**

7      Plaintiffs Smith, Wiggins, Ballard and Lyons are all former employees of defendant in the State

8 of California. On March 20, 2006, plaintiffs Smith and Wiggins filed their complaint in this Court.

9 On May 17, 2006, plaintiffs Ballard and Lyons filed their similar action in the Superior Court of

10 California, Los Angeles County. Defendant removed the Ballard/Lyons, and that matter was

11 transferred and consolidated with Smith/Wiggins before this Court. On March 27, 2007, plaintiffs

12 filed their First Amended Consolidated Complaint. Defendant filed a motion to dismiss, which was

13 denied in part and granted in part.

14      The First Amended Consolidated Complaint seeks to recover for defendant's alleged violation

15 of California *Labor Code* §201 (failure to timely pay all earned wages upon termination), *Labor Code*

16 §227.3 (failure to pay accrued vacation upon termination), and restitution pursuant to California

17 *Business & Professions Code* §17200, based upon the *Labor Code Violations*.

18      Plaintiffs' Motion for Class Certification was granted in part and denied in part on February

19 12, 2008. The Court certified the following class:

20      All former store employees of Wal-Mart (including Wal-Mart Stores, Wal-Mart

21      Supercenters and Sam's Clubs) in the State of California whose employment ended

22      during the period from March 20, 2002 through the date a judgment is rendered in this

23      matter, and who are members of one or both of the following Subclasses:

24      Subclass No. 1: Class Members who, according to Wal-Mart's computerized records,

25      have not been paid all accrued and unused vacation and personal time they earned

26      while employed by Defendant.

27      Subclass No. 2: Class Members who, according to Wal-Mart's computerized records,

28      have not been paid all wages, which include hourly pay, salary, and geographical

3

1    assistance pay, they earned while employed by Wal-Mart

2                              **LEGAL STANDARD**

3          Fed. R. Civ. P. 56(c) requires that a moving party demonstrate to the satisfaction of the court

4    "that there is no genuine issue of material fact and that the moving party is entitled to judgment as a

5    matter of law."   As noted below, that standard requires that even the slightest doubt about the

6    sufficiency of the evidence should be resolved in favor of plaintiff.

7          The United States Supreme Court held, in *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252,

8    106 S.Ct. 2505, (1986) that the Court must determine "whether reasonable jurors could find by a

9    preponderance of the evidence that the plaintiff is entitled to a verdict." Credibility determinations and

10   the weighing of the evidence as well as the drawing of legitimate inferences from the facts are

11   functions for the jury. *Id* at 255.  The party opposing the motion need only present evidence "from

12   which a jury might return a verdict in his favor.  If he does so, there is a genuine issue of fact that

13   requires a trial." *Id* at 256.

14         Because summary judgment is a "drastic device" cutting off a party's right to present
           its case to a jury, the moving party bears a "heavy burden" of demonstrating the
15         absence of any triable issue of material fact. *Nationwide Life Ins. Co. v. Bankers
           Leasing Ass'n, Inc.*, 182 F.3d 157, 160 (2d Cir.1999).
16
17         *Avalos v. Baca*, 2006 WL 2294878 (C.D.Cal. 2006), at *1

18                               **ANALYSIS**

19   A.      **The First Amended Consolidated Complaint Clearly Alleges Claims for**

20           **Unpaid and Earned Wages Due Upon Termination**

21         Wal-Mart alleges that it is entitled to summary adjudication as to the Sub-Class Two "Wage"

22   Claim because there is no claim for wages made in the First Amended Consolidated Complaint.  Wal-

23   Mart further alleges that Plaintiffs' voluntary dismissal of the breach of contract and Labor Code

24   §1194 claims (the Labor Code is hereafter referred to as L.C.) (the Third Cause of Action in the

25   FACC) bars Plaintiffs' recovery of their underlying wages.  This is incorrect.

26         The Court has reviewed the Stipulation of the parties wherein certain claims were dismissed

27   and certain language voluntarily stricken from the First Amended Consolidated Complaint.  The

28   purpose of the stipulation was clearly to eliminate overtime claims that were duplicative of those raised

                                        4

1  in another pending action against this defendant (*Newland vs. Wal-Mart Stores, Inc.*).  Nothing in the

2  Stipulation evidences an intent upon the part of the plaintiffs to dismiss their claim for ordinary wages.

3       Further, the First Cause of Action of the FACC clearly seeks recovery of unpaid wages,

4  including those sought by Sub-class No. 2.  The FACC placed defendant on fair notice of the claims

5  being made by these plaintiffs.  In addition, the FACC clearly seeks recovery of wages based upon

6  alleged violations of California *Labor Code* §§201 - 202 (failure to pay earned wages upon

7  termination), as well as under California *Business & Professions Code* §17200, et.seq. (Unfair

8  Business Practices), under both the unlawful and the unfair prongs of that statutory scheme.

9     **B.    A Genuine Factual Dispute Exists as to Whether Sub-class No. 2 Is Owed**

10          **Unpaid Wages**

11       Defendant asserts, based upon the opinion of its expert, that Sub-Class No. 2 is not owed any

12  wages. Plaintiffs' expert disputes that contention in some detail, including providing the Court with

13  examples of errors in the calculations made by defendant's expert.

14       The disagreement between the only two experts named in this case must be resolved at trial:

15       Credibility determinations, the weighing of the evidence, and the drawing of legitimate
      inferences from the facts <u>are jury functions</u>, not those of a judge, whether he is ruling

16       on a motion for summary judgment or for a directed verdict. <u>The evidence of the
      non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.</u>

17       *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 at 255

18

19       There is no basis or justification for granting greater consideration to the expert retained by

20  defendant than the expert retained by plaintiffs.  Plaintiffs have established that a genuine issue of

21  material fact exists as to the amount of damages owed to Sub-class No. 2, and summary

22  judgment/adjudication of the claims of this sub-class would be improper.

23       The other issues raised in connection with the claim that Sub-Class No. 2 has no damages are

24  mooted by the existence of the genuine issue of material fact as to the existence of and amount of said

25  damages.  This analysis applies to defendant's claim that class representative Ballard lacks Article III

26  standing.  (See, Order Denying Motion for Summary Judgment/Adjudication as to Plaintiffs Ballard,

27  Wiggins and Smith, filed contemporaneously herewith).

28

1    **C.     Defendant's Motion for Summary Adjudication Of Plaintiffs' Claims**

2          **Under *Labor Code* §§227.3 and 203 Must Be Denied**

3          Plaintiffs have presented evidence to establish that a genuine issue of fact exists as to whether

4    plaintiffs and the Sub-class No. 1are entitled to recover pursuant to *Labor Code* §§ 227.3 and 203.

5    Defendant again attempts to assert that *Labor Code* §208 somehow stands as a bar to recovery by the

6    plaintiffs and the class.  However, and as noted in this Court's Order granting class certification:

7          Wal-mart also curiously asserts, without any apparent basis in fact, that the unpaid
           wages reflected as being "on the books" in the databases might be unpaid because the

8          employee never came to collect their final pay, and therefor the same issue that is fatal
           to Sub-Class No. 3 is also fatal to the other subclasses. *See* Opp'n at 24; Martin Decl.

9          ¶V. However, Dr. Shapiro asserts, and Wal-Mart does not deny, that the entries in the
           databases were created contemporaneously with either a final cash payout or the cutting

10         of a final paycheck, and Shapiro assumes that the employee received the final pay as
           calculated by Wal-Mart.  The question is therefore one of faulty calculations of final

11         pay by Wal-mart, not whether the amounts as calculated were ever received; the issue
           of whether or not an employee came in to pick up his or her final pay is simply not

12         relevant to Subclasses No. 1 and 2."

13         Plaintiffs have established the existence of a genuine issue of fact concerning this issue and the

14   matter must be left to the jury for determination.

15   **D.     Defendant's Motion For Summary Adjudication Based Upon A Claim Of**

16         **A Lack of Willfulness Must Be Denied**

17         Defendant has proposed and argued a standard for willful conduct in connection with a

18   violation under *Labor Code* §203 that is incorrect   The definition of "willful" under §203 is

19   unambiguously set forth in Title 8, California *Code of Regulations*, §13520, as noted in California's

20   DLSE Manual Section 4.2:

21         A willful failure to pay wages within the meaning of L.C. Section 203 occurs when an
           employer intentionally fails to pay wages to an employee when those wages are due.

22         However, a good faith dispute that any wages are due will preclude imposition of
           waiting time penalties under Section 203.

23
           A 'good faith dispute' that any wages are due occurs when an employer presents a

24         defense, based in law or fact, which if successful, would preclude any recovery on the
           part of the employee. The fact that a defense is ultimately unsuccessful will not

25         preclude a finding that a good faith dispute did exist. Defenses presented which, under
           all the circumstances, are unsupported by any evidence, are unreasonable, or are

26         presented in bad faith, will preclude a finding of a 'good faith dispute.'

27         California's DLSE manual section 4.2.2.1 states that "[t]he civil penalty assessed under L.C.

28

                                                    6

§203 does not require that the employer intended the action; merely that the action occurred and it was within the employer's control. *(Davis v. Morris* (1940) 37 Cal.App.2d 269)".

Plaintiff has established that a genuine issue of fact exists as to whether defendant's conduct in connection with its system for payment to terminating employees meets the standard of willfulness. The motion for summary adjudication must be denied.

### E.   <u>Statute of Limitations</u>

Defendant's claim that the statute of limitations for members of Sub-class No. 2 is limited to 1 year because there are no wages that remain unpaid is denied as moot. A genuine issue of material fact exists as to whether that sub-class is owed wages.

There appears to be no dispute that the period of limitations for claims for penalties under *Labor Code* §203 is three years preceding the filing of the original action herein.

### <u>CONCLUSION</u>

Defendant's Motion for Summary Judgment/Adjudication as to the plaintiff class is DENIED. The Court notes that the applicable statute of limitations for claims pursuant to *Labor Code* §203 is three years and that the parties are in agreement in that regard.

Dated:

_____
Saundra Brown Armstrong
United States District Judge

7