Louis M. Marlin, Esq. [Bar No. 054053]
Stanley D. Saltzman, Esq. [Bar No. 090058]
**MARLIN & SALTZMAN**
3200 El Camino Real, Suite 100
Irvine, CA   92602
(714) 669-4900 Fax: (714) 669-4750
louis.marlin@marlinsaltzman.com
ssaltzman@marlinsaltzman.com
Attorneys For: Plaintiffs and Proposed Plaintiff Class
          In Case Number CV 06 05411 SBA (Ballard)*

*Additional Counsel on Following Page

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re WAL-MART STORES, INC. WAGE AND HOUR LITIGATION | Case Numbers:    C 06 02069 SBA |
| | **CLASS ACTION** |
| | **[Proposed] ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND/OR SUMMARY ADJUDICATION AS TO PLAINTIFFS BARRY SMITH, MICHAEL WIGGINS AND DANTON BALLARD** |
| This Document Relates To: | |
| Case Nos. | |
| C 06 02069 SBA (Smith) and CV 06 05411 (SBA) Ballard | Date:         April 22, 2008 Time:         1:00 p.m. Location:    United States Courthouse Courtroom 3, Third Floor 1301 Clay Street Oakland, CA 94612-5212 |

1

1

**ORDER**

2      This matter comes before the Court on Defendant's Motion for Summary Judgment and/or

3   Summary Adjudication as to Plaintiffs Barry Smith, Michael Wiggins and Danton Ballard (Docket No.

4   267).  The Court has considered the parties' filings [and statements made at oral argument on this

5   Motion, which was held on April 22, 2008].

6

**BACKGROUND**

7      Plaintiffs Smith, Wiggins, Ballard and Lyons are all former employees of Defendant, Wal-Mart

8   in the State of California.  On March 20, 2006, Plaintiffs, Barry Smith and Michael Wiggins filed their

9   Complaint in this Court.  Thereafter, on May 17, 2006, Plaintiffs, Danton Ballard and Nathan Lyons

10  filed their similar action in the Superior Court of California, Los Angeles County.  Defendant removed

11  the Ballard/Lyons action to The District Court for the Central District of California.  That matter was

12  subsequently transferred and ultimately consolidated with the Smith/Wiggins action pending before

13  this Court.   On March 27, 2007, Plaintiffs filed their First Amended Consolidated Complaint.

14  Defendant filed a Motion to Dismiss the Amended Consolidated Complaint and a Motion to Strike

15  (Docket No. 80) which were denied in part and granted in part.

16     The First Amended Consolidated Complaint seeks to recover for defendant's alleged violation

17  of California *Labor Code* §201 (failure to timely pay all earned wages upon termination), *Labor Code*

18  §227.3 (failure to pay accrued vacation upon termination), and restitution pursuant to California

19  *Business & Professions Code* §17200, based upon the *Labor Code Violations.*

20     Plaintiffs' Motion for Class Certification was granted in part and denied in part on February

21  12, 2008.  The Court certified the following class:

22     All former store employees of Wal-Mart (including Wal-Mart Stores, Wal-Mart

23     Supercenters and Sam's Clubs) in the State of California whose employment ended

24     during the period from March 20, 2002 through the date a judgment is rendered in this

25     matter, and who are members of one or both of the following Subclasses:

26     Subclass No. 1: Class Members who, according to Wal-Mart's computerized records,

27     have not been paid all accrued and unused vacation and personal time they earned

28

2

1    while employed by Defendant.

2    <u>Subclass No. 2</u>: Class Members who, according to Wal-Mart's computerized records,

3    have not been paid all wages, which include hourly pay, salary, and geographical

4    assistance pay, they earned while employed by Wal-Mart

5                            **LEGAL STANDARD**

6        Fed. R. Civ. P. 56(c) requires that a moving party demonstrate to the satisfaction of the court

7    "that there is no genuine issue of material fact and that the moving party is entitled to judgment as a

8    matter of law."   As noted below, that standard requires that even the slightest doubt about the

9    sufficiency of the evidence should be resolved in favor of plaintiff.

10       The United States Supreme Court held, in *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252,

11   106 S.Ct. 2505, (1986) that the Court must determine "whether reasonable jurors could find by a

12   preponderance of the evidence that the plaintiff is entitled to a verdict." Credibility determinations and

13   the weighing of the evidence as well as the drawing of legitimate inferences from the facts are

14   functions for the jury. *Id* at 255.  The party opposing the motion need only present evidence "from

15   which a jury might return a verdict in his favor.  If he does so, there is a genuine issue of fact that

16   requires a trial." *Id* at 256.

17           Because summary judgment is a "drastic device" cutting off a party's right to present
             its case to a jury, the moving party bears a "heavy burden" of demonstrating the
18           absence of any triable issue of material fact. *Nationwide Life Ins. Co. v. Bankers
             Leasing Ass'n, Inc.*, 182 F.3d 157, 160 (2d Cir.1999).
19
             *Avalos v. Baca*, 2006 WL 2294878 (C.D.Cal. 2006), at *1
20
21                              **ANALYSIS**

22       The Court finds and holds as follows:

23       (1)     As demonstrated by the Declaration of Martin Shapiro, Ph.D., a genuine issue of

24   material fact exists as to whether Wiggins received all wages owed to him;

25       (2)     As Wiggins was not paid all wages owed to him, a genuine issue of material fact

26   exists as to whether he is entitled to claim penalties.  Although Wiggins may have returned to a

27   Wal-Mart and was ultimately paid wages a genuine issue of material fact exists as to whether he

28   was underpaid therefore entitling him to penalties under Labor Code §203. As a genuine issue of

                                         3

1  material fact exists as whether Wiggins' §203 claim is governed by a one-year statute of
2  limitations;

3      (3)    As demonstrated by the Declaration of Dr. Shapiro, there is a genuine issue of
4  material fact as to whether Wiggins was paid all wages on termination.  As such, a genuine issue of
5  material fact exists as to whether there was a failure to record wages accurately under §226 and
6  whether  he suffered injury as a result of any information contained on his wage statements;

7      (4)    As demonstrated by the Declaration of Dr.  Shapiro, a genuine issue of material fact
8  exists as to whether Wiggins received all wages owed to him.  Consequently, there is genuine issue
9  of material fact as to whether Wal-Mart is liable on Wiggins' claim under *Business and*
10 *Professions* Code §17200 *et seq.*, based on alleged violations of §227.3;

11     (5)    As demonstrated by the Declaration of Dr.  Shapiro, a genuine issue of material fact
12 exists as to whether Wiggins received all wages owed to him. As such, a genuine issue of material
13 fact exists as to whether Wiggins has standing under Article III of the United States Constitution;

14     (6)    As demonstrated by the Declaration of Dr.  Shapiro, a genuine issue of material fact
15 exists as to whether Ballard received all wages owed to him;

16     (7)    A genuine issue of material fact exists as to whether Wal-Mart is liable on Ballard's
17 claim for waiting time penalties for late payment of wages upon termination under §203, as a
18 genuine issue of material fact exists as to whether Ballard was paid all wages he was owed on the
19 same day his employment terminated in March 2006;

20     (8)    As demonstrated by the Declaration of Dr. Shapiro, there is a genuine issue of
21 material fact as to whether Ballard was paid all wages on termination.  As such, a genuine issue of
22 material fact as exists as to whether there was a failure to record wages accurately under §226 and
23 whether  he suffered injury as a result of any information contained on his wage statements;

24     (9)    As demonstrated by the Declaration of Dr.  Shapiro, a genuine issue of material fact
25 exists as to whether Ballard received all wages owed to him.  Consequently, there is a genuine
26 issue of material fact as to whether Wal-Mart is liable on Ballard's claim under *Business and*
27 *Professions* Code §17200 *et seq.*, based on alleged violations of §227.3;

28

4

1    (10)    As demonstrated by the Declaration of Dr. Shapiro, a genuine issue of material fact

2  exists as to whether Ballard received all wages owed to him. As such, a genuine issue of material

3  fact exists as to whether Ballard has standing under Article III of the United States Constitution;

4    (11)    As demonstrated by the Declaration of Dr. Shapiro, a genuine issue of material fact

5  exists as to whether Smith was paid all wages owed to him, and, as such. a genuine issue of

6  material fact exists as to whether he is entitled to claim penalties. Although Smith returned to a

7  Wal-Mart store and was ultimately paid wages there is a genuine issue of material fact as to

8  whether he  was underpaid therefore entitling him to penalties under Labor Code §203. Also, a

9  genuine issue of material fact exists as whether Smith's §203 claim is governed by a one-year

10  statute of limitations;

11    (12)    As demonstrated by the Declaration of Dr. Shapiro, there is a genuine issue of

12  material fact as to whether Smith was paid all wages on termination. As such, a genuine issue of

13  material fact as exists as to whether there was a failure to record wages accurately under §226 and

14  whether he suffered injury as a result of any information contained on his wage statements; and

15    (13)    As demonstrated by the Declaration of Dr. Shapiro, a genuine issue of material fact

16  exists as to whether Smith received all wages owed to him. As such, a genuine issue of material

17  fact exists as to whether Smith  has standing under Article III of the United States Constitution.

**CONCLUSION**

19    Accordingly, Defendant's Motion for Summary Judgment and/or Summary Adjudication as

20  to Plaintiffs Barry Smith, Michael Wiggins and Danton Ballard  DENIED.  Additionally, Plaintiff

21  Barry Smith is reinstated as a class representative for subclasses 1 and 2 consistent  with damages

22  that he has suffered as identified in Wal-Mart's databases and declared to by Dr. Shapiro.

23    IT IS SO ORDERED

25  Dated:                        _____

26                        Saundra Brown Armstrong
                          United States District Judge