# Exhibit A

Louis M. Marlin, Esq., Cal. Bar No. 054053
Stanley D. Saltzman, Esq., Cal. Bar No. 090058
**MARLIN & SALTZMAN**
3200 El Camino Real, Suite 100
Irvine, CA 92602
(714) 669-4900 Fax: (714) 669-4570
louis.marlin@marlinsaltzman.com
ssaltzman@marlinsaltzman.com

Attorneys for Plaintiffs and Proposed Plaintiffs Class
in Case No. CV 06 05411 SBA (Ballard)

*Additional Counsel on Following Page

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re WAL-MART STORES, INC. WAGE AND HOUR LITIGATION | Case No. C06-02069 SBA |
| | **CLASS ACTION** |
| This Document Relates To: | PLAINTIFF MICHAEL WIGGINS' RESPONSES TO DEFENDANT WAL-MART STORES, INC.'S SPECIAL INTERROGATORIES, SET ONE |
| Case Nos. | |
| C 06 02069 SBA (Smith) and CV 06 05411 SBA (Ballard) | |

Arnold W. Schwartz, Esq., Cal. Bar No. 63436
Marcus J. Bradley, Esq., Cal. Bar No. 174156
**SCHWARTZ, DANIELS & BRADLEY**
29229 Canwood Street, Suite 208
Agoura Hills, CA 91301
(310) 478-5838 Fax: (310) 478-1232
arnold.schwartz@schwarzdanielsbradley.com
marcus.bradley@schwartzdanielsbradley.com

Peter M. Hart, Cal. Bar No. 19869
**LAW OFFICES OF PETER M. HART**
13952 Bora Bora Way, F-320
Marina Del Rey, CA 90292
(310) 478-5789 Fax: 310-561-6441
hartpeter@msn.com

Jose R. Mata, Cal. Bar No. 83724, Ore. Bar No. 80305
**BAILEY PINNEY PC**
1498 SE Tech Center Place, Suite 290
Vancouver, Washington 98683
Telephone: (360) 567-2551  Fax: (360) 567-3331
E-Mail: Jmata@wagelawyer.com

Bonnie Mac Farlane, Cal. Bar No. 161526
**BAILEY PINNEY, PC**
720 Howe Street, Suite 113
Sacramento, CA 95825
Telephone: (916)923-5537 Fax: (916) 923.5587
E-Mail:  BMacfarlane@wagelawyer.com

Susan Simmons Seemiller, Cal. Bar No.  150546
**BAILEY PINNEY, PC**
840 County Square Drive
Ventura, CA 93003
Telephone: (805) 339-9090  Fax: (805) 339-0090
E-Mail: Sseemiller@wagelawyer.com

1  PROPOUNDING PARTY:   Defendant WAL-MART STORES, INC.
2  RESPONDING PARTY:    Plaintiff MICHAEL WIGGINS
3  SET NUMBER:          ONE

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Michael Wiggins hereby responds to Defendant Wal-Mart Stores, Inc.'s Special Interrogatories, Set One.

## PRELIMINARY STATEMENT

1. The responses contained herein are based upon information presently known and ascertained by Plaintiff. However, Plaintiff has not completed its investigation of all the circumstances relating to this litigation and has not completed discovery or preparation for trial. Accordingly, the responses herein are without prejudice to utilizing subsequently discovered or recalled documents or information.

2. Plaintiff objects to each request (and any portion thereof) to the extent that the request purports to call for information or documents protected from discovery by the attorney-client privilege and/or work product privilege and/or any other applicable privilege. To the extent any such privileged information is inadvertently produced, Plaintiff does not intend for any such inadvertent production to constitute a waiver of any applicable privilege. In the event of any inadvertent production of any privileged information, Plaintiff requests the immediate return of any such privileged information.

3. Plaintiff further objects to the extent the requests seek to impose obligations or duties beyond those imposed under Rule 33 of the Federal Rules of Civil Procedure.

Without waiving the foregoing general objections, Plaintiff responds to each interrogatory as follows:

## RESPONSES TO INTERROGATORIES

**SPECIAL INTERROGATORY NO. 1:**

State whether or not WIGGINS' employment with WAL-MART terminated at any time between January 1, 2004 and September 1, 2004.

///

**RESPONSE TO SPECIAL INTERROGATORY NO. 1:**

Plaintiff objects to this interrogatory on the basis that it seeks information that is equally within the possession of the propounding party as it is required to maintain this information pursuant to Federal and State law. In addition, Plaintiff objects to the interrogatory on the ground and to the extent that this interrogatory violates the policy and purpose of California Labor Code sections 226 and 1174 and analogous federal law, which strictly place the burden of maintaining the information responsive to this interrogatory on the employer, in this case Defendant WAL-MART.

Plaintiff further objects on the basis that the interrogatory calls for a legal conclusion in determining the specific acts constituting Plaintiff's "termination."

Without waiving said objections, Plaintiff responds that he does not recall specifically the date his employment ended.

**SPECIAL INTERROGATORY NO. 2:**

State the date or dates on which WIGGINS' employment with WAL-MART terminated.

**RESPONSE TO SPECIAL INTERROGATORY NO. 2:**

Plaintiff objects to this interrogatory on the basis that it seeks information that is equally within the possession of the propounding party as it is required to maintain this information pursuant to Federal and State law. In addition, Plaintiff objects to the interrogatory on the ground and to the extent that this interrogatory violates the policy and purpose of California Labor Code sections 226 and 1174 and analogous federal law, which strictly place the burden of maintaining the information responsive to this interrogatory on the employer, in this case Defendant WAL-MART.

Plaintiff further objects on the basis that the interrogatory calls for a legal conclusion in determining the specific acts constituting Plaintiff's "termination."

Without waiving said objections, Plaintiff responds that he does not recall specifically the date his employment ended. He does believe that a final termination took place in October, 2004.

///
///

**SPECIAL INTERROGATORY NO. 3:**

For each date on which WIGGINS' employment with WAL-MART terminated, state whether WIGGINS quit or was discharged, and if discharged, IDENTIFY the PERSON(S) who informed WIGGINS of his discharge and DESCRIBE with specificity what WIGGINS was told regarding why he was being discharged.

**RESPONSE TO SPECIAL INTERROGATORY NO. 3:**

Plaintiff objects to this interrogatory on the basis that it seeks information that is equally within the possession of the propounding party as it is required to maintain this information pursuant to Federal and State law.

Plaintiff further objects on the basis that the interrogatory calls for a legal conclusion in determining the specific acts constituting Plaintiff's "termination."

Plaintiff further objects to this interrogatory on the ground that it is impermissibly compound.

Plaintiff further objects in that this interrogatory seeks information that is not relevant and not reasonably calculated to lead to the discovery of legally admissible evidence in connection with what Mr. Wiggins was told was the basis for his discharge. Whether discharged for cause or not for cause, defendant is obligated to pay all earned wages.

Without waiving said objections, Plaintiff responds that he believes he was discharged. On his last day of work, his manager, whom he believes was Delano Johnson, told him that he (Plaintiff) should call in before coming back to work. Plaintiff called in, as instructed, and was told by a supervisor named Kevin that he was "suspended" and that he was not to come back to work. Plaintiff was told he would get a call with more information. Plaintiff never got a call, and he was later told by the Department of Labor Standards Enforcement (DLSE) that he was fired.

**SPECIAL INTERROGATORY NO. 4:**

If YOU contend WIGGINS' employment with WAL-MART was terminated at any time prior to October of 2004, state whether WIGGINS was re-hired by WAL-MART and, if so, state the date on which

WIGGINS was re-hired, IDENTIFY the PERSON(S) who informed WIGGINS that he was being re-hired, and DESCRIBE what WIGGINS was told regarding why he was being re-hired.

**RESPONSE TO SPECIAL INTERROGATORY NO. 4:**

Plaintiff objects to this interrogatory on the basis that it seeks information that is equally within the possession of the propounding party as it is required to maintain this information pursuant to Federal and State law. In addition, Plaintiff objects to the interrogatory on the ground and to the extent that this interrogatory violates the policy and purpose of California Labor Code sections 226 and 1174 and analogous federal law, which strictly place the burden of maintaining the information responsive to this interrogatory on the employer, in this case Defendant WAL-MART.

Plaintiff further objects on the basis that the interrogatory is impermissibly compound.

Without waiving said objections, Plaintiff responds that he was not rehired.

**SPECIAL INTERROGATORY NO. 5:**

If WIGGINS at any time requested that payment of his FINAL PAY and/or FINAL VACATION/PERSONAL TIME PAY be made by mail and designated a mailing address therefore, state the date(s) on which WIGGINS made such request(s), IDENTIFY the PERSON(S) to whom WIGGINS made such request(s), and state the mailing address(es) WIGGINS designated.

**RESPONSE TO SPECIAL INTERROGATORY NO. 5:**

Plaintiff objects to this interrogatory on the basis that it seeks information that is equally within the possession of the propounding party as it is required to maintain this information pursuant to Federal and State law. In addition, Plaintiff objects to the interrogatory on the ground and to the extent that this interrogatory violates the policy and purpose of California Labor Code sections 226 and 1174 and analogous federal law, which strictly place the burden of maintaining the information responsive to this interrogatory on the employer, in this case Defendant WAL-MART.

Plaintiff objects to this interrogatory on the grounds that it is impermissibly compound.

Plaintiff further objects on the grounds that this interrogatory is vague and ambiguous and unintelligible in that the terms "FINAL PAY" and "FINAL VACATION/PERSONAL TIME PAY" are improperly defined under California law.

Plaintiff further objects in that this interrogatory is irrelevant and not likely nor reasonably calculated to lead to the discovery of legally admissible evidence. The District Court has denied the request to certify sub-class number three, and the information sought would only be relevant, if at all, to the claims of that sub-class. Plaintiffs' claims are based upon defendant's mis-calculation of various types of wages, as those mis-calculations are reflected on defendant's computerized payroll related records. Plaintiffs have repeatedly stated that their claims assume that all associates received all cash or checks available to them at their place of employment, and the issue in contention is not related to receipt of the same.

**SPECIAL INTERROGATORY NO. 6:**

State the specific date(s) on or after October 20, 2004 on which WIGGINS appeared in person at the WAL-MART store at which WIGGINS worked in order to receive FINAL PAY and/or FINAL VACATION/PERSONAL TIME PAY.

**RESPONSE TO SPECIAL INTERROGATORY NO. 6:**

Plaintiff objects to this interrogatory on the basis that it seeks information that is equally within the possession of the propounding party as it is required to maintain this information pursuant to Federal and State law. In addition, Plaintiff objects to the interrogatory on the ground and to the extent that this interrogatory violates the policy and purpose of California Labor Code sections 226 and 1174 and analogous federal law, which strictly place the burden of maintaining the information responsive to this interrogatory on the employer, in this case Defendant WAL-MART.

Plaintiff objects to this interrogatory on the grounds that it is impermissibly compound.

Plaintiff further objects on the grounds that this interrogatory is vague and ambiguous and unintelligible in that the terms "FINAL PAY" and "FINAL VACATION/PERSONAL TIME PAY" are improperly defined under California law.

Plaintiff further objects in that this interrogatory is irrelevant and not likely nor reasonably calculated to lead to the discovery of legally admissible evidence. The District Court has denied the request to certify sub-class number three, and the information sought would only be relevant, if at all, to the claims of that sub-class. Plaintiffs' claims are based upon defendant's mis-calculation of various types

of wages, as those mis-calculations are reflected on defendant's computerized payroll related records. Plaintiffs have repeatedly stated that their claims assume that all associates received all cash or checks available to them at their place of employment, and the issue in contention is not related to receipt of the same.

**SPECIAL INTERROGATORY NO. 7:**

State whether WAL-MART currently owes WIGGINS any wages and, if so, state the specific amount of wages still owing and describe with specificity how the wages currently owing to WIGGINS were calculated, and IDENTIFY all DOCUMENTS which support YOUR contention regarding the fact and amount of wages still owed to WIGGINS.

**RESPONSE TO SPECIAL INTERROGATORY NO. 7:**

Plaintiff objects to this interrogatory as being impermissibly compound. Plaintiff further objects in that this interrogatory seeks information which will be contained in plaintiffs' expert witness declarations. Plaintiff further objects that the interrogatory does not define the term "wages."

The manner and means of calculating the amount of wages that remain unpaid is set forth in detail in the expert witness statement of Martin Shapiro, Ph.D., which has previously been produced to defendant. Plaintiff's knowledge concerning the amount of wages owed derives from Dr. Shapiro's calculations, based upon Wal-Mart's computerized payroll data.

Without waiving said objections, and assuming the terms "wages" includes regular wages, geographical assistance pay, vacation pay, personal time pay, and all other forms of wages, Plaintiff responds that Mr. Wiggins is currently owed $2.92 The manner and method of the calculation of the same is found in the expert witness declaration of Martin Shapiro, Ph.D.

**SPECIAL INTERROGATORY NO. 8:**

To the extent WIGGINS claims entitlement to waiting time penalties against WAL-MART pursuant to California Labor Code Section 203, state the date on which such claim arose.

**RESPONSE TO SPECIAL INTERROGATORY NO. 8:**

Plaintiff objects to this interrogatory on the basis that it seeks information that is equally within the possession of the propounding party as it is required to maintain this information pursuant to Federal

system by which all earned wages, of every type, are automatically and properly calculated upon termination in compliance with California law.

h.  During the class period, a simple review of its own books and records would have revealed to defendant that it was failing to pay all earned wages to members of the plaintiff class. Defendant either did not review its own books and records, or did review the same and chose to ignore its ongoing violation of the California Labor Code.

i.  Defendant, knowing that its final pay procedure was inherently flawed and often resulted in inaccurate payments to terminating employees, considered the cost benefit analysis of the cost of creating an accurate computerized procedure versus payment of penalties if it was caught making inaccurate payments.

j.  Defendant took affirmative steps to "zero out" and/or remove data and information from its computerized payroll system subsequent to termination that was reflective of unpaid accrued vacation and/or personal time.

**SPECIAL INTERROGATORY NO. 10:**

State the name and address of all banks with which WIGGINS had accounts into which WIGGINS could deposit and/or cash a check as of November and December of 2004.

**RESPONSE TO SPECIAL INTERROGATORY NO. 10:**

Plaintiff objects to this interrogatory in that it seeks information not likely nor reasonably calculated to lead to the discovery of legally admissible evidence. Mr. Wiggins seeks payment of wages that Wal-Mart, based upon its computerized payroll records, never paid to Mr. Wiggins, and thus the location of his bank account is irrelevant.

Without waiving said objection, Mr. Wiggins responds that he did not have a bank account.

**SPECIAL INTERROGATORY NO. 11:**

State WIGGINS' residence address(es) during the period from January 1, 2004 through December 31, 2004.

**RESPONSE TO SPECIAL INTERROGATORY NO. 11:**

Plaintiff objects to this interrogatory on the basis that it violates Plaintiff's right to privacy and seeks information that is irrelevant to the present dispute.

Without waiving said objection, Plaintiff provides the following address in response: 700 Willow Street, Apt. 19., Oakland, Ca 94607.

**SPECIAL INTERROGATORY NO. 12:**

DESCRIBE with specificity where and how WIGGINS was able to cash or deposit his WAL-MART payroll check in the amount of $132.86 (*see*, document WMHOe-500524-001-00000001) in or around early December 2004.

**RESPONSE TO INTERROGATORY NO. 12:**

Plaintiff had his checks cashed at Wal-Mart and to the best of his recollection, that is what took place in regard to a final payment.

**SPECIAL INTERROGATORY NO. 13:**

If YOU contend that the signature on the back of the WAL-MART payroll check to WIGGINS in the amount of $132.86 (*see*, document WMHOe-500524-001-00000001) is not WIGGINS' signature, IDENTIFY the PERSON who signed WIGGINS' name on the check and DESCRIBE all facts regarding how and why some PERSON other than WIGGINS signed his name on WIGGINS' WAL-MART payroll check.

**RESPONSE TO SPECIAL INTERROGATORY NO. 13:**

Plaintiff objects to this interrogatory on the basis that it calls for speculation as to how another person other than Plaintiff came to sign Plaintiff's name on his paycheck.

Without waiving said objection, Plaintiff responds that he does not recall if he did or did not endorse the check in question. Plaintiff does not claim that he did not receive funds indicated in Wal-Mart's computerized payroll records as having been paid to him. He claims that he was underpaid in the amount reflected on those very same records.

[signature page follows]

///

Plaintiff Michael Wiggins' Responses to Special Interrogatories, Set One
Case No. C06-02069 SBA
12

Dated: April 1, 2008

MARLIN & SALTZMAN

By: _____
Louis M. Marlin
Attorney for plaintiffs and plaintiff class

# PROOF OF SERVICE

STATE OF CALIFORNIA  )
                     ) ss.
COUNTY OF ORANGE     )

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 3200 El Camino Real, Suite 100, Irvine, CA 92602.

On April 1, 2008 I served the foregoing document described as: **Plaintiff Michael Wiggins' Response to Special Interrogatories** on all interested parties in said action by placing true copies thereof in sealed envelopes addressed as follows:

**See Attached Service List**

( )  **BY MAIL** by placing true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list, by depositing such envelope(s) in the mail at Irvine, California. The envelope(s) was/were mailed with postage thereon fully prepaid.

( )  **BY FACSIMILE TRANSMISSION** from Fax No. (714) 669-4750 to the fax numbers listed below. The facsimile machine I used complied with Rule 2033(3) and no error was reported by the machine. Pursuant to Rule 2008(e), I caused the machine to print a transmission confirmation report which showed the document was transmitted and a copy is attached.

( )  **BY OVERNIGHT MAIL** by placing a true copy thereof, enclosed in a sealed envelope or package designated by Federal Express addressed as follows and delivered it to an authorized receiving station authorized by Federal Express to receive documents with delivery fees by our office.

( X )  **BY E-MAIL ATTACHMENT** as follows: I attached the document, in pdf format, to an e-mail addressed to the e-mail addresses set forth hereafter.

_X_  **FEDERAL** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 1, 2008 at Irvine, California.

*Sharon Robertson*
Sharon Robertson

In Re Wal-Mart Stores, Inc. Wage & Hour Litigation
Case No. C 06 02069 SBA

## Mailing List

Rebecca Eisen          e-mail: reisen@morganlewis.com
William J. Taylor     e-mail: wtaylor@morganlewis.com
**Morgan, Lewis & Bockius, LLP**
One Market, Spear Street Tower
San Francisco, CA 94102

Rudy A. Englund     e-mail: englundr@lanepowell.com
**Lane Powell PC**
1420 Fifth Avenue
Suite 4100
Seattle, WA 98101

Plaintiff Michael Wiggins' Responses to Special Interrogatories, Set One
Case No. C06-02069 SBA

15