1

2

3

4 IN THE UNITED STATES DISTRICT COURT

5 NORTHERN DISTRICT OF CALIFORNIA

6

7
8 In Re WAL-MART STORES, INC.              No. 06-02069 SBA
WAGE AND HOUR LIGITATION

9                                               **ORDER**

10 This Document Relates To:

11 Case Nos.

12 C 06 02069 SBA (Smith) and
CV 06-05411 SBA (Ballard)

13

14

15

16       Currently before the Court are Plaintiffs' and Wal-Mart's proposed forms of class notice and

17 supporting briefs [Docket Nos. 310, 311, 313, and 314].  Having read and considered the arguments

18 presented by the parties in the papers submitted to the Court, the Court finds this matter appropriate

19 for resolution without a hearing.

20                                  **BACKGROUND**

21       Plaintiffs Smith, Wiggins, Ballard and Lyons are all former Wal-Mart employees who were

22 terminated by Wal-Mart and who claim that they either did not receive all of their final pay or were

23 paid their final pay late in violation of the California Labor Code.  On March 20, 2006, plaintiffs

24 Smith and Wiggins filed their complaint in this Court.  On May 17, 2006, plaintiffs Ballard and

25 Lyons filed their similar action in the Superior Court of California, Los Angeles County.  Wal-Mart

26 removed the Ballard/Lyons action, and that matter was transferred and consolidated with the

27

28

1
2
3

Smith/Wiggins action before this Court.  On March 27, 2007, plaintiffs filed their First Amended Consolidated Complaint.  Wal-Mart filed a motion to dismiss, which was denied in part and granted in part.

4
5
6
7
8

The First Amended Consolidated Complaint ("FACC") seeks, *inter alia*, to recover for Wal-Mart's alleged failure to pay wages owed, and for violation of California Labor Code §201 (failure to timely pay all earned wages upon termination), and Labor Code §227.3 (failure to pay accrued vacation upon termination).

9
10
11
12
13
14
15
16
17
18
19
20
21

On October 9, 2007, plaintiffs sought class certification, and on February 13, 2008, this Court granted Class Certification of two of the three requested sub-classes. [Docket No. 250] (the "Class Certification Order").[1]  The Court found that the two subclasses met the requirements for numerosity, commonality, typicality and adequacy of representation required by FRCP 23(a). Class Certification Order at 13–17.  On March 27, 2008, plaintiffs filed their proposed form of notice to the class [Docket 279] and on March 28, 2008, Wal-Mart filed its proposed form of notice [Docket 281].  The parties have jointly filed a "Comparison" Notice (Exhibit B to Wal-Mart's proposed class notice [Docket 281] (the "Comparison Notice")), which reflects the proposed form of notice agreed to by the parties, but also highlights their disputes over certain portions of the proposed form of notice.

22
23
24
25
26
27
28

---

[1] The classes include: "All former California employees of Defendant Wal-Mart Stores, Inc. whose employment ended during the period from March 20, 2002 through and including the date a judgment is rendered in this matter and who, based upon Wal-Mart's computerized records, are members of one of the following Subclasses:

Subclass No. 1:   Class members who, according to Wal-Mart's computerized records, have not been paid all accrued and unused vacation and personal time they earned while employed by Wal-Mart.

Subclass No. 2:   Class members who, according to Wal-Mart's computerized records, have not been paid all wages (except accrued and unused vacation and personal time) they earned while employed by Wal-Mart."

1  Wal-Mart's motion for summary judgment is currently pending before the Court; the hearing

2  is scheduled for May 27, 2008.

3  **RELEVANT STANDARDS**

4  For any class certified under Rule 23(b)(3), the court must direct to class members the best

5  notice that is practicable under the circumstances, including individual notice to all members who

6  can be identified through reasonable effort.  The notice must clearly and concisely state in plain,

7  easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii)

8  the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an

9

10  attorney if the member so desires; (v) that the court will exclude from the class any member who

11  requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of

12  a class judgment on members under Rule 23(c)(3).  Fed. R. Civ. P. 23(c)(2)(B).

13  **DISCUSSION**

14
**I.      Determination of the Class List and Dissemination of Notice**

15  Wal-Mart argues that plaintiffs' expert, Dr. Shapiro, cannot reliably ascertain who should

16  receive notice.  Wal-Mart alleges that this Court has considered Dr. Shapiro's methodology and

17  calculations "faulty" and was concerned about Dr. Shapiro's "competency."  As a result, Wal-Mart

18  requests that its expert, Dr. Martin, be allowed to recommend deletions to Dr. Shapiro's list of class

19
members entitled to notice.

20
21  While this Court did address, in the Class Certification Order, alleged errors made by

22  plaintiffs' expert witness, the Court's discussion was focused on whether Wal-Mart's electronic

23  databases could be used to determine the specifics of class membership.  But, in any event, the Court

24  considered any errors made my Dr. Shapiro to be "negligible or easily identifiable and correctable."

25  Indeed, the Class Certification Order illustrates that the Court has already found that the methods

26
27  and calculations employed by plaintiffs' expert witness pass muster for purposes of determining the

28

1    specifics of class membership.  As such, Dr. Shapiro is competent to determine who belongs as a

2    member of the class certified by this Court with sufficient precision to satisfy class notice

3    requirements.  *See* Fed. R. Civ. P. 23(c)(2)(B) (notice to "all members who can be identified through

4    reasonable effort").

5         Moreover, typically, the class representative determines the class members and has the

6    burden of identifying the class.  *See Oppenheimer Fund v. Sanders*, 437 U.S. 340, 362 (1978)

7    (plaintiffs bear the burden of having to identify their own class); *In re Nissan Motor Corp. Antitrust*

8    *Litigation*, 552 F.2d 1088, 1102 (5th Cir. 1977) (explaining that the general rule is that "[u]pon

9    commencing a class action, the class representatives must be prepared to accept the concomitant

10   responsibility of identifying absentee class members as well as paying the costs of their individual

11   notice."); *Grace v. Detroit*, 145 F.R.D. 413, 417 (E.D. Mich. 1992) ("The general principle

12   underlying *Eisen* is that the Class Representative bears the burdens of identifying and notifying the

13   class.  For it is the Class Representative who seeks to maintain the suit as a class action and to

14   represent other members of his class.").[2]  Accordingly, it is appropriate for plaintiffs' expert, Dr.

15   Shapiro, to identify the members of the class certified by this Court for purposes of complying with

16   the notice requirements under Rule 23(c)(1)(B).  Wal-Mart shall cooperate with plaintiffs for

17   purposes of preparing the mailing list pursuant to the Class Certification Order but Wal-Mart's

18   motion, to delete members of the class identified by plaintiffs' expert witness, is denied.

19        Wal-Mart also argues that it has palpable and legitimate *res judicata* interests in ensuring that

20   individuals are properly identified so that they may receive notice of the pending action, and, for this

21   reason, requests that the Court order that notice be disseminated via publication.  However, the Court

22   has already addressed the manner of disseminating notice in this case—via U.S. Mail.  And, in any

23   event, notice by publication is only used when the identity and location of class members cannot be

---

[2] Internal citations omitted throughout unless otherwise noted.

4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

determined through reasonable efforts, which is not the case here since the identity and location of class members can be determined through reasonable efforts using Wal-Mart's electronic records. *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 175 (1974) ("the express language and intent of Rule 23(c)(2) leave no doubt that individual notice must be provided to those class members who are identifiable through reasonable effort.").  Therefore, Wal-Mart's motion, to disseminate notice via publication, is denied.

Wal-Mart also raises an issue regarding the opt-out postcard, one that it did not present in its proposed form of class notice.  Wal-Mart proposes the use of a "prepaid" postcard to be included with the notice for purposes of facilitating opting-out of the class should a class member so choose. Wal-Mart represents to the Court that it is willing to bear the cost of such prepaid postcards. Plaintiffs respond that this is really just an "ill disguised attempt to encourage class members to opt out of the class."  Plaintiffs argue that inclusion of a prepaid postcard might lead class members to believe the postcard must be submitted in order to remain a member of the class.  And, they argue, had the prepaid issue been raised during the meet and confer process, steps could have been taken to mitigate the risk of such a misconception.

The Court disagrees with plaintiffs.  A prepaid stamp on the opt-out postcard does not render the postcard misleading.  The substance of the postcard before the Court clearly states that "To stay in the Class, do not return this postcard," "To remove yourself from the Class, complete and return this postcard," and "By signing and returning this form, I hereby exclude myself from the class action…."  Thus, the postcard clearly informs class members that returning the postcard will result in their exclusion from the class.  The Court is not convinced that including the prepaid stamp will detract from the clarity of the postcard, and, moreover, it will likely assist those class members who wish to opt-out.   Accordingly, Wal-Mart's motion to include a prepaid stamp, at its expense, is granted.

## II.       Section 203 Penalties

In the first bullet point on page one of the Comparison Notice and also in sections 3 and 5, the parties refer to penalties under California Labor Code § 203.  Wal-Mart asserts that the claims in the case include those for "penalties *as allowed by law*"[3] while plaintiffs' proposed language asserts that the claims in the class action include those for "penalties *of up to 30 days of additional pay for class members*."  Plaintiffs argue that their proposed language provides class members with a full and accurate picture of the nature of the lawsuit.  Wal-Mart argues that, while it is willing to apprise the class that penalties are sought, a reference to "up to 30 days of additional pay" would be inaccurate in this case because numerous issues regarding when, whether, and in what amount penalties may be assessed are all intensely in dispute.

Contrary to Wal-Mart's arguments, plaintiffs' proposed language regarding § 203 penalties does not suggest that class members are guaranteed an award of up to 30 days of additional pay. Indeed, reference to the § 203 penalties falls within the "what is the lawsuit about" section of the proposed notice and therefore it is obvious to the readers that the availability of § 203 penalties is a disputed issue.  Moreover, there are several other references in the proposed notice informing the readers that "no money is available now," "there is no guarantee that money ever will be obtained," and that "the Court hasn't decided whether plaintiffs or defendants are correct."  Thus, the Court is not persuaded that Wal-Mart's concerns that the dispute related to the availability of § 203 penalties renders the reference to "up to 30 days of additional pay" inaccurate, is sound.

Section 203 states, in pertinent part, "[i]f an employer willfully fails to pay… any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty…but…not…for more than 30 days."  Cal Lab Code § 203.  Recovery of § 203 penalties is not guaranteed.  Plaintiffs' proposed language does not imply that it is and their language also

---

[3] Emphasis added throughout unless otherwise noted.

accurately conveys the nature of the remedy prescribed by § 203.  As such, inclusion of the up to 30 days of additional pay language serves to inform class members about a germane issue in the case, consistent with Rule 23's notice provisions, and is not misleading or inaccurate as Wal-Mart contends.  Accordingly, plaintiffs' motion, to include its version of the description of the § 203 penalties, is granted.  Wal-Mart's motion, to include its version of the description of the § 203 penalties, is denied.

**III.     Distribution of Class Recovery**

In the 5th bullet point on page one of the Comparison Notice, as well as in sections 9 and 10, the parties disagree over how to explain the process that will be employed in the event the class becomes entitled to money from Wal-Mart.  Plaintiffs propose advising the recipients that "[i]f any money becomes available, ***you will be notified about how the money will be distributed***."  Wal-Mart objects to such language and alternatively proposes that the notice advise the recipients that "[i]f any money becomes available, ***you will be notified about the procedure for submitting a claim***.

According to Wal-Mart, plaintiffs' proposed language is misleading because such language implies that monetary recovery will be an automatic process.  Plaintiffs argue that, even though the issue of how money will be distributed has yet to be determined, Wal-Mart's proposed language leaves room for only one result — that the Court will order a claims process for any recovery.  According to plaintiffs, their language leaves open the possibility that a claim process will be employed but also leaves open the possibility of a distribution without the necessity of submitting a claim.  This is because, they argue, their proposed language does not specify how any money will be distributed but rather simply explains that class members will "be notified about how the money will be distributed" should plaintiffs obtain a monetary recovery.

The Court finds merit in both proposals.  Therefore, in the 5th bullet point on page one of the Comparison Notice, as well as in sections 9 and 10, the language shall be modified as follows: "Trial

1    is scheduled for June 30, 2008.  If there is a monetary recovery, you will be notified about how the

2    money will be distributed and the procedure for submitting a claim."  The parties' respective

3    motions, regarding explanation of the procedure in the event of a monetary recovery, are granted in

4    part and denied in part.

5    **IV.    Scope of the Class Period**

6        According to Rule 23(c)(2)(B), the notice to class members must state the definition of the

7    class certified.  In section 4 of the Comparison Notice, the class is identified pursuant to the Class

8    Certification Order except that Wal-Mart's proposed language employs the qualification "through

9    and including the date of this Notice," while plaintiffs' form employs the qualification, "through the

10   date a judgment is rendered in this matter…"

11

12       Rule 23 requires a court to direct to class members the best notice that is practicable under

13   the circumstances, including individual notice to *all* members who can be identified through

14   reasonable effort.  Fed. R. Civ. P. 23(c)(2)(B) (emphasis added); *Lindsay v. Gov't Emples. Ins. Co.*,

15   371 U.S. App. D.C. 120 (D.C. Cir. 2006) ("Rule 23 class certification requires notice to all potential

16   class members that they must affirmatively decline to join ("opt out") the lawsuit if they do not want

17   to be class members.").  Wal-Mart argues that because all members must receive notice, the Class, as

18   currently defined, would require the parties to continuously send out notices to new class members

19   as the proceeding progresses and more Wal-Mart associates continue to quit or are terminated.  This,

20   Wal-Mart argues, would be unmanageable.

21

22       In *Mueller v. CBS, Inc.*, 200 F.R.D. 227 (W.D. Pa. 2001), the court refused to certify a class

23   where the scope of the class ran "up to the present, explaining that such a definition was

24   "impermissibly vague and would cause ongoing notice and case management problems."  *Id.* at 236.

25   In *Saur v. Snappy Apple Farms, Inc*., 203 F.R.D. 281 (W.D. Mich. 2001), the court reformed the

26   definition of the class, changing it from extending to "the date of Judgment" to extending only to

27

28

8

"the date of the filing of the Complaint." *Id.*   The *Saur* court explained that defining the class as such was necessary to ensure that the court could direct the parties to provide the best notice practicable for class members, including mailed notification, so that class members may opt out.  *See id.*

Plaintiffs, citing two cases, contend that class periods running to the date of judgment have been certified.  However, in *Ansoumana v. Gristede's Operating Corp.*, 201 F.R.D. 81 (S.D.N.Y. 2001), the termination date of the class period was the date of the class certification decision *not* the date judgment is entered.  *Id.* at 85.  Plaintiffs cite one case in which a class was certified that included "future" class members, *In re Citigroup Inc. Capital Accumulation Plan Litigation*, 150 F.Supp. 2d 274, 276 (D. Mass. 2001).  There, a class was provisionally certified even though the class definition encompassed individuals terminated after the date of class certification.  *Id.* at 278. However, there was no discussion in *In re Citigroup Inc. Capital Accumulation Plan Litigation*, regarding the practicability of providing the future class members with notice, which renders the case less helpful.  Consequently, if there is any relevance presented by *In re Citigroup Inc. Capital Accumulation Plan Litigation*, it is the proposition that the Court has discretion to define the class consistent with its analysis of the pertinent provisions.

Wal-Mart's concerns have merit.  Defining the class to include class members through judgment will render the process of providing adequate notice unmanageable.  Determining whether a terminated or fired Wal-Mart employee is a member of the class, as currently certified, and therefore entitled to notice, would require continuous and ongoing analyses of Wal-Mart's records. This presents the possibility of disparate treatment of the future class members resulting in some receiving notice and others not, thereby implicating their due process rights and the *res judicata* concerns raised by Wal-Mart.

1
2
3
4
5
6
7
8
9
10

The class period has been defined to include those employees who quit or are terminated through the date of judgment.  However, the Court retains discretion to amend the class certification at any time before final judgment, Rule 23(c)(1)(C), and Rule 23's notice provisions charge the Court with directing the best notice that is "practicable."  Because the Court is persuaded that it would be impracticable to direct ongoing notices to future class members, the Court hereby modifies the class as follows:

> All former California employees of Defendant Wal-Mart Stores, Inc. whose employment ended during the period from March 20, 2002 through and including the date of class notice and who, based upon Wal-Mart's computerized records, are members of one of the following Subclasses:....

11

Accordingly, Wal-Mart's motion to modify the class is granted.

12

**V.    Class Member "Involvement"**

13
14
15
16
17
18
19
20

Plaintiffs object to Wal-Mart's inclusion of section 11 of Wal-Mart's proposed form of notice, captioned "If I stay in the Class, will I have to do anything?."  The language in section 11 of Wal-Mart's proposed notice informs the class members that they "may be asked to respond to written questions about [their] termination of employment with Wal-Mart....[and that] there is also a possibility that [they] may be asked by Class Counsel or by Wal-Mart's attorneys to answer questions in person or under oath."  According to plaintiffs, inclusion of this language only serves to intimidate class members and reduce the number of former employees who participate in the class.

21
22
23
24
25
26
27

The Court agrees.  Given the rarity of seeking discovery from class members, inclusion of language warning that they may be asked to respond to discovery requests is unnecessary, *see* Rule 23(c)(2)(B), inappropriate, *see Roberts v. Heim*, 130 F.R.D. 416, 423 (N.D. Cal. 1988), and likely to discourage them from remaining a part of the class.  *See id.* ("It is ***not necessary*** to insert a paragraph informing potential class members of future discovery obligations.  Discovery of non-named plaintiffs is both rare and usually ***inappropriate***.  Given the reluctance of most courts to order

28

10

such discovery, we do not wish to dissuade potential class members by informing them of discovery obligations that are unlikely to arise.").  Accordingly, Wal-Mart's motion, to include in the notice the language set forth in section 11 of its proposed form of notice, is denied.

The parties also disagree over language in the notice, proposed by Wal-Mart, which asserts "In the event plaintiffs are unsuccessful, persons who elect not to be excluded from the class may be subject to reasonable court costs and Wal-Mart's attorneys' fees."  Plaintiffs argue that such language is an inappropriate threat to class members.  Wal-Mart does not address this dispute in its principal brief or its reply.  Accordingly, Wal-Mart's motion, to include language in the notice which informs class members of their potential obligation to pay litigation costs, is denied.

## VI.   Class Counsel's Experience

The parties disagree over how the experience of Class Counsel should be described in section 13 of plaintiffs' proposed form of notice and section 14 of Wal-Mart's version.  Wal-Mart's proposed language asserts that Class Counsel "have been determined by the Court to be adequate counsel for the class."  Plaintiffs contend that it is more appropriate to inform the class that Class Counsel "are experienced in handling similar cases against other employers."  While Wal-Mart is correct that "adequacy" is the legal standard for approving class counsel, *see* Rule 23(g)(2), the purpose of notice is to convey information concerning the action to the class in plain, easily understood language.  *See* Rule 23(c)(2)(B).  This militates against the use of legal terms of art such as "adequacy" which may carry a different connotation in everyday parlance, at odds with their legal meaning (*e.g.*, "adequate," may suggest "barely sufficient,"[4] which, when used to describe the experience of Class Counsel, might unnecessarily discourage class members from staying in the class).  The Court found that

---

[4] *See* Webster's Third New International Dictionary (Philip Babcock Gove et al. eds., 1965); Oxford English Dictionary Online, *available at* http://dictionary.oed.com.

Class Counsel's substantial experience in the litigation of class actions satisfies the adequacy of representation requirement.

The inclusion of plaintiffs' concise yet informative statement concerning Class Counsel's experience is consistent with Rule 23's notice requirements.  Indeed, plaintiffs' proposed language on Class Counsel's experience is identical to the language employed in the Federal Judicial Center's "Illustrative" Form of Class Action Notice for Employment Discrimination cases.[5]  Accordingly, Wal-Mart's motion to include a statement in the notice, which asserts that Class Counsel have been determined by the Court to be adequate, is denied.  Plaintiffs' motion to include a statement in the notice, which asserts that Class Counsel are experienced in handling similar cases against other employers, is granted.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED THAT Class counsel shall, within two days of this Order, modify the Comparison Notice consistent with this Order; serve a copy upon defendant; and file the proposed notice with the Court.

IT IS SO ORDERED.

Dated: 5/2/08

SAUNDRA BROWN ARMSTRONG
United States District Judge

---

[5] *Located at* http://www.fjc.gov/public/pdf.nsf/lookup/ClaAct11.pdf/$file/ClaAct11.pdf.