GIBSON, DUNN & CRUTCHER LLP
WAYNE SCHRADER (SBN 67447)
WSchrader@gibsondunn.com
THEODORE J. BOUTROUS JR. (SBN 132099)
TBoutrous@gibsondunn.com
MARK A. PERRY (SBN 212532)
MPerry@gibsondunn.com
GEORGE BROWN (SBN 138590)
GBrown@gibsondunn.com
MAURICE SUH (SBN 147485)
MSuh@gibsondunn.com
KARL NELSON (*pro hac vice*)
KNelson@gibsondunn.com
G. CHARLES NIERLICH (SBN 196611)
GNierlich@gibsondunn.com
JULIAN W. POON (SBN 219843)
JPoon@gibsondunn.com
JAIME DODGE BYRNES (SBN 237991)
JByrnes@gibsondunn.com
One Montgomery Street, Suite 3100
San Francisco, CA 94104
Tel:  (415) 393-8200
Fax:  (415) 986-5309

Attorneys for Defendant
WAL-MART STORES, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE WAL-MART STORES, INC. WAGE AND HOUR LITIGATION<br><br>This Document Relates To:<br><br>Case Nos.:<br>C 06-02069 SBA (Smith) and<br>C 06-05411 SBA (Ballard) | CASE NO. C 06-02069 SBA<br><br>**CLASS ACTION**<br><br>**DECLARATION OF JULIAN W. POON IN SUPPORT OF UNOPPOSED ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |

1

**DECLARATION OF JULIAN W. POON IN SUPPORT OF ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED; CASE NO. C 06-02069 SBA**

Gibson, Dunn & Crutcher LLP

I, Julian W. Poon, hereby declare:

1. I am an attorney at law duly licensed to practice before this Court. I am a partner in the law firm of Gibson, Dunn & Crutcher LLP, and represent Defendant Wal-Mart Stores, Inc. ("Wal-Mart"), in the above-captioned cases and in *Rubin v. Wal-Mart Stores, Inc.* ("*Rubin*"), N.D. Cal. Case No. CV 08-4214 CW, currently pending before the Honorable Claudia Wilken. I am personally familiar with the matters stated herein and if called as a witness, I could and would testify competently thereto.

2. I am submitting this declaration in support of Wal-Mart's administrative motion, pursuant to Local Rule 3-12, to request that this Court consider whether the above-captioned action and the *Rubin* action should be related, and the latter action transferred to this Court on the grounds of such relatedness. I am also submitting this declaration pursuant to Local Rule 7-11(a), which requires that parties seeking administrative relief submit either a stipulation of all affected parties, or a "declaration that explains why a stipulation could not be obtained."

3. On or about September 16, 2008, Wal-Mart's registered agent for service of process was served with the complaint in *Rubin*.

4. Attached as Exhibit A to this Declaration is a true and correct copy of the complaint in the *Rubin* action.

5. Attached as Exhibit B to this Declaration is a true and correct copy of the complaint in this action.

6. On or about September 18, 2008, I spoke with the *Rubin* Plaintiffs' counsel, who suggested that *Rubin* was related to this action and should be transferred to this Court based on such relatedness.

7. On or about September 24, 2008, Wal-Mart and the *Rubin* Plaintiffs agreed that the *Rubin* Plaintiffs would file an administrative motion to decide whether *Rubin* and this action should be related under Local Rule 3-12.

8. When I spoke with the *Rubin* Plaintiffs' counsel on October 14, 2008, they again indicated that they were aware of this action when they filed the *Rubin* case, and when I inquired what the status was of the administrative motion on "relatedness" that they had promised to prepare,

2

Gibson, Dunn & Crutcher LLP

**DECLARATION OF JULIAN W. POON IN SUPPORT OF ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED; CASE NO. C 06-02069 SBA**

the *Rubin* Plaintiffs' counsel promised to get back to me by the end of that week regarding that point. I have never heard back from the *Rubin* Plaintiffs' counsel to date, despite several more attempts by me and my colleagues to contact them, which proved unsuccessful.

9. Attached as Exhibit C to this Declaration is a true and correct copy of a letter I sent the *Rubin* Plaintiffs' counsel on October 16, 2008, memorializing our telephonic discussion on October 14 and advising them that if they did not comply with their obligation to "promptly" notify this Court of the relatedness of the instant case and *Rubin*, then Wal-Mart would have no choice but to do so itself this week.

10. Attached as Exhibit D to this Declaration is a true and correct copy of an e-mail that my colleague Kahn Scolnick sent on October 29, 2008, to both the *Rubin* Plaintiffs' counsel and Plaintiffs' counsel in this case, once again urging a response from Plaintiffs' counsel in this matter. We have received no response from either the *Rubin* Plaintiffs' counsel or Plaintiffs' counsel in this case.

11. Notwithstanding the *Rubin* Plaintiffs' counsel's agreement to prepare and file this administrative motion and notwithstanding the repeated attempts that my colleagues and I have made to contact the *Rubin* Plaintiffs' counsel re same, the *Rubin* Plaintiffs have to date failed to do so.

12. Consequently, Wal-Mart is now bringing the instant Motion before this Court without further delay, mindful of the parties' obligation to "promptly" notify this Court of relatedness under Local Rule 3-12.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 30th day of October, 2008, in Los Angeles, California.

By: /s/ Julian W. Poon
Julian W. Poon

100547512_3.DOC

3

Gibson, Dunn & Crutcher LLP

**DECLARATION OF JULIAN W. POON IN SUPPORT OF ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED; CASE NO. C 06-02069 SBA**