# GIBSON, DUNN & CRUTCHER LLP

## LAWYERS

A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

333 South Grand Avenue  Los Angeles, California 90071-3197

(213) 229-7000

www.gibsondunn.com

JPoon@gibsondunn.com

October 16, 2008

| | |
|---|---|
| Direct Dial | Client No. |
| (213) 229-7758 | L 95358-00384 |

Fax No.
(213) 229-6758

<u>VIA EMAIL AND U.S. MAIL</u>

Alan Harris
David Zelenski
HARRIS & RUBLE
5455 Wilshire Boulevard, Suite 1800
Los Angeles, California  90036

> Re:   *Bennett Rubin v. Wal-Mart Stores, Inc.*
> *N.D. CA. Case No. CV 08 4214 CW*

Dear Alan:

Thank you again for finally meeting and conferring with me the day before yesterday (Tues., Oct. 14) on the issue of whether this case should be stayed pending the interlocutory appeal in *Ballard v. Wal-Mart Stores, Inc.* (9th Cir. No. 08-16258, N.D. Cal. Nos. 06-2069 & 06-5411 (SBA)). I am glad that I reached you in your office, because I had not heard back from either you or David about that for nearly half a month (after I had sent you a copy of our opening brief in the *Ballard* appeal), even though I had sent you both several emails inquiring about same last week. Thank you also for finally letting me know Plaintiffs' position on Wal-Mart's request -- namely, that Plaintiffs would not agree to any such stay pending appeal, unless Wal-Mart (and your clients) agree to let your office send out some kind of notice, in the interim, of the pendency of your FLSA collective-action claims. As we discussed on our Tuesday call, both you and I would need to confer with our respective clients on your tentative counter-proposal further, and I would need to consider your counter-proposal more carefully, and we both agreed to discuss your counter-proposal further when we next speak--presumably, some time after you have finished conferring with Plaintiffs' counsel in the *Ballard* case about some kind of transfer of this case (*Rubin*) from Judge Wilken to Judge Armstrong on the grounds of "relatedness" under the N.D. Cal. rules. Thank you for letting me know that you expect to conclude those discussions and expect to be able to update me on same by later this week.

LOS ANGELES  NEW YORK  WASHINGTON, D.C.  SAN FRANCISCO  PALO ALTO  LONDON
PARIS  MUNICH  BRUSSELS  DUBAI  ORANGE COUNTY  CENTURY CITY  DALLAS  DENVER

## GIBSON, DUNN & CRUTCHER LLP

Alan Harris
David Zelenski
October 16, 2008
Page 2


I wanted to let you know that if you are not able to secure the *Ballard* Plaintiffs' concurrence that *Rubin* is "related" to *Ballard* under the N.D. Cal. rules (and I'm not sure why you would need to wait on such concurrence, seeing as how the rules do not require such concurrence) by later this week, even though when we first spoke on September 23 you informed me that you were already aware of *Ballard* when you filed your complaint in *Rubin* on September 5, we think we are obligated ourselves, under the rules, to call such "relatedness" to the Court's attention and/or take steps to have this case transferred to Judge Armstrong based on such "relatedness." As you first noted when we first spoke, the rules enjoin the parties to "promptly" call such relatedness to the Court's attention.

Yours truly,

Julian W. Poon

JWP/lh


100539407_1.DOC