# EXHIBIT 2
# TO SETTLEMENT AGREEMENT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
*In re: Wal-Mart Stores, Inc. Wage & Hour Litigation*    Case Number  C 06-02069 SBA

# NOTICE OF CLASS ACTION SETTLEMENT

**TO:   All former hourly and salaried associates who were at one time employed by Wal-Mart (including Sam's Club and Distribution Centers) in the State of California, but whose employment with Wal-Mart ended at any time from March 20, 2002 up through and including March 26, 2010.**

On _____, the Court in this action granted preliminary approval of a proposed settlement as set forth in a Class Action Settlement Agreement (the "Settlement Agreement."). You are receiving this Notice because if the settlement is granted final approval by the Court, you as a Settlement Class Member will have the right to be paid a share out of the total available settlement funds of Eighty-Six Million Dollars ($86,000,000), as described in Section VI of this Notice.

As a result of the settlement of the action, the lawsuit will be dismissed with prejudice, and Defendant will be released from all claims raised in, or which could have been raised in, the Litigation based upon the facts, circumstances and occurrences alleged, including, among others, claims under California's wage and hour laws and claims under the California Business and Professions Code. The Class Representatives and Class Counsel (as defined below) believe the proposed settlement is fair, adequate and reasonable and in the best interest of the Settlement Class (as defined below). This Notice informs you of the proposed settlement and its terms and your rights to participate in the proposed settlement, to object to the terms of the proposed settlement, or to exclude yourself from the proposed settlement. This Notice also explains how you can obtain more information about the settlement.

PLEASE READ THIS ENTIRE NOTICE CAREFULLY.
YOUR RIGHTS MAY BE AFFECTED
BY THE PROPOSED SETTLEMENT DESCRIBED IN THIS NOTICE.

## I.   SUMMARY OF THE LITIGATION

Plaintiffs Danton Ballard, Nathan Lyons, Barry Smith, and Michael Wiggins ("Plaintiffs") and Defendant are parties to *In re Wal-Mart Stores, Inc. Wage & Hour Litigation,,* United States District Court for the Northern District of California, Case Number C 06-02069 SBA (the "Litigation"). The Litigation consists of two separate lawsuits, one brought by Plaintiffs Smith and Wiggins and another brought by Plaintiffs Ballard and Lyons, that have been consolidated.

The Litigation seeks the recovery of wages, including unpaid accrued vacation pay, penalties, and related amounts that Plaintiffs contend are owed to former hourly and salaried associates

Questions?  Please Call 1-888 - _____

who were employed by Defendant in California and whose employment ended at any time from March 20, 2002 up through March 26, 2010. Plaintiffs allege that Defendant failed to pay Settlement Class Members all wages due upon termination, including wages for accrued vacation time, overtime, straight wages, and that Defendant failed to accurately record and report the wages of Settlement Class Members. Defendant denies all of the Plaintiffs' allegations. The Court previously certified the case to proceed as a class action for all purposes, (that decision was on appeal at the time the Litigation settled), and has now certified a class for purposes of this settlement. Members of the Settlement Class have an opportunity to exclude themselves from the Litigation and the settlement, as described below. The Court has not rendered any decisions on the merits of the Litigation.

Attorneys for the Settlement Class and attorneys for Defendant engaged in a private mediation with experienced mediators, the Honorable Layn R. Phillips and the Honorable Thomas R. Brett. As a result of these mediation sessions and other arms-length negotiations, the parties have reached an Agreement to settle the Litigation, subject to the approval of the Court.

## II.   CLASS DEFINITION

The Litigation is being settled as a "class action." In a class action, the plaintiff, also referred to as the class representative, sues on behalf of himself and other persons with similar claims.

The Court has certified a class for purposes of settlement in this Litigation. The class ("Settlement Class") is defined as follows:

**All former hourly and salaried associates who were at one time employed by Wal-Mart (including Sam's Club and Distribution Centers) in the State of California, but whose employment with Wal-Mart ended at any time from March 20, 2002 up through March 26, 2010.**

If the Court approves the settlement, the settlement will bind all members of the Settlement Class who do not exclude themselves from the Settlement Class.

## III.   SETTLEMENT SUBCLASSES

The Settlement Class has been divided into Settlement Subclasses as follows:

A. The "Salaried Associate Subclass" is comprised of those Settlement Class Members who worked at a Wal-Mart or Sam's Club and were paid on a salaried basis.

B. The "Distribution Center Subclass" is comprised of those Settlement Class Members who worked at a Distribution Center and were paid on either an hourly or salaried basis.

C. The "Hourly Associate Subclass" is comprised of those Settlement Class Members who worked at a Wal-Mart store or Sam's Club and were paid on an hourly basis.

A Settlement Class Member may be a member of one or more Settlement Subclasses.

## IV.   CLASS REPRESENTATIVES AND CLASS COUNSEL

The Court has appointed Plaintiffs Danton Ballard, Nathan Lyons, Barry Smith and Michael Wiggins as "Settlement Class Representatives" to represent the Settlement Class.

2

Questions? Please Call 1 - 888 - _____

In its Preliminary Order Approving the Settlement, the Court appointed the following attorneys to represent the Settlement Class as "Class Counsel": MARLIN & SALTZMAN, LLP, the LAW OFFICES OF PETER M. HART, and BAILEY PINNEY, P.C. [ADD IN CONTACT INFO - SEE SECTION VII]

## V. CLAIMS ADMINISTRATOR

The settlement process will be administered by Epiq Systems, Inc., a company that provides settlement and claims administration services. The Court has approved Epiq Systems, Inc. to act as the Claims Administrator for purposes of this settlement.

## VI. SETTLEMENT VALUE AND AMOUNTS AVAILABLE TO CLAIMANTS

The settlement obligates Defendant to pay a potential maximum settlement amount of Eighty-Six Million Dollars ($86,000,000) (the "Ceiling"). The settlement will resolve all of the claims that Settlement Class Members could have brought against Wal-Mart regarding Wal-Mart's alleged failure to pay Settlement Class Members wages allegedly due upon termination of employment. All claims by Settlement Class Members will be paid out of the maximum settlement fund of Eighty-Six Million Dollars ($86,000,000) which will be established as a result of the settlement.

All settlement shares are determined after deduction of all settlement administrative fees and costs, the incentive awards to the Class Representatives, the attorney's fees and costs that the Court will award, and any other expenses which the Court may approve. The amount left after the deductions described above results in the creation of the Net Settlement Amount.

A. Subclass Allocations. Each Settlement Class Member shall be eligible to recover a share of the Net Settlement Amount. **To recover a share of the Net Settlement Amount, each Settlement Class Member must submit a valid claim by completing and submitting the Claim Form on or before [DATE].** A portion of the net Settlement Amount shall be allocated to each of the Subclasses as follows:

(i) Salaried Net Settlement Amount: Each member of the Salaried Associate Subclass will be eligible to recover Six Hundred Dollars ($600). This payment will be apportioned for tax purposes such that 25% constitutes wages subject to the withholding of all applicable, local, state and federal taxes and withholdings, and 75% constitutes payment of "other income".

(ii) Distribution Center Net Settlement Amount. Each member of the Distribution Center Subclass shall be eligible to recover Three Hundred Dollars ($300). This payment will be apportioned for tax purposes such that 25% constitutes wages subject to the withholding of all applicable, local, state and federal taxes and withholdings, and 75% constitutes payment of "other income".

3

Questions? Please Call 1 - 888 - _____

(iii) <u>Hourly Net Settlement Amount</u>.  Each member of the Hourly Associate Subclass shall be eligible to receive a share of the Net Settlement Amount available to all the Hourly Associates.  Each class member's payment represents his or her share of the Net Settlement Amount, tied to the amount of wages or penalties (if any) which Plaintiffs contend (and Wal-Mart disputes) that Wal-Mart's records indicate was owed to them at the time of their termination (as verified by an independent expert).

The resulting payment amount which will be paid to each Claimant from the Hourly Associate Subclass will be apportioned for tax purposes such that 25% constitutes wages subject to the withholding of all applicable, local, state and federal taxes and withholdings, and 75% constitutes payment of "other income".

**No Claimant from the Hourly Associate Subclass shall receive less than Fifty Dollars ($50) and no Claimant shall be entitled to receive more than Six Hundred Dollars ($600).**

The exact formula used to determine these payments is set forth in detail in Section 5.1.1 of the Settlement Agreement, which can be viewed online at www.[claims administrator website].com or at <u>www.marlinsaltzman.com</u>.

B.      Each recipient of any monies paid under the Settlement is responsible for any taxes associated with the monies received by that recipient.  Wal-Mart shall be responsible for payment of any employer-associated tax liabilities, which shall be paid from the Class Settlement Amount and which shall count against the Floor.

C       Class Counsel will request that the Court award Class Counsel an award of Attorneys' Fees and Costs in an amount equal to one third of the Eighty-Six Million Dollars ($86,000,000) maximum settlement amount, for a total fee of Twenty-Eight Million Six Hundred Sixty Six Thousand Six Hundred and Sixty Six Dollars and 67/100 ($28,666,666.67).   These monies shall be counted against the settlement "Floor", which is equal to 50% of the total available settlement funds.  In conjunction with the Final Approval Hearing, discussed below in Section IX of this Notice, Class Counsel will file a motion in support of the fees and costs requested.

D.      Class Counsel will request that the Court award each of the Class Representatives Twenty-Five Thousand Dollars ($25,000) (the "Incentive Awards") to compensate them for the time, effort, and risk they undertook as Class Representatives.  These monies shall be counted against the Floor.

E.      If the total of the Attorneys' Fees and Costs, Incentive Awards, costs of notice and administration, and approved Settlement Class Member claims (including the Employer's Share of Taxes) is less than the Floor, the remaining money under the Floor shall be redistributed to Approved Claimants on a pro-rata basis subject to Court

4

Questions?  Please Call 1 - 888 - _____

approval. If the total of the Attorneys' Fees and Costs, Incentive Awards, costs of notice and administration and approved Settlement Class Member claims (including the Employer's Share of Taxes) is greater than the Floor but less than the Ceiling, the unused funds above the Floor will remain with Defendant. If the total of the Attorneys' Fees and Costs, Incentive Awards, costs of notice and administration, and approved Settlement Class Member claims (including the Employer's Share of Taxes) exceeds the Ceiling, there will be a pro-rata reduction of all approved Claims so that the aggregate amount to be paid by Defendant does not exceed the Ceiling

## VII.  THE CLAIMS PROCESS

Enclosed with this Notice you will find a Claim Form. As explained above, if you want to be eligible to receive a payment as part of this settlement, you must submit a Claim Form. **If you do not properly complete and mail in a Claim Form in a timely manner, you run the risk of not receiving any payment under the settlement.**

**THE CLAIM FORM MUST BE COMPLETED, SIGNED UNDER PENALTY OF PERJURY, AND RETURNED TO THE CLAIMS ADMINISTRATOR AT THE ADDRESS SET FORTH BELOW WITHIN 90 DAYS OF THE DATE THAT THIS NOTICE AND THE CLAIM FORM WERE MAILED TO YOU. FOR YOUR CONVENIENCE, A STAMPED, SELF ADDRESSED ENVELOPE IS ENCLOSED FOR THE RETURN OF YOUR CLAIM FORM. FOR YOUR CLAIM TO BE CONSIDERED TIMELY, YOUR ENVELOPE MUST BE POSTMARKED NO LATER THAN [INSERT].**

**Claim Forms must be mailed to:**
**In re Wal-Mart Stores Wage & Hour Litigation Settlement [ADDRESS]**

Please follow the directions on the Claim Form carefully. If you require assistance, you may contact the Claims Administrator at [INSERT] or Class Counsel at the address and telephone number set forth above in Section IV of this Notice. As used in this Notice and the Settlement Agreement, a member of the Settlement Class who submits a timely Claim Form is called a "Settlement Class Member."

After you have submitted your Claim Form, postmarked by the deadline stated above, **you may verify that your Claim Form was timely received by the Claims Administrator by checking the status of your Claim Form on the Claims Administrator's website, _____, or by calling _____.**

Claim Forms must be executed under oath, but do not need to be notarized. The Claim Form you submit may be subject to audit by Defendant.

Each Settlement Class Member may submit only one Claim Form, and there is no requirement to file separate claim forms for different periods of employment or different employment positions.

5

Questions?  Please Call 1 - 888 - _____

DEN 97,170,966v4

No Settlement Class Member may submit an Opt-Out Letter <u>and</u> a Claim Form.  If a Settlement Class Member does submit both an Opt-Out Letter <u>and</u> a Claim Form, the Claim Form will govern.  Submission of more than one Claim Form, shall render the second Claim Form invalid.

Regardless of whether you submit a Claim Form, if you do not affirmatively exclude yourself from the Settlement Class, as explained in Section X of this Notice, you will be bound by the terms and conditions of the settlement, including the release of claims as contained in the Settlement Agreement.

## VIII.   RELEASE AND WAIVER

If the Court approves the settlement, then upon the effective date of the settlement, the Class Representatives and all members of the Settlement Class who do not exclude themselves from the settlement (i) shall be deemed to have agreed that, except for the obligations imposed by this settlement, Defendant shall be forever released and discharged from all Released Claims (as defined in the Settlement Agreement) and (ii) shall be barred and enjoined from suing Wal-Mart (as defined in the Settlement Agreement) for any liability in any way related to, or arising out of any Released Claim.  The following paragraph contains a summary of the release.  The full release is contained in the Settlement Agreement.

For purposes of the Settlement, the "Released Claims" include:  All claims, rights, penalties, demands, damages, debts, accounts, duties, costs and expenses (other than those costs and expenses required to be paid pursuant to the Settlement Agreement), liens, charges, complaints, causes of action, obligations, or liability of any and every kind, that were asserted in the Litigation or that could have been asserted but were not asserted in the Litigation (including claims that were certified and claims that were not certified in the Litigation), whether known or unknown, to the extent that such claims arise out of the alleged facts, circumstances, and occurrences underlying the allegations as set forth in Plaintiffs' Complaint or in any Amended Complaint filed in the Litigation, whether such allegations were or could have been based on common law or equity, or on any statute, rule, regulation, order, or law, whether federal, state, or local.  The Released Claims include common law and equitable claims, as well as state statutory claims and federal statutory claims, if related to the alleged:  (1) wages allegedly not fully paid on termination of employment; (2) failure to pay accrued vacation at termination; (3) failure to pay overtime or straight time wages to terminated employees; (4) failure to accurately record and report wages of terminated employees; (5) tortious conversion of wages in connection with the foregoing; (6) unfair business practices in connection with the foregoing; and (7) any claim for contribution to any Wal-Mart profit-sharing or other employee benefit plan as a result of any of the claims covered by the release.  The Release also releases all claims for attorneys' fees and costs incurred by Releasing Settlement Class Members or by Class Counsel in connection with the Litigation and the settlement of the Litigation.

## IX.   SETTLEMENT APPROVAL HEARING

The Court will hold a Settlement Approval Hearing on _____, located at _____, at which time the Court will determine: (1) whether the settlement should be approved as fair, reasonable,

6

Questions?  Please Call 1 - 888 - _____

DEN 97,170,966v4

and adequate; (2) whether the application of Class Counsel for an award of attorneys' fees and expenses should be approved and, if so, in what amount; (3) whether the application for incentive payments for the Class Representatives should be approved and, if so, in what amount; and (4) whether a proposed Final Approval Order should be entered and recommended to the Court. If objections have been received, the Court will consider them at that time.

### You Are Not Required To Attend The Settlement Approval Hearing.

You are welcome to attend the Settlement Approval Hearing, at your own expense. You may request permission to speak to the Court at the Settlement Approval Hearing. You may hire your own attorney at your own expense to speak at the Settlement Approval Hearing. If you want to speak at the Settlement Approval Hearing, you must ask the Court for permission. To do so, send a letter to the Court (at the address set forth above in this Section of the Notice) with a copy to the Claims Administrator (at the address set forth in Section V of this Notice), Class Counsel (at the address set forth in Section IV of the Notice) and Defendant's Counsel (at c/o Naomi Beer, Greenberg Traurig, 1200 17th Street, Suite 2400, Denver, CO 80202) no later than _____ , requesting permission to speak at the Settlement Approval Hearing. Such letter should be signed and should contain a brief statement of the position that you wish to put before the Court at the Settlement Approval Hearing and the basis for that position. The Court may, or may not, grant the request.

If the Court issues a proposed Final Approval Order, the parties will jointly seek the Court's approval and adoption of the Final Approval Order and a dismissal of the Litigation with prejudice.

## X.   RIGHT TO BE EXCLUDED FROM THE SETTLEMENT

You have the right to exclude yourself from the Plaintiff Class. To do so, you must submit an Opt-Out Letter as described below. If you do exclude yourself from the Plaintiff Class, you will be giving up the right to any of the described settlement benefits and the right to object to the Settlement, but you will be free to pursue your claims individually. In other words, you will not be releasing any claims against Wal-Mart and will not be subject to the release contained in the Settlement Agreement. Please note that if you exclude yourself from the Plaintiff Class but do not pursue your claims in a timely manner, some or all of your claims may be barred by the passage of time.

To exclude yourself from the Plaintiff Class, you must send a letter signed by you and postmarked no later than [DATE] to the Claims Administrator [insert address]. The letter must include your full name, your current address and telephone number, your social security number, the date, and the following language:

> "I do not want to be a member of the Settlement Class in *In re: Wal-Mart Stores, Inc. Wage & Hour Litigation.*, United States District Court for the Northern District of California, Case Number C 06-02069 SBA. I understand that I will

7

Questions?  Please Call 1 - 888 - _____

not be eligible to receive any benefits of the settlement or to object to the settlement and that it will be my responsibility to pursue any claims I may have, if I so desire, on my own and at my expense."

**PLEASE REMEMBER THAT YOU CANNOT EXCLUDE YOURSELF BY PHONE, BY SENDING AN EMAIL, OR BY FACSIMILE.**

## XI.    RIGHT TO OBJECT TO THE SETTLEMENT

You have the right to object to the settlement. To do so, you must file a written statement stating your objection and the basis for your objection, along with any and all documents that support your objection, with the court clerk of _____, and provide a copy of the statement to Class Counsel at _____ , and counsel for Wal-Mart, c/o Naomi Beer, Greenberg Traurig, 1200 17th Street, Suite 2400, Denver, CO 80202. **Your written objection must be filed with the Court Clerk on or before _____, 2010.**

If you submit a written objection, you must include your name and address and a statement of the reasons why you believe that the Court should find that the proposed settlement is not in the best interests of the Class. Please note it is not sufficient to simply state that you object. You must give specific reasons why you believe the settlement should not be approved

If you wish to address the Court at the hearing, you must indicate your intent to do so in writing to Class Counsel, postmarked no later than _____, who will inform the Court and counsel for Wal-Mart of your intentions. If you do not comply with these procedures, you will not be entitled to be heard at the hearing or otherwise to contest the approval of the settlement or appeal from any orders of judgments of the Court. If the Court approves the settlement, the approval will bind all members of the Class, except those who exclude themselves by the exclusion deadline, and the judgment will release and dismiss all of the Settlement Class Members' settled claims.

If the settlement is not approved, the case will proceed as if no settlement had been attempted. In that event, Wal-Mart retains the right to contest whether the case should continue to be maintained as a class action and to contest the merits of the claims being asserted in these matters. If the settlement is not approved, there can be no assurance that Settlement Class Members will recover more than is provided in the settlement or anything at all.

Members of the Settlement Class who fail to file and serve timely written objections in the manner specified above shall be deemed to have waived any objections to the settlement and shall forever be foreclosed from making any objection (whether by appeal or otherwise) to the settlement, or any aspect of the settlement, including, without limitation, the fairness, reasonableness or adequacy of the proposed settlement, or any award of attorneys' fees or reimbursement of costs and expenses.

8

Questions?  Please Call 1 - 888 - _____

## XII.   REMINDER OF IMPORTANT SETTLEMENT DATES AND DEADLINES

The following are important dates and deadlines under the proposed settlement:

Objection Deadline:
Exclusion Deadline:
Deadline to Submit Claims:
Settlement Approval Hearing:

## XIII.   AVAILABILITY OF COMPLETE SETTLEMENT AGREEMENT

This Notice contains a summary of the proposed settlement contained in the Settlement Agreement that is on file with the Clerk of the _____.  The complete Settlement Agreement may be inspected during normal business hours at the offices of the Clerk, and it may be viewed and downloaded at the website _____.

## XIV.   ADDITIONAL INFORMATION

For more detailed information concerning the matters involved in the Litigation, please refer to the pleadings, the Settlement Agreement, the Orders entered by the Court in the Litigation, and to the other papers filed in the Litigation, which may be inspected at the office of the Clerk of _____, during regular business hours.  In addition, the operative Complaint, the Settlement Agreement, and all Notice and Claim Forms, may be viewed and downloaded at the website _____.  Any questions concerning the matters contained in this Notice may be directed to the Administrator or Class Counsel (at the addresses set forth above in Sections IV and V of this Notice).  You may also seek the advice and counsel of your own attorney, at your own expense, if you desire.

**Please Do Not Call The Court Or The Court Clerk To Ask Questions About The Settlement.**

9

Questions?  Please Call 1 - 888 - _____

DEN 97,170,966v4