FILED

JUN 21 2010

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re WAL-MART STORES, INC. WAGE AND HOUR LITIGATION | Case No. C 06-02069 SBA<br><br>**AMENDED SETTLEMENT CERTIFICATION ORDER** |
| This Document Relates To:<br><br>Case Nos.:<br>C 06-02069 SBA (Smith) and<br>CV 06-05411 SBA (Ballard) | |

    This matter has come before the Court for Amended Certification of a Settlement Class pursuant to the terms of a Settlement Agreement currently pending before this Court. Certification of the claims advanced by the Settlement Class will achieve a definite and certain result for the benefit of the Settlement Class and is preferable to continuing litigation in which the Settlement Class would necessarily encounter substantial risk, uncertainty, delay, and cost. This Amended Settlement Certification Order is entered exclusively for purposes of this Settlement.

    Preliminarily, this Court finds that the following terms and conditions shall apply to this Amended Settlement Certification Order:

    1.    This Amended Settlement Certification Order amends the prior Order regarding class certification entered by this Court on February 13, 2008 to expand the Settlement Class and Class Period, solely for the purpose of implementing the terms of this Settlement.

2. This Amended Settlement Certification Order is a conditional certification for Settlement purposes only.

3. The Settlement Agreement pursuant to which this Amended Settlement Certification Order is entered contains a claims process by which members of the Settlement Class may submit a Claim Form that provides for payment based on each class member's membership in one or more of the Settlement Subclasses.

4. If for any reason this Court does not approve the Settlement Agreement, or if the Settlement Effective Date as defined in the Settlement Agreement does not occur, this Amended Settlement Certification Order of the Settlement Class shall be deemed null and void without further action by this Court or any of the Parties. In such circumstances each Party shall retain all of their respective rights to seek to uphold the February 13, 2008 Certification Order, or to object to the certification of this litigation as a class action under Federal Rule of Civil Procedure 23 or any other statute, law, or provision, and to contest and appeal any earlier or later grant or denial of certification in this litigation or in any other litigation on any other grounds.

5. This Amended Settlement Certification Order for Settlement purposes is not intended to be an admission by Wal-Mart that class certification for any purpose other than settlement is proper in this Litigation or in any other litigation against Wal-Mart. Wal-Mart continues to assert that this Litigation fails to meet the prerequisites necessary for class treatment under applicable law. Plaintiffs disagree and continue to assert that the claims asserted meet the prerequisites necessary for class treatment.

6. Other than to effectuate the Settlement of this Litigation in this jurisdiction, the certification of the Settlement Class for Settlement purposes and all documents related thereto, including the Settlement Agreement and all accompanying exhibits and all orders entered by the Court in connection with the Settlement Agreement, shall not be referred to nor shall they be admissible as evidence in this Litigation or in any judicial, arbitral, administrative, investigative, or other court, tribunal, forum or other proceeding, including any wage and hour or other litigation against Wal-Mart.

In accordance with the foregoing terms, conditions and purpose, this Court ORDERS as follows:

1. The Settlement Class meets the requirements of Rule 23 of the Federal Rules of Civil Procedure. The Settlement Class certified for purposes of Settlement and as used herein consists of:

> Named Plaintiffs Danton Ballard, Nathan Lyons, Barry Smith and Michael Wiggins and all former California hourly and salaried associates of Defendant Wal-Mart Stores, Inc. including those employed at Wal-Mart Stores, Sam's Club and Distribution Centers (except for truck drivers) whose employment with Wal-Mart ended at any time from March 20, 2002 up through and including March 26, 2010.

2. The Settlement Class shall be divided into three Settlement Subclasses as follows:

> a. A Salaried Associate Subclass, which shall be comprised of those Settlement Class Members who worked at a Wal-Mart store or Sam's Club and were paid on an salaried basis at the time of their termination;
>
> b. A Distribution Center Subclass, which shall be comprised of those Settlement Class Members who worked at a Distribution Center and were paid on either an hourly or salaried basis at the time of their termination; and
>
> c. An Hourly Associate Subclass, which shall be comprised of those Settlement Class Members who worked at a Wal-Mart store or Sam's Club and were paid on an hourly basis at the time of their termination.

A Settlement Class Member can be a member of one or more Settlement Subclasses.

3. The "Settlement Class Period" as used herein means the period of time from March 20, 2002 up through and including March 26, 2010.

4. The claims and subclasses certified pursuant to this Amended Settlement Certification Order consist of claims arising from the following conduct, irrespective of the particular common law, statutory or equitable doctrine or theory advanced in support of the claim or claims, to the extent that such claims arise out of the alleged facts, circumstances, and occurrences underlying the allegations as set forth in the Named Plaintiffs' Complaint, or in any Amended Complaint filed in the Litigation:

(a) failure to timely pay wages upon termination of employment;

(b) failure to pay accrued vacation and personal time upon termination of employment;

(c) failure to pay all wages earned;

(d) failure to pay overtime or straight time wages to terminated employees; and

(d) failure to accurately report or record wages of terminated employees.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court appoints the following counsel as Settlement Class Counsel: MARLIN & SALTZMAN, LLP, the LAW OFFICES OF PETER M. HART, and BAILEY PINNEY, P.C.

6. Members of the Settlement Class are sufficiently numerous that joinder of all members would be impracticable.

7. The claims or defenses of the Class Representatives are typical of the claims of the members of the Settlement Class.

8. The Class Representatives and Class Counsel are all adequate to represent the interests of the Settlement Class.

9. There exist questions of law and fact that are common to the claims of the Settlement Class members.

10. Questions of law or fact common to the claim or defense of the Class Representatives and the claim or defense of each member of the class predominate over any question of law or fact affecting only individual members of the Settlement Class, and class representation is superior to other available methods for the fair and efficient adjudication of the controversy.

1
2  IT IS SO ORDERED.
3  Dated: __7/21__, 2010.          BY THE COURT:
4
                                   _____
5                                  The Honorable Saundra Brown Armstrong
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

AMENDED CLASS CERTIFICATION ORDER
06-02069 SBA

DEN 97,182,738v2