UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In Re WAL-MART STORES, INC. WAGE AND HOUR LITIGATION<br><br>This Document Relates To:<br><br>Case Nos.<br>C 06 02069 SBA (Smith) and<br>C 06 05411 SBA (Ballard) | No. 06-02069 SBA<br><br>**ORDER OVERRULING WIDJAJA OBJECTION** |

This class action matter involves two cases consolidated by agreement of the parties. The first, Smith et al. v. Wal-Mart Stores, Inc., was filed in the District Court for the Northern District of California on March 20, 2006. The second case, Ballard et al. v. Wal-Mart Stores, Inc., was filed in the Central District on May 17, 2006. Both actions sought similar recovery related to Defendant Wal-Mart Stores, Inc.'s failure to pay various types of earned wages upon termination of employment. Each sought penalties under California Labor Code § 203, as well as other remedies.

On May 11, 2010, the parties filed a Joint Motion for Preliminary Approval of Settlement, which the Court granted on July 21, 2010. Dkt. 397. The Preliminary Approval Order set the fairness hearing for September 28, 2010, which was later continued to November 9, 2010, and ordered the parties to disseminate notice to the Class. The Court also set forth a September 7, 2010 deadline for the filing of objections. Dkt. 401.

On October 22, 2010, after the expiration of the objection period, Budi Widjaja filed the instant "Objection to Class Action Settlement and Notice to Opt Out." Dkt. 423. As the Court indicated at the November 9, 2010 fairness hearing, the Court overrules the Widjaja objection.

1  As an initial matter, Widjaja's objection, filed on October 22, 2010, is untimely and need not
2  be considered.  Turning to the merits, Widjaja objects on the basis that he was not provided
3  timely notice of his rights and deadline to opt out of the settlement.  Furthermore, he asserts he
4  was not provided any notice of the terms of the settlement, but only provided with a card
5  stating that he was entitled to settlement funds if he signed.  However, Widjaja indicates that he
6  has already served the class administrator with his notice to opt out of the settlement.  A copy
7  of his <u>October 7, 2010</u> opt out notice, served before his instant October 22, 2010 objection, is
8  attached as Exhibit 2 to Plaintiffs' response to this objection.  Dkt. 424, Ex. 2.  In that notice,
9  Widjaja specifically states that "I understand that I would not be eligible to receive any benefits
10 of the settlement <u>or to object to the settlement</u> …."  <u>Id</u>. (emphasis added).  Indeed, the Notice
11 of Class Action Settlement ("Class Notice") states "[i]f you do exclude yourself from the
12 Plaintiff Class, you will be giving up … the right to object to the Settlement."  Class Notice at
13 ¶ 10.  Therefore, Widjaja does not have standing to object to the settlement in view of his opt
14 out notice, and his objection is OVERRULED.
15      IT IS SO ORDERED.
16 Dated: November 12, 2010                          _____
17                                                   SAUNDRA BROWN ARMSTRONG
                                                     United States District Judge