# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re WAL-MART STORES, INC. WAGE AND HOUR LITIGATION | Case No. C 06-02069 SBA<br><br>**ORDER AND FINAL JUDGMENT APPROVING SETTLEMENT BETWEEN CLASS PLAINTIFFS AND WAL-MART STORES, INC.** |
| This Document Relates To:<br><br>Case Nos.:<br>C 06-02069 SBA (Smith) and<br>C 06-05411 SBA (Ballard) | |

This matter came before this Court on the Plaintiffs' Motion for Final Approval of Settlement ("Final Approval Motion").

WHEREAS, a class action is pending before the Court entitled *In re Wal-Mart Stores, Inc. Wage & Hour Litigation,* Case Number C 06-02069 SBA;

WHEREAS, the Court has received and reviewed the Settlement Agreement entered into between the Named Plaintiffs, the Class Representatives and the Class Members, on the one hand, and Wal-Mart Stores, Inc. ("Wal-Mart"), on the other hand, dated on or about May 7, 2010 (the "Settlement Agreement"), and has considered the terms of the proposed settlement set forth therein (the "Settlement");

WHEREAS, all terms contained herein shall have the same meanings as set forth in the

Settlement Agreement, unless otherwise defined herein;

WHEREAS, on June 27, 2010, the Court entered its order preliminarily approving the Settlement of this class action, approving the form and method of notice, and setting a date and time for a fairness hearing to consider whether the Settlement should be finally approved by the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure as fair, adequate, and reasonable (the "Preliminary Approval Order");

WHEREAS, the Preliminary Approval Order further directed that all members of the Settlement Class be given notice of the Settlement and of the date for the final fairness hearing;

WHEREAS, the Court has received the declaration of Rachel Braun attesting to the mailing and publication of the Notice in substantial accordance with the Preliminary Approval Order;

WHEREAS, the Court entered an Amended Settlement Class Certification Order on July 21, 2010, which reflects the claims certified for Settlement purposes and the scope of the Settlement Class;

WHEREAS, all objections to the Settlement have been withdrawn, except for the objection of Budi Widjaja, which the Court addresses by separate order; and

WHEREAS, the Court having conducted a final fairness hearing on November 9, 2010 (the "Fairness Hearing"), and having considered the arguments presented, all papers filed and all proceedings had therein;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The Court has jurisdiction over the subject matter of this action, all members of the Settlement Class, and Defendant Wal-Mart Stores, Inc.

2. In accordance with Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, all members of the Settlement Class have been given proper and adequate notice of the Settlement. Based upon the evidence submitted by the parties, the Settlement Agreement, the arguments of counsel, and all the files, records and proceedings in this case, the Court finds that the Notice and notice methodology implemented pursuant to the Settlement Agreement and the Court's Preliminary Approval Order (a) constituted the best

ORDER AND FINAL JUDGMENT
2
DEN 97,182,776v2

practicable notice under the circumstances; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the litigation, their right to object to the Settlement, and their right to appear at the Fairness Hearing; (c) were reasonable and constituted due, adequate and sufficient notice to all persons entitled to notice; and (d) met all applicable requirements of Rule 23 of the Federal Rules of Civil Procedure, and any other applicable law.

3. The Settlement Agreement in this action warrants final approval pursuant to Rule 23(e) of the Federal Rules of Civil Procedure because it is fair, adequate, and reasonable to those it affects, and resulted from vigorously contested litigation, including over three years of discovery, motion practice and additional merits discovery, and extensive good-faith arm's length negotiations between the parties, and is in the public interest considering the following factors:

(a) the strength of the plaintiffs' case;

(b) the risk, expense, complexity and likely duration of further litigation;

(c) the risk of maintaining class action status throughout the trial;

(d) the amount offered in settlement;

(e) the extent of discovery completed, and the stage of the proceedings;

(f) the experience and views of counsel;

(g) the presence of a governmental participant; and

(h) the reaction of the class members to the proposed settlement.

*Torrisi v. Tucson Elec. Power Co.,* 8 F.3d 1370, 1375 (9th Cir. 1993). Settlements that follow sufficient discovery and genuine arms-length negotiation are presumed fair. *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1026 (9th Cir. 1998).

4. The Final Approval Motion is hereby GRANTED, and the Settlement Agreement is hereby APPROVED as fair, reasonable, adequate, and in the public interest, and the terms of the Settlement Agreement are hereby determined to be fair, reasonable and adequate, for the exclusive benefit of the Class Members. The Parties are directed to consummate the Settlement Agreement in accordance with its terms.

5. The Court APPROVES payment of the Class Settlement Amount in accordance

with the terms of the Settlement Agreement.

9. The allocation plan is hereby APPROVED as fair, adequate, and reasonable. The Class Settlement Amount – and any Class Representative Incentive Awards and Attorneys' Fees and Costs Amount separately approved by the Court – shall be distributed in accordance with the terms of the Settlement Agreement and any further orders of this Court.[1]

10. The Litigation is DISMISSED WITH PREJUDICE and without costs to any Party, other than as specified in the Settlement Agreement and any further order of this Court.

11. In consideration of the Class Settlement Amount, and for other good and valuable consideration, each of the Releasing Class Members shall, by operation of this Judgment, have fully, finally, and forever released, relinquished, and discharged all Class Member Released Claims against Wal-Mart in accordance with Section 9 of the Settlement Agreement, shall have covenanted not to sue Wal-Mart with respect to all such Class Member Released Claims, and shall be permanently barred and enjoined from instituting, commencing, prosecuting or asserting any such Class Member Released Claim against Wal-Mart.

12. This Judgment is the Final Judgment in the suit as to all Class Member Released Claims.

13. At the November 9, 2010 Fairness Hearing, the parties consented to the jurisdiction of the Chief Magistrate Judge or her designee for any further proceedings. Accordingly, without affecting the finality of this Judgment in any way, the Chief Magistrate Judge or her designee retains jurisdiction over (a) implementation of the Settlement and the terms of the Settlement Agreement; (b) distribution of the Class Settlement Amount, and any Class Representative Incentive Awards, and any Attorneys' Fees and Costs Amount; and (c) all other proceedings related to the implementation, interpretation, administration, consummation, and enforcement of the terms of the Settlement Agreement and/or the Settlement, and the

---

[1] Plaintiffs' Motion for Award of Incentive Payments to Plaintiffs and for Award of Attorneys' Fees has been taken under submission, and the Court will issue a separate order regarding that motion. Moreover, Plaintiffs' Motion for an Award of Costs has been referred to the Chief Magistrate Judge or her designee for further proceedings and a report and recommendation.

1  administration of Claims by Settlement Class Members. The time to appeal from this Judgment
2  shall commence upon its entry.

3  14. In the event that the Settlement Effective Date does not occur, this Judgment shall
4  be rendered null and void and shall be vacated, *nunc pro tunc*, except insofar as expressly
5  provided to the contrary in the Settlement Agreement, and without prejudice to the status quo ante
6  rights of Plaintiffs, Settlement Class Members, and Wal-Mart.

7  15. This Court finds that there is no just reason for delay and expressly directs
8  Judgment and immediate entry by the Clerk of the Court.

9  **IT IS SO ORDERED**.

10  Dated this 9th day of November, 2010.

12  BY THE COURT:

14  *[signature: Saundra B Armstrong]*

15  The Honorable Saundra Brown Armstrong