Case 4:06-cv-02069-SBA   Document 453   Filed 01/18/11   Page 1 of 4

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE WAL-MART STORES, INC. WAGE AND HOUR LITIGATION <br><br> This Document relates to: <br><br> Case Nos. <br> C06-2069 SBA (Smith and <br> C06-5411 SBA (Ballard) | No. C06-2069 SBA (BZ) <br><br> **REPORT AND RECOMMENDATION REGARDING PLAINTIFFS' MOTION FOR COSTS** |

On November 29, 2010, the Honorable Saundra B. Armstrong's referral for a report and recommendation on plaintiffs' counsel's motion for costs was assigned to me. Docket No. 442. Pursuant to my December 1 order, plaintiffs' counsel then filed a letter and supporting documents outlining the costs they incurred in litigating this case. Defendant does not object to the costs plaintiffs' counsel are seeking. Docket No. 446. After reviewing counsel's letter and documents, I ordered them to produce supplemental information. Docket No. 450. On January 6, 2011, counsel filed the supplemental information requested. Docket No. 452. Having reviewed counsel's documents, I find their costs to be

reasonable for the reasons explained below, and I recommend counsel be awarded $526,372.59 in costs.

In their supplemental filing, plaintiffs' counsel point out that their initial request for $572,854.78 in costs was incorrect. In several contrite declarations, counsel explain that because of accounting and transcription errors, the amount of the initial costs requested was not accurate and should instead be $530,713.59.[1] While I am concerned about the many simple errors made by counsel, inasmuch as this case involves multiple attorneys from three law firms and required a complicated accounting, to determine costs, I find that counsel's errors wee inadvertent.[2] However, I do reduce counsel's request for costs by $4341.00. In counsel's initial request, they sought $26,090.37 for mediation expenses. Now, they request $30,431.37 for these same expenses, without providing an adequate explanation for this $4341.00 increase. Having provided counsel with two opportunities to explain their costs in detail, I recommend reducing their request by

---

[1] At one point in the supplemental declaration filed by counsel, they explain that the total costs sought are $540,047.65 rather than $530,713.59. Docket No. 452 at 3. This appears to be another incorrect calculation. Regardless, I ignore this error and make my recommendation based on the lower amount of costs requested by counsel.

[2] The Law Offices of Peter M. Hart take responsibility for the reduction in costs that are necessary. Mr. Hart explains that he inadvertently included $21,523.33 in expert fees twice in his cost calculations. He also withdrew about $10,334.16 in expert fees due to a clerical mistake. Lastly, Mr. Hart withdrew his costs for meal expenses and local travel to be consistent with the other plaintiffs' counsel. In total, Mr. Hart's changes have reduced counsel's request for costs by $42,041.26.

1  $4341.00.[3]  Rising above counsel's excusable mistakes, I have
2  reviewed in detail the expenses incurred by counsel,
3  particularly those that were substantial.  I am satisfied the
4  costs are reasonable for this matter, and I therefore
5  recommend an award in the amount of $526,372.59.

6  The majority of the costs claimed were fees charged by
7  Dr. Martin Shapiro, plaintiffs' expert.  Dr. Shapiro's lengthy
8  declaration sets forth the complex analysis he had to conduct
9  to help the plaintiffs determine how much they were owed by
10 defendant.  I am satisfied that this work was beneficial to
11 the plaintiffs.  I am also satisfied that the hours Dr.
12 Shapiro expended on this matter were necessary to complete his
13 work, and that his extensive background and experience in
14 these types of cases justifies his hourly rate of $275.00.
15 Accordingly, I find that Dr. Shapiro's fees of $338,501.45
16 were reasonable and I recommend awarding this amount to
17 counsel.

18 Another large expense incurred by plaintiffs' counsel was
19 for travel and lodging.  Plaintiffs and their counsel were
20 required to travel to numerous depositions and several
21 mediations.  Counsel initially submitted billing statements
22 verifying the amounts they billed for travel and lodging.  I
23 ordered counsel to supplement these billing statements with

---

[3]  Louis M. Marlin, Esq., explains in his declaration that after reviewing the costs in preparation for the supplemental filing, he discovered that some costs were initially accounted for in improper categories.  While it may be possible that this is the reason counsel's mediation costs changed, rather than speculating I recommend awarding the lower amount.

1  more specific information regarding the details of several
2  months of travel and lodging expenses, which counsel timely
3  provided.  This supplemental information shows that counsel's
4  choices in arranging their travel and lodging were appropriate
5  under the circumstances.  I am particularly satisfied that
6  counsel is not seeking reimbursement for any meal expenses or
7  local travel.  Accordingly, I find that counsel's travel and
8  lodging expenses of $61,596.54 were reasonable.

9      I also find that the additional expenses incurred by
10 counsel were reasonable.  The other main costs were $38,591.71
11 for depositions,[4] $26,090.37 for mediation expenses, and
12 $28,963.78 for document conversion.  All of these expenses are
13 accounted for by the documents filed by counsel and I find
14 them acceptable.  I am also satisfied regarding the amount of
15 the remaining costs.

16     Based on the above findings, I recommend that plaintiffs
17 be awarded $526,372.59.  These costs were reasonably incurred
18 by counsel and were appropriate for this type of case.

19 Dated: January 18, 2011

20                             Bernard Zimmerman
21                        United States Magistrate Judge

---

[4] Counsel participated in 27 depositions in this matter.